UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICE LITIGATION | ) ) ) | 16 C 5802 MDL 2705 |
| *This Document Relates to All Cases* | ) | Judge Gary Feinerman |

### MDL CASE MANAGEMENT ORDER NO. 1

On June 2, 2016, the Judicial Panel on Multidistrict Litigation ("JPML") transferred to this court under MDL No. 2705 the civil actions listed in Attachments A-C to that order. Doc. 1. The JPML later transferred additional cases to this court, Docs. 6, 8, and other cases may be transferred as well. Moreover, cases filed in this District but initially assigned to other judges have been reassigned to District Judge Feinerman under MDL No. 2705. This order is intended to facilitate the management of those cases.

**1. Applicability of This Order.** This order shall govern the practice and procedure in the cases that have been or will be transferred by the JPML to this court as part of MDL No. 2705. This order also applies to all cases filed in this District that have been or will be reassigned to District Judge Feinerman as part of MDL No. 2705. Counsel are expected to familiarize themselves with the Manual for Complex Litigation, Fourth Edition ("MCL Fourth"), this District's local rules, and District Judge Feinerman's individual rules and practices, and shall be prepared to propose procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

**2. Consolidation of Actions.** All actions transferred to this court or reassigned to District Judge Feinerman as part of MDL No. 2705 are consolidated for pretrial purposes. Any actions later transferred to this court or reassigned to District Judge Feinerman as part of MDL

1

No. 2705 will automatically be consolidated as well. This does not constitute a determination that the actions will remain consolidated for trial, and it does not have the effect of making anyone or any entity a party to any action in which he, she, or it has not been named as a party.

**3. Filing.** The Clerk is maintaining a master case file under the above-captioned heading. All filings with the Clerk shall be made under that caption and case number. When a party intends a filing to apply to all of the consolidated actions, that party should state "*This Document Relates to All Cases*" in or just after the case caption. When a party intends a filing to apply only to one or some of the consolidated actions, the party should file it both under Case 16 C 5802 and under the individual case number assigned to the particular case(s), and should state "*This Document Relates to [fill in case number(s)]*" in or just after the case caption.

**4. Service List.** This order is served upon the counsel whose appearances are currently listed on the docket of Case 16 C 5802. The court respectfully requests that counsel receiving this order forward a copy to any attorneys who are not listed on the docket but who have filed appearances in cases that have been or might be transferred to this court or reassigned to District Judge Feinerman as part of MDL No. 2705.

**5. Extension and Stay.**

    **a. Responses to Complaints.** Any defendant that has not yet answered or otherwise pleaded to a complaint is granted an extension of time for answering or otherwise pleading until a date to be set by the court.

    **b. Discovery.** Pending the initial status hearing and until further order of the court, all outstanding discovery is stayed, and no further discovery may be initiated. Relief from this stay may be granted for good cause shown.

      **c. Pending Motions.** All pending motions that predate transfer or reassignment of any action are hereby terminated and must be re-filed in this court and noticed for presentment on dates to be set following the initial status hearing.

    **6. Initial Status Hearing.** An initial status hearing is set for July 20, 2016 at 10:30 a.m. in District Judge Feinerman's courtroom at 219 South Dearborn Street, Chicago, Illinois. An in-person appearance will be required to participate; exceptions may be requested via motion. For future hearings, counsel are welcome to appear via telephone conference.

      **a. Attendance.** At least one attorney for each defendant should attend the initial status hearing. To minimize unnecessary expense, the court is not requiring attorneys for each plaintiff to attend. Plaintiffs with similar interests should attempt to agree, to the extent practicable, on an attorney who will act on their joint behalf at the hearing. Attendance at the hearing will not waive objections to jurisdiction, venue, or service.

      **b. Other Participants.** Persons and entities who are not named as parties but who may later be joined as parties, or who are parties in related litigation pending in other federal and state courts, are invited to attend the initial status hearing.

    **7. Purposes of Initial Status Hearing.** The initial status hearing will be held for the purposes specified in Federal Rules of Civil Procedure 16(a), 16(b), 16(c), and 26(f), and will be subject to Rule 16(f). The subjects to be addressed at the initial conference include:

- entry of orders directing preservation of evidence and a protocol for discovery of ESI;
- deadlines for answering or otherwise pleading to the complaints;
- whether certain subsets of cases should be coordinated in any way;
- a discovery schedule;
- a class certification schedule; and

3

- the possibility of appointing plaintiffs' lead counsel, a plaintiffs' steering committee, and plaintiffs' and defendants' liaison counsel.

Any party who/that wishes to address a topic not on this list must file, by no later than July 13, 2016, a "Request for Inclusion on July 20 Agenda" that describes the topic in reasonable detail. In addition, any party who/that would like to set forth views on the above-reference topics or any additional topics may do so via a filing on the docket no later than July 13, 2016.

**8. Preservation of Evidence.** Pending entry of an order regarding preservation of evidence, all parties shall take reasonable steps to preserve all documents, data, ESI, and tangible things containing information potentially relevant to this litigation. All counsel are directed to make reasonable efforts to identify and notify parties and nonparties (including employees of corporate or institutional parties) of this directive.

**9. Federal Rule of Civil Procedure 7.1.** All parties subject to Federal Rule of Civil Procedure 7.1 are directed (insofar as they have not done so already) to make the required disclosures by July 13, 2016.

**10. Orders Entered by Transferor Courts.** All orders entered by transferor courts imposing deadlines for pleadings or discovery are vacated.

**11. Lead Counsel, Liaison Counsel, and Plaintiffs' Steering Committee.** Whether or not they file their positions on the docket by July 13, 2016, the parties should be prepared to discuss whether the court should appoint plaintiffs' lead counsel, a plaintiffs' steering committee, and/or plaintiffs' and defendants' liaison counsel. If appointed, such counsel will have the responsibilities described in MCL Fourth § 40.22, subject to modification by the court. Prior to the initial status hearing, counsel on each side are directed to confer and attempt to seek consensus on whether such counsel should be appointed and, if so, the selection of candidates for these positions.

5

**12. Compensation and Time/Expense Records.** Any counsel who anticipates seeking an attorney fee award or expense reimbursement shall comply with MCL Fourth § 14.213 regarding the maintenance and filing of contemporaneous records reflecting the services performed and the expenses incurred.

June 27, 2016

United States District Judge