UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICE LITIGATION | ) No. 16-cv-5802 ) MDL 2705 ) |
| *This Document Relates to All Cases* | ) Hon. Gary Feinerman |

### THE MOSCHETTA GROUP'S SUMMARY OF ITS VIEWS ON THE SUBJECTS TO BE ADDRESSED AT THE INITIAL CONFERENCE AND APPLICATION FOR LEADERSHIP POSITIONS

Pursuant to the Court's June 27, 2016 MDL Case Management Order No. 1 (Dkt. 9), Plaintiff Marc Moschetta and 24 other plaintiffs from 16 states,[1] and their undersigned counsel (collectively, the "Moschetta Group"), respectfully submit this summary of its views on the subjects to be addressed at the initial conference, along with its Application for Leadership Positions and appointment of Liaison Counsel:

**I.     TOPICS TO BE ADDRESSED AT THE INITIAL CONFERENCE**

This MDL action involves Defendants' manufacturing, marketing, promotion and sale of products sold as 100% grated parmesan cheese (the "Products"). Contrary to the Products' labeling, independent laboratory testing has revealed that the Products are not, in fact, "100%" parmesan cheese.

There are presently four Defendants or Defendant "groups," each of which manufactures and sells a product represented to be 100% grated parmesan cheese:

    i.  Kraft Heinz Food Company ("Kraft"), manufacturer and seller of Kraft 100% Grated

---

[1] Efrain Ruiz, Jenelle Craggette, Veronica Sutton, Jason Martin, Joseph Landara, Carl Nitz, Sheila Garland, Jeffrey Dowdy, Camilla DeMario, Nena Simon, Larry Tucker, Renita Myers, Phyliss Lynn, Nevina Saitta, Robert DeMario, Britney Cooper, Russell Levy, Michael Campana, Sheldon Spector, Cheryl Mattley, Charlene Agles, Ronald Saitta, Fiona Lynch and Derrick Sims.

Parmesan Cheese.[2]

ii. Target Corporation ("Target") and ICCO-Cheese Company, Inc. ("ICCO"). Target sells its own brand of grated parmesan cheese, called Market Pantry Parmesan 100% Grated Cheese, to consumers at its retail stores. ICCO manufactures the Market Pantry product and is the exclusive manufacturer of this product for Target.

iii. Wal-Mart Stores, Inc. ("Walmart") and ICCO. Walmart sells its own brand of parmesan cheese, called Great Value 100% Grated Parmesan Cheese. ICCO manufactures the Great Value product and is the exclusive manufacturer of this product for Walmart.

iv. Albertsons LLC ("Albertsons") and Supervalu, Inc. ("Supervalu"). Supervalu and Albertsons sell a product called Essential Everyday 100% Grated Parmesan Cheese at the retail supermarkets that they own and/or operate. Independent investigation conducted by the Moschetta Group has revealed that the manufacturer of the Essential Everyday 100% Grated Parmesan Cheese sold to consumers by Supervalu and Albertsons was Colonna Brothers, Inc. ("Colonna"), a New Jersey-based processor and supplier of cheese and related specialty food products to retailers nationwide.

In the Court's Case Management Order, the Court identified six subjects to be addressed at the initial conference. A summary of the Moschetta Group's views on these subjects is set forth below.

### A. Entry Of Orders Directing Preservation Of Evidence And A Protocol for Discovery Of ESI

It is the responsibility of co-lead counsel, after appointment, to negotiate with Defendants as to the applicable terms of an appropriate ESI protocol, Preservation Order and Protective Order. The Moschetta Group recognizes that this Court has a model standing order for ESI protocol and a model Confidentiality Order. These model orders, with which counsel is well-familiar, should serve as the starting point for discussions, as counsel are committed to working cooperatively with Defendants to obtain the discovery needed to effectively prosecute the case while recognizing Defendants' interests in preserving the confidentiality of sensitive information.

---

[2] Kraft sells its product to distributors and/or retailers, but does not sell directly to consumers.

### B. Deadlines For Answering The Complaints And Whether Certain Subsets Of Cases Should Be Coordinated

There should be a separate complaint for each defendant group, because of stark differences among the Products, including differences as to the amount, percentage, and nature of non-parmesan filler material. Further, not all of the seller Defendants[3] occupy the same position in the distribution chain for their respective products, nor do they all sell directly to consumers. Kraft manufactures and sells its products through independent retailers (including Defendants Target, Walmart, Albertsons and Supervalu), whereas the other seller Defendants are retailers who sell directly to the public. And, while Kraft manufactures its own product, the other seller Defendants source their products from independent manufacturers, including ICCO and Colonna Brothers. There is also the potential for some Defendants to want to avoid giving their competitors/co-Defendants access to potential trade secrets. Accordingly, there may be significant differences in the discovery sought or produced by the different Defendant groups. In addition, motion practice relative to class certification will be much more efficient with separate complaints that define separate classes of persons who purchased each relevant Product.

Responses to the Consolidated Complaints should be filed within 30 days after those Complaints are filed.

### C. Discovery Schedule

To maximize efficiency, a discovery schedule should be set after the Court determines who will be representing the Plaintiffs. The Manual for Complex Litigation provides that Plaintiffs' lead counsel shall be responsible for coordinating pretrial activities of plaintiffs, including determining and presenting the plaintiffs' position "on all matters arising during pretrial proceedings" and "coordinat[ing] the initiation and conduct of discovery on behalf of

---

[3] I.e., Kraft, Target, Walmart, Albertsons and Supervalu.

plaintiffs[.]" *Manual for Complex Litigation, Fourth*, § 40.22 (2004). These responsibilities should include discussing and negotiating a pretrial schedule (including a schedule for discovery and class certification) and presenting a proposed schedule to the Court for approval. The process of discussing, proposing and setting a pretrial schedule cannot, therefore, be efficiently completed prior to the appointment of Plaintiffs' lead counsel.

### D. Class Certification Schedule

For the same reasons discussed above with respect to setting a discovery schedule, a class certification schedule should not be discussed among the Parties and submitted to the Court for approval until after Plaintiffs' lead counsel is appointed by the Court.

### E. The Possibility Of Appointing Plaintiffs' Lead Counsel, A Plaintiffs' Steering Committee, And Plaintiffs' And Defendants' Liaison Counsel

As set forth below, Proposed co-lead counsel, The Sultzer Law Group, P.C. ("Sultzer Law") and Pomerantz LLP ("Pomerantz"), proposed liaison counsel, McGuire Law, P.C. ("McGuire Law"), and the other firms in the Moschetta Group are most qualified to lead the prosecution of this litigation on behalf of the Plaintiffs.

## II. THE PROPOSED LEADERSHIP STRUCTURE

The Moschetta Group proposes that Sultzer Law and Pomerantz be appointed interim co-lead counsel and that McGuire Law be appointed liaison counsel. This application is supported by five other firms. Attorneys for the Moschetta Group ("Moschetta Counsel") should lead this litigation for the following reasons:

- Moschetta Counsel have filed cases against all six defendants and represent 25 plaintiffs from 16 states;

- Moschetta Group have proposed a lean and efficient structure and have a plan for the litigation which will avoid duplication and delay;

- Moschetta Counsel have already conducted rigorous laboratory tests on two of the products, have investigated to determine the identity of the product suppliers, have filed the only case to name ICCO as the manufacturer of certain products, and have identified Colonna Brothers as the supplier for Supervalu and Albertsons;

- Moschetta Counsel have extensive experience in food labeling litigation; and

- Both proposed co-lead firms have active cases before this Court, so the Court is familiar with the abilities of counsel.

A.  **The Moschetta Group Proposes An Efficient Leadership Structure and Litigation Plan**

The Moschetta Group proposes that the Court appoint two interim co-lead counsel and one interim liaison counsel ("Proposed Structure"). This structure strongly promotes efficiency and manageability.[4] Consumers will be represented by a streamlined organization that will efficiently manage this litigation. This small framework of two co-lead counsel can draw on the ability, experience, and resources of other firms without having to needlessly assign additional titles and navigate through an unwieldy structure in order to accomplish their litigation goals.

If appointed, Moschetta Counsel intend to prosecute this litigation by dividing the firms into groups to handle different initial tasks and initial subject areas, such as: (i) preparing and drafting the consolidated complaints for the various products and defendants, including reviewing applicable state consumer protection and warranty laws; (ii) responding to any dispositive motions directed at the consolidated pleadings; (iii) preparing initial written discovery requests; (iv) addressing discovery compliance (i.e., meeting-and-conferring with Defendants' counsel and conducting motion practice, if and when necessary, concerning Defendants' discovery responses); (iv) preparing and responding to discovery requests directed

---

[4] The Moschetta Group is aware of another group of Plaintiffs' counsel who plan to propose a leadership structure consisting of three co-lead counsel and an executive committee of eight firms, of which two will have responsibility for each Defendant. The Moschetta Group contacted representatives of this group in an attempt to reach agreement on a leadership structure, but unfortunately was unable to do so.

at the Plaintiffs; and (v) supervising and coordinating the review of documents produced by Defendants.[5]

Moschetta Counsel are also keenly aware of their obligation to oversee and manage the collective firms' time and reporting obligations. If appointed, Moschetta Counsel intend to issue strict guidelines as to what time and expenses will be compensated, and will mandate submission of monthly time and expense reports. Additionally, time and/or expenses going forward will only be compensated for work assigned at the direction of co-lead counsel, with no compensation for "reading and reviewing" multiple pleadings not necessary for particular projects or assignments. Additionally, caps will be placed on attorneys' hourly rates for document review.

### B. Moschetta Counsel Satisfy Rule 23(g)

Rule 23(g)(1)(A) directs a court to consider four factors when assessing proposed class counsel: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." *Id.*; *Matthews v. United Retail, Inc.*, 248 F.R.D. 210 (N.D. Ill. 2008). Each of these factors supports appointing the Moschetta Group's proposed Co-Lead Counsel.

#### 1. Proposed Co-Lead Counsel Have Done Substantial Work In Investigating And Identifying Potential Claims

Moschetta Counsel have filed actions against all six defendants, identified a seventh, and have already performed laboratory tests on some of the products.

---

[5] As the litigation progresses, additional tasks and subject areas will need to be assigned (e.g., depositions, experts, summary judgment, and trial preparation).

Sultzer Law (which filed the first Walmart complaint)[6] and Pomerantz, together with the other Moschetta Counsel, now represent 25 plaintiffs from 16 states, with filed claims against *all six* MDL 2705 Defendants, *including the only complaint that names ICCO as a defendant*. In addition, in order to perfect claims under the Massachusetts consumer protection act, Moschetta Counsel have served the required statutory demand letters under Mass. Gen. Laws, c. 93A, § 9 on all of the seller Defendants.

McGuire Law has also conducted extensive investigation concerning the independent manufacturers/suppliers of the private label grated parmesan cheese products for the retailer Defendants (Target, Walmart, and Supervalu/Albertsons). This investigation initially identified ICCO as the supplier for Target and Walmart, and ICCO was named as a Defendant in the *Lynch* complaint filed by McGuire Law. More recently, additional investigation has identified Colonna Brothers as a supplier of the Essential Everyday product sold by Supervalu and Albertsons. For the benefit of all Plaintiffs and putative class members, Colonna Brothers will be named as an additional defendant when the pleadings are amended.

Sultzer Law has worked with its experts (and multiple laboratories) to perform substantial, methodologically-sound testing on the Walmart Product. Sultzer Law's qualified, independent experts have employed several different generally-accepted methodologies (e.g. the neutral detergent fiber method) to test the composition – including total fiber, cellulose, and milk fat content – of the Walmart Product, and confirm that it is not as Walmart has represented. Sultzer Law has devoted significant resources to conducting these tests and ensuring that the testing was scientifically rigorous, and that the results of the testing satisfy FRE Rule 702's reliability requirements, and will thus withstand *Daubert* scrutiny.

---

[6] This first-filed *Walmart* complaint now includes claims brought under the consumer protection statutes of 15 states.

In addition, McGuire Law has conducted its own independent laboratory testing of the Target Product, revealing that the product's content was not as represented.

> 2. **Proposed Co-Lead Counsel Have Substantial Experience And Expertise In Handling Class Actions, Complex Litigation And The Types of Claims Asserted Here; And Proposed Co-Lead Counsel Have Knowledge Of The Applicable Law**

Courts applying Rule 23(g) have placed great emphasis on proposed class counsel's experience and knowledge of the applicable law. Proposed Co-Lead Counsel are qualified, experienced, and capable of prosecuting the litigation.

**Sultzer Law**

Sultzer Law is a prominent firm focusing on complex civil litigation, including food and beverage consumer class actions that involve on-label misrepresentations about ingredients. The firm is headquartered in New York, with offices in California, New Jersey, and Pennsylvania. Since its founding in 2013, the firm has acted as lead counsel in numerous high-profile consumer class action cases.[7] The firm is included in Martindale-Hubbell's Bar Register of Preeminent Lawyers for its class action practice, and all partners are AV rated by Martindale-Hubbell and have been selected as Super Lawyers. The firm's class action practice has been featured in numerous publications, including Reuters, CNBC, and NY Post. Moreover, founding partner Jason Sultzer served as the co-chairman of the Class Action Practice Group of one of the largest law firms in the country, and he has written and lectured extensively on class action practice.[8]

Sultzer Law has advocated for consumers' rights, successfully challenging some of the nation's largest and most powerful food and beverage corporations for a variety of improper, unfair, and deceptive business practices. In fact, Sultzer Law has recently represented plaintiffs

---

[7] *See* Sultzer Law Firm Resume, attached as Exhibit A to the Declaration of Jason Sultzer in Support of Appointing the Sultzer Law Group and Pomerantz LLP as Interim Co-Lead Counsel for Plaintiffs ("Sultzer Declaration"); Sultzer Declaration (attached as Exhibit 1 hereto), ¶¶ 4, 5.
[8] *Id.*

in two significant consumer protection cases that, as with the instant case, involve consumers who were induced to purchase products based upon false on-label representations about the product ingredients. *See Silva v. Smucker Natural Foods, Inc*., 2015 U.S. Dist. LEXIS 122186 (E.D.N.Y. 2015) (bringing state law claims for sales of a beverage falsely labeled as being "natural"); *Kaatz v. Hyland's Inc*., 2016 U.S. Dist. LEXIS 87348 (S.D.N.Y. July 5, 2016) (bringing claims on behalf of a national class involving sales of ingestible "pain relief" products that were falsely labeled as containing ingredients which are ineffective and synthetic).[9] In addition, Sultzer Law has acted as lead counsel in the following representative cases, many of which involve claims for false advertising of consumer products:

- *Cordoba, Kelly et al. v. Virgin Scent, Inc., et al.* (Westchester County Supreme Court 56355/2016)

- *Dayan, Eli et al. v. Swiss-American Products, Inc.*, 15-cv-06895 (E.D.N.Y.)

- *Douek, Vivian et al. v. McNabb LLC*, 16-cv-01763 (E.D.N.Y.)

- *Harabedian, Paul et al. v. Hammer Nutrition, LTD*, 14-cv-0459 (E.D.N.Y.)

- *Nicotra, Jennifer et al. v. Babo Botanicals, LLC*, 16-cv-00296 (E.D.N.Y.)

- *Sitt, Carolyn et al. v. Nature's Bounty, Inc., NBTY, Inc.*, 15-cv-4199 (E.D.N.Y.)

- *Sullivan, Noelky et al. v. Church & Dwight Inc*., 15-cv-04737 (E.D.N.Y.).[10]

**Pomerantz**

Pomerantz is a nationally recognized class action firm with extensive experience and expertise in consumer, antitrust, financial and other complex litigation.[11] Founded in 1936, Pomerantz has offices in Chicago, New York, Los Angeles and Weston, Florida. The Firm has

---

[9] *Id.*, ¶ 4, Exhibit A.
[10] *Id.*
[11] *See* Pomerantz Firm Resume, attached as Exibit A to Declaration of Jayne A. Goldstein in Support of Appointing the Sultzer Law Group and Pomerantz LLP as Interim Co-Lead Counsel for Plaintiffs ("Goldstein Declaration"). The Goldstein Declaration is attached hereto as Exhibit 2.

35 attorneys and multiple paraprofessional assistants.

Jayne Goldstein, who, if appointed, will lead the case on behalf of Pomerantz, has achieved the largest settlement ever against a food company, $35 million, in a false advertising case concerning probiotic yogurt products. *See Gemelas v. The Dannon Company* (N.D. Ohio). Ms. Goldstein, who leads Pomerantz's Antitrust and Consumer Group, has thirty years of legal experience, sixteen of which have been solely devoted to litigating complex class actions.[12] Ms. Goldstein has served as sole class counsel or co-lead class counsel in a wide variety of cases, including consumer, antitrust and securities class actions.[13] Ms. Goldstein is also a registered nurse and frequently utilizes her scientific background in researching and analyzing labeling/advertising claims while litigating food and other related consumer class actions.[14]

Ms. Goldstein has also served as class counsel or co-lead class counsel in many consumer class actions, including an active or lead role in the following cases, many of which involve claims for false advertising of consumer products:

- *Weiner v. Beiersdorf North America Inc. and Beiersdorf, Inc*. (D. Conn.) (co-lead) (false labeling/advertising of a cellulite reducing cream)

- *Messick v. Applica Consumer Products, Inc.* (S.D. Fla.) (co-lead) (defective coffee pot)

- *Leiner v. Johnson & Johnson Consumer Products, Inc*. (N.D. Ill.) (co-lead) (false labeling/advertising of baby wash and lotion)

- *Hildago v. Johnson & Johnson Consumer Products, Inc*. (S.D.N.Y.) (co-lead) (false labeling/advertising of baby wash and lotion)

- *In Re*: *Hyundai and Kia Fuel Economy Litigation* (S.D. Cal.) (false labeling/advertising of expected gas mileage)

- *In Re: Skechers Toning Shoes Products Liability Litigation* (W.D. Ky.) (false

---
[12] *See* Goldstein Declaration, ¶ 6.
[13] *Id*., ¶ 8.
[14] *Id*., ¶ 9.

10

- *Fitzpatrick v. General Mills, Inc., et. al.* (S.D. Fla.) (false labeling/advertising of probiotic yogurt)

- *Rosales, et. al. v. FitFlop USA, LLC*. (S.D. Cal.) (false labeling/advertising of purported "toning" shoes)

- *Trewin, et. al. v. Church & Dwight, Inc.* (D.N.J.) (false labeling/advertising of "all natural" deodorant)

- *Slaughter v. Unilever United States, Inc.* (D.N.J.) (false labeling/advertising of drink purported to reduce blood pressure).

Pomerantz has served as lead or co-lead counsel in numerous antitrust and other complex class actions in federal courts throughout the country. In 2015, Pomerantz was appointed sole lead counsel in the high-profile class action against Petróleo Brasileiro S.A.- Petrobras, Brazil's state-run oil giant, concerning revelations of rampant corruption. *See In re Petrobras Sec. Litig.*, 14-cv-09662-JSR (S.D.N.Y.) In certifying the Classes in that case, Judge Rakoff found that "[t[here is no real dispute that Pomerantz is an established firm with considerable class action experience, and the Court has now had multiple opportunities to observe Pomerantz's performance. The Court finds that the Pomerantz firm has both the skill and resources to represent the Classes adequately."[15]

**Supporting Firms**

Sultzer Law and Pomerantz have the support and cooperation of five additional firms which have filed cases and represent plaintiffs in MDL 2705. These other firms support the appointment of Sultzer Law and Pomerantz as co-lead counsel, but also bring their own considerable experience and expertise, and will play a substantial role in this litigation:

- McGuire Law, P.C., proposed Liaison Counsel: The firm's attorneys have prosecuted hundreds of class action lawsuits in state and federal trial and appellate

---

[15] *In re Petrobras Sec. Litig.*, 312 F.R.D. 354, 362 (S.D.N.Y. 2016).

courts nationwide, including in the U.S. Supreme Court where the firm recently secured victory as lead counsel in a class action deemed by legal observers to have been the "most consequential" to reach the high court and whose importance to class action jurisprudence nationwide could not be overstated.[16]

- Pastor Law Office LLP: David Pastor, principal of Pastor Law Office, has 35+ years of litigation experience, including more than 25 years of experience in consumer class actions and other types of class actions and has been appointed as class counsel in numerous class actions in state and federal courts around the country.[17]

- Faruqi & Faruqi LLP: Faruqi & Faruqi is a national class action firm with 27 attorneys in four offices. Faruqi has served as lead or co-lead in numerous consumer class actions, including cases involving false labeling of food products.[18]

- Glancy, Prongay & Murray LLP: The firm is responsible for numerous favorable published decisions against some of the largest corporations in the country. GPM has served as lead counsel or in executive committee positions for some of the largest class actions in the country over the last three decades, including a multitude of consumer class actions.[19]

- Finkelstein Thompson LLP: Finkelstein Thompson is a nationally-recognized class action firm with substantial experience in antitrust, consumer fraud and securities violations.[20]

If appointed, Moschetta Counsel intend to utilize the resources of the many talented law firms involved in this MDL in a manner that establishes defined responsibilities, maximizes efficiencies, encourages communication and cooperation, and avoids duplication of efforts.

---

[16] See *Campbell-Ewald Co. v. Gomez et al*, 136 S. Ct. 663 (2016); Fred T. Isquith, *3 Class Actions Before The Supreme Court,* Law360 (July 31, 2015), www.law360.com/articles/682460/3-class-actions-before-the-supreme-court; Julie G. Reiser et al, *Recovering Assets For The Institutional Investor*, Cohen Milstein media bulletin, (Nov. 4, 2015), www.cohenmilstein.com/media/pnc/0/media.1840.pdf; Declaration of Evan M. Meyers in Support of Appointing the Sultzer Law Group and Pomerantz LLP as Interim Co-Lead Counsel for Plaintiffs ("Meyers Declaration"), attached hereto as Exhibit 3.

[17] *See* Declaration of David Pastor in Support of Appointing the Sultzer Law Group and Pomerantz LLP as Interim Co-Lead Counsel for Plaintiffs, attached hereto as Exhibit 4.

[18] *See* Declaration of Adam Gonnelli in Support of Appointing the Sultzer Law Group and Pomerantz LLP as Interim Co-Lead Counsel for Plaintiffs, attached hereto as Exhibit 5.

[19] *See* Declaration of Marc Godino in Support of Appointing the Sultzer Law Group and Pomerantz LLP as Interim Co-Lead Counsel for Plaintiffs, attached hereto as Exhibit 6.

[20] *See* Declaration of Rosemary Rivas in Support of Appointing the Sultzer Law Group and Pomerantz LLP as Interim Co-Lead Counsel for Plaintiffs, attached hereto as Exhibit 7.

### C. Moschetta Counsel Will Commit The Resources Necessary To Represent The Plaintiffs And The Classes

Moschetta Counsel have already expended significant resources in investigating and identifying the claims asserted in this litigation, and they will continue to do so. These firms are well-equipped to expend the professional time and financial resources necessary to aggressively and effectively prosecute this litigation on behalf of Plaintiffs and the Class.

### D. Proposed Co-Lead Counsel Have Substantial Experience In This Court

In addition to the above-referenced mandatory factors set forth in Rule 23(g)(1)(A), the Court, in appointing interim class counsel, "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." One such matter relevant here is counsel's experience before this Court. The proposed co-lead counsel firms have substantial experience litigating cases in this District. For instance, the attorneys at Sultzer Law have been litigating the putative class action *Salam v Lifewatch, Inc.*, No. 13-cv-9305, in this District since 2013. They are also counsel of record before this court in *FTC v Lifewatch, Inc., et al*. No. 15-cv-05781. They have also been counsel of record in *Nationwide Mutual Fire Insurance Co. v. Leviton Manufacturing Co.*, No. 05-cv-05770, and *Safeco Ins Co of IL v. Schultz Appliance, et al.*, No. 03-cv-50396. As such, the Sultzer Law attorneys have substantial familiarity with the local rules and practices for litigating in this District.

At present, Pomerantz serves as co-lead counsel in *In re Akorn, Inc. Securities Litigation*, No. 15-cv-01944, currently pending before this Court. Pomerantz maintains a fully-staffed office in Chicago, and Ms. Goldstein is licensed to practice law in Illinois and before this Court. Pomerantz's Chicago-based attorneys are well-versed in state and federal Illinois practice, and have successfully litigated securities class actions to conclusion in this District.[21] Currently, Ms.

---

[21] *See e.g., In re: Groupon Inc. Securities Litigation*, No. 12-cv-02450 ($45 million settlement

13

Goldstein is litigating two consumer cases in this District.[22]

### E. Appointment of McGuire Law, P.C. as Liaison Counsel

In addition to the appointment of Interim Co-Lead Counsel, the Moschetta Group proposes McGuire Law as Plaintiffs' Liaison Counsel. Liaison Counsel will work to ensure the efficient prosecution of this action by centralizing communications between the Court and other counsel, working with the Court to schedule and coordinate any hearing dates and other meetings of counsel as necessary, communicating with all counsel involved regarding any case developments, and serving as a central point of contact between Co-Lead Counsel and all other counsel involved in the action. *See Manual for Complex Litigation, Fourth*, § 10.221.

McGuire Law has litigated scores of cases in the Northern District of Illinois, including multiple class actions currently pending here. McGuire Law's attorneys are intimately familiar with the procedures and requirements of litigating in this District (*See* Meyers Declaration, ¶ 5), and they have been appointed as class counsel in numerous class actions throughout the country, including in this Court.[23]

### F. CCAF's Proposal for a Lead Counsel Bidding Process Should be Rejected

The Competitive Enterprise Institute's ("CEI") Center for Class Action Fairness (CCAF) filed an amicus curiae brief requesting that this Court consider an auction bidding process for selecting proposed interim lead counsel. CCAF has no apparent interest in this litigation, but instead is merely representing its own pro-business political views.[24] *See Lonardo v. Travelers*

---

representing 34.6% of the maximum likely recovery); *Larson, et al v. Bk One Corp, et al.*, No. 00-cv-02100 ($28 million settlement); *Satterfield v. Lime Energy Co. et al.*, No. 12-cv-05704 ($2.5 million settlement prior to ruling on defendants' motion to dismiss).
[22] *Spector v. Mondelez International, Inc.,* No. 15-cv-04298, and *Leiner v. Johnson & Johnson Consumer Companies, Inc.*, No. 15-cv-05876.
[23] *See id.*, ¶ 3.
[24] CEI is linked to tobacco disinformation campaigns and climate change denial. Source Watch, *Competitive Enterprise Institute, available at:* www.sourcewatch.org/index.php/Competitive_Enterprise_

*Indem. Co.*, 706 F. Supp. 2d 766 (N.D. Ohio 2010) (criticizing CCAF as a serial objector "long on ideology and short on law").

Since the parties in this litigation are represented by competent counsel, and CCAF has no interest in this case, its opinions should be afforded little weight. Certainly, CCAF has no "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). Indeed, consistent with this Court's MDL Case Management Order No. 1, counsel seeking to serve as lead counsel will submit proposals to this Court addressing factors relevant to that determination (including the factors set forth in F.R. Civ. P. 23(g)). These proposals to represent the class will put the emphasis where it properly belongs—on the best interests of the class.

CCAF's speculation concerning the successful outcome of this case[25] and the likelihood "that counsel will negotiate amongst themselves a split of windfall fees"[26] ignores the uncertainty as to the amount of work necessary to reach a resolution of this case and the amount of any fee award, and is unsupported. Any fee request submitted in this case will be carefully reviewed to ensure that it is fair, reasonable, and reflects the work done and its value to the members of the Class.

In commenting on use of an auction process to select class counsel, as proposed by CCAF,[27] Judge Easterbrook noted that although "[l]awyers will earn a competitive return even at the lower level of compensation, the class may be worse off. Large and sophisticated purchasers

---

Institute#cite_note-1 (last visited July 15, 2016).

[25] CCAF Brief at 2, 6.

[26] CCAF Brief at 5.

[27] CCAF's outrageous proposals include requiring selected class counsel to *guarantee* a certain recovery before it will be entitled to fees. Notwithstanding the fact that such a proposal is ethically questionable and irresponsible, it does shed light on CCAF's true political agenda in appearing in this case.

of legal services, such as Exxon/Mobil and General Motors, do not acquire legal services at auction; even clients able to monitor lawyers closely may be worried about the effect of the auction process on quality." *In re Synthroid Mktg. Litig.*, 325 F.3d 974, 979 (7th Cir. 2003)) (citations omitted).[28]

Instead of imposing the type of sealed auction process[29] proposed by CCAF, where the focus is on fees (that may or may not be awarded) and which is likely to provide additional pressure for a quick settlement, the Court should decide the appointment of counsel by considering the appropriate factors under Rule 23(g).

### III. CONCLUSION

For the reasons set forth above, the Moschetta Group respectfully requests that this Honorable Court appoint Sultzer Law and Pomerantz as Co-Lead Counsel and McGuire Law as Liaison Counsel, and that these firms lead the prosecution of this litigation on behalf of the Plaintiffs in accordance with the proposals set forth above.

Dated: July 20, 2016

/s/ Eugene Y. Turin

Jason Sultzer
Joseph Lipari
THE SULTZER LAW GROUP, P.C.
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
T: (845) 483-7100
F: (888) 749-7747
sultzerj@thesultzerlawgroup.com

Myles McGuire
Evan M. Meyers
Eugene Y. Turin
MCGUIRE LAW, P.C.
55 West Wacker Drive, 9th Fl.
Chicago, Illinois 60601
T: (312) 893-7002
F: (312) 275-7895
mmcguire@mcgpc.com

---

[28] *See also* Jill E. Fisch, *Lawyers on the Auction Block: Evaluating the Selection of Class Counsel by Auction*, 102 Colum. L. Rev. 650 (2002) ("Auctions are poor tools for selecting firms based on multiple criteria, compromise the judicial role, and are unlikely to produce reasonable fee awards.").

[29] CCAF's proposal that the counsel selected should "place an amount in escrow that would be forfeited if the firm fails to fulfill its obligations to the class" is an absurd financial burden, considering that the firm selected will be litigating the case on a contingency fee basis.

of legal services, such as Exxon/Mobil and General Motors, do not acquire legal services at auction; even clients able to monitor lawyers closely may be worried about the effect of the auction process on quality." *In re Synthroid Mktg. Litig.*, 325 F.3d 974, 979 (7th Cir. 2003)) (citations omitted).[28]

Instead of imposing the type of sealed auction process[29] proposed by CCAF, where the focus is on fees (that may or may not be awarded) and which is likely to provide additional pressure for a quick settlement, the Court should decide the appointment of counsel by considering the appropriate factors under Rule 23(g).

### III. CONCLUSION

For the reasons set forth above, the Moschetta Group respectfully requests that this Honorable Court appoint Sultzer Law and Pomerantz as Co-Lead Counsel and McGuire Law as Liaison Counsel, and that these firms lead the prosecution of this litigation on behalf of the Plaintiffs in accordance with the proposals set forth above.

Dated: July 20, 2016

/s/ Eugene Y. Turin

Jason Sultzer
Joseph Lipari
THE SULTZER LAW GROUP, P.C.
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
T: (845) 483-7100
F: (888) 749-7747
sultzerj@thesultzerlawgroup.com

Myles McGuire
Evan M. Meyers
Eugene Y. Turin
MCGUIRE LAW, P.C.
55 West Wacker Drive, 9th Fl.
Chicago, Illinois 60601
T: (312) 893-7002
F: (312) 275-7895
mmcguire@mcgpc.com

---

[28] *See also* Jill E. Fisch, *Lawyers on the Auction Block: Evaluating the Selection of Class Counsel by Auction*, 102 Colum. L. Rev. 650 (2002) ("Auctions are poor tools for selecting firms based on multiple criteria, compromise the judicial role, and are unlikely to produce reasonable fee awards.").

[29] CCAF's proposal that the counsel selected should "place an amount in escrow that would be forfeited if the firm fails to fulfill its obligations to the class" is an absurd financial burden, considering that the firm selected will be litigating the case on a contingency fee basis.

liparij@thesultzerlawgroup.com

Patrick V. Dahlstrom
Jayne A. Goldstein
POMERANTZ LLP
10 South LaSalle St., Suite 3505
Chicago, Illinois 60603
T: (312) 377-1181
F: (312) 377-1184
pdahlstrom@pomlaw.com
jagoldstein@pomlaw.com

Jayne A. Goldstein
POMERANTZ LLP
1792 Bell Tower Lane, S. 203
Weston, Florida 33326
T: (954) 315-3454
jagoldstein@pomlaw.com

Marc L. Godino
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
T: (310) 201-9150
F: (310) 201-9160
mgodino@glancylaw.com

Preston W. Leonard
LEONARD LAW OFFICE, P.C.
63 Atlantic Avenue, 3d Floor
Boston, Massachusetts 02110
T: (617) 329-1295
pleonard@theleonardlawoffice.com

emeyers@mcgpc.com
eturin@mcgpc.com

David Pastor
PASTOR LAW OFFICE, LLP
63 Atlantic Avenue, 3d Floor
Boston, Massachusetts 02110
T: (617) 742-9700
F: (617) 742-9701
dpastor@pastorlawoffice.com

Adam R. Gonnelli
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, New York 10017
T: (212) 983-9330
F: (212) 983-9331
agonnelli@faruqilaw.com

Rosemary M. Rivas
FINKELSTEIN THOMPSON LLP
1 California Street, Suite 900
San Francisco, California 94111
T: (415) 398-8700
F: (415) 398-8701
rrivas@finkelsteinthompson.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 20, 2016, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record:


/s/  Eugene Y. Turin