**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION | 16 CV 5802 |
| | MDL 2705 |
| | Judge Gary S. Feinerman |
| *This Document Relates to All Cases* | |

**MAJORITY PLAINTIFFS' MOTION FOR APPOINTMENT**
**OF INTERIM CO-LEAD COUNSEL AND PLAINTIFFS' EXECUTIVE COMMITTEE**

## INTRODUCTION

Plaintiffs in 30[1] of the 46 cases before the Court (collectively, "Majority Plaintiffs") respectfully request appointment of Ben Barnow of Barnow and Associates, P.C., Timothy G. Blood of Blood Hurst & O'Reardon LLP, and Lori G. Feldman of Levi & Korsinsky LLP, as Plaintiffs' Interim Co-Lead Counsel ("Proposed Co-Lead Counsel") and appointment of the Executive Committee outlined below.

Proposed Co-Lead Counsel are nationally recognized for their ability to lead and successfully resolve complex consumer class action cases. From their respective offices in Chicago, San Diego, and New York, they have achieved extraordinary results in numerous class actions involving deceptive trade practice allegations similar to those here, including cases where food labeling was at issue. They have also achieved successful recoveries in class actions adjudicated in this district and MDL matters, and are well-versed in Seventh Circuit, local, and

---

[1] The proposed leadership structure is supported by the following cases pending before the Court: *Averhart v. Kraft Heinz Foods Co.*, No. 16-cv-2626 (N.D. Ill.); *Brahler v. Kraft Heinz Foods Co.*, No. 16-cv-6161 (N.D. Ill.); *Brown v. Wal-Mart Stores, Inc.*, No. 16-cv-5806 (N.D. Ill.); *Bundy v. Target Corp.*, No. 16-cv-6179 (N.D. Ill.); *Bustamente v. Wal-Mart Stores, Inc.*, No. 16-cv-5804 (N.D. Ill.); *Davies v. Wal-Mart Stores, Inc.*, No. 16-cv-6175 (N.D. Ill.); *Ducorsky v. Wal-Mart Stores, Inc.,* No. 16-cv-5820 (N.D. Ill.); *Ellison v. Kraft Heinz Foods Co.*, No. 16-cv-6178 (N.D. Ill.); *Evans v. Kraft Heinz Foods Co.*, No. 16-cv-5813 (N.D. Ill.); *Ford v. Kraft Heinz Foods Co.*, No. 16-cv-6182 (N.D. Ill.); *Franklin v. Wal-Mart Stores, Inc.*, No. 16-cv-6164 (N.D. Ill.); *Greene v. Kraft Heinz Foods Co.*, No. 16-cv-5807 (N.D. Ill.); *Hara v. Target Corp.*, No. 16-cv-6171 (N.D. Ill.); *Harwell v. Wal-Mart Stores, Inc.*, No. 16-cv-5814 (N.D. Ill.); *Hechmer v. Kraft Heinz Foods Co.*, No. 16-cv-2687 (N.D. Ill.); *Jackson v. Wal-Mart Stores, Inc.*, No. 16-cv-5811 (N.D. Ill.); *Jones v. Wal-Mart Stores, Inc.*, No. 16-cv-6177 (N.D. Ill.); *Lee v. Kraft Heinz Foods Co.*, No. 16-cv-6176 (N.D. Ill.); *Lewin v. Kraft Heinz Foods Co.*, No. 16-cv-5805 (N.D. Ill.); *Lewis v. Kraft Heinz Foods Co.*, No. 16-cv-6160 (N.D. Ill.); *Manfredi v. Wal-Mart Stores, Inc.*, No. 16-cv-6183 (N.D. Ill.); *Matecki v. Kraft Heinz Foods Co.*, No. 16-cv-5810 (N.D. Ill.); *Moreno v. Kraft Heinz Foods Co.*, No. 16-cv-5812 (N.D. Ill.); *Nash v. Kraft Heinz Foods Co.*, No. 16-cv-5265 (N.D. Ill.); *Quinn v. Kraft Heinz Foods Co.*, No. 16-cv-5818 (N.D. Ill.); *Reeves v. Wal-Mart Stores, Inc.*, No. 16-cv-6668 (N.D. Ill.); *Schulze v. Wal-Mart Stores, Inc.*, No. 16-cv-5808 (N.D. Ill.); *Weiss v. Wal-Mart Stores, Inc.*, No. 16-cv-6159 (N.D. Ill.); *Yankee v. Kraft Heinz Foods Co.*, No. 16-cv-2873 (N.D. Ill.); *Zachary v. Target Corp.*, No. 16-cv-6172 (N.D. Ill.). The proposed leadership structure is also supported by counsel in the following related cases pending in this district that have not yet been reassigned to the Court: (1) *Lang v. Albertsons Cos., Inc.*, No. 16-cv-4667 (N.D. Ill.), and (2) *Averhart v. SuperValu, Inc.*, No. 16-cv-3987 (N.D. Ill.).

MDL practice and procedure. Their achievements cannot be matched by any group of attorneys that could seek leadership in this MDL proceeding. The accomplishments and support of the members of their Proposed Executive Committee, which they pledge to dutifully lead, underscores the propriety of their requested appointment. Proposed Co-Lead Counsel have the resources necessary to ensure the vigorous prosecution of this litigation. Their past litigation successes against some of the world's largest corporations leave no doubt that they can and will meet all such obligations.

They have already invested substantial resources towards advancing the matter. Ms. Feldman and Mr. Blood successfully moved for transfer of this MDL to this district over the opposition of other counsel supporting transfer to Missouri, New York, Florida, Pennsylvania, Maryland, or Minnesota. Proposed Co-Lead Counsel led several discussions among plaintiffs' counsel with the goal of reaching a consensus on a leadership structure to efficiently and effectively lead the prosecution of this MDL. Those efforts were successful and resulted in Majority Plaintiffs' counsels' agreement to a leadership structure comprised of Proposed Co-Lead Counsel and an Executive Committee including the following attorneys assigned to the defendant tracks indicated:

1. SuperValu, Inc., and Albertson's LLC (together "SuperValu"). Robert A. Clifford, Clifford Law Offices, and Thomas A. Zimmerman, Jr., Zimmerman Law Offices

2. Target Corp. and ICCO-Cheese Company, Inc. ("Target").[2] John J. Driscoll, The Driscoll Firm, P.C., and Janine L. Pollack, Wolf Haldenstein Adler Freeman & Herz LLP

---

[2] ICCO-Cheese Company, Inc. ("ICCO"), manufacturers Target's and Wal-Mart's private label branded cheese products at issue. The Target track will focus on ICCO's manufacturing of certain private label

3. <u>Kraft Heinz Foods Company ("Kraft")</u>. L. Timothy Fisher, Bursor & Fisher, P.A., and Todd S. Garber, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

4. <u>Wal-Mart Stores, Inc. and ICCO-Cheese Company, Inc. ("Wal-Mart")</u>. Michael McShane, Audet & Partners, LLP, and Brant Penney, Reinhardt, Wendorf, & Blanchfield

5. <u>Other Defendants</u>. Cari Campen Laufenberg, Keller Rohrback L.L.P.

As evidenced by their short form resumes attached as Group Exhibit D, members of the Proposed Executive Committee have tremendous experience litigating complex matters, including complex class actions. Their experience and particularized focus on a defendant or limited defendant group under the unifying leadership of Proposed Co-Lead Counsel will contribute to the skillful and efficient prosecution of this matter. Most, if not all of them, have worked with one or more of Proposed Co-Lead Counsel on multiple matters in the past, adding to the assurance of a harmonious and efficient working team from the inception.[3]

For these reasons and as detailed further herein, Majority Plaintiffs respectfully request that the Court appoint Ben Barnow, Timothy Blood, and Lori Feldman, as Interim Co-Lead Counsel and appoint a Plaintiffs' Executive Committee of the following individuals: Robert A. Clifford (SuperValu); Thomas A. Zimmerman, Jr. (SuperValu); John J. Driscoll (Target); Janine L. Pollack (Target); L. Timothy Fisher (Kraft); Todd S. Garber (Kraft); Michael McShane (Wal-Mart); Brant Penney (Wal-Mart); and Cari Campen Laufenberg (other defendants).

---

cheese products sold at Target stores. The Wal-Mart track will focus on ICCO's manufacturing of certain private label cheese products sold at Wal-Mart stores.

[3] Because Mr. Barnow is based in Chicago, Illinois, and familiar with local practice and procedure in the Northern District of Illinois and the Seventh Circuit, appointment of separate liaison counsel is not requested, further adding to the efficiency of the proposed leadership structure.

**STATEMENT OF FACTS**

This MDL proceeding involves 46 cases that generally allege the labeling (and related advertising) of certain cheese products as 100% Grated Parmesan Cheese and 100% Parmesan and Romano Cheese was false, misleading, and deceptive. The cases name certain retailers and manufacturers as defendants. Collectively, they challenge the labeling on national and private label brand products, including Kraft's 100% Grated Parmesan Cheese, Kraft 100% Grated Parmesan & Romano Cheese, Target's Market Pantry 100% Grated Parmesan Cheese, Wal-Mart's Great Value 100% Grated Parmesan Cheese, SuperValu's Essential Everyday 100% Grated Parmesan Cheese, and SuperValu's Essential Everyday 100% Parmesan & Romano Cheese. Also named in some of the cases are manufacturers who supply the cheese product to the retailers, who sell them under their private label brands.

**ARGUMENT**

When appointing plaintiffs' interim lead counsel, courts generally consider: (1) counsel's experience in litigating class actions, other complex litigation, and the type of claims asserted in the action; (2) counsel's knowledge of applicable law; (3) the work counsel performed in investigating potential claims relating to the action; (4) counsel's ability to commit sufficient resources to represent the class; and (5) counsel's ability to work cooperatively with opposing counsel and the Court. *See In re Plasma Derivative Protein Therapies Antitrust Litig.*, No. 09 C 7666, 2010 WL 1433316, at *6 (N.D. Ill. Apr. 7, 2010); Fed. R. Civ. P. 23(g)(1)(A).

Proposed Co-Lead Counsels' experience leading and successfully resolving complex class actions, familiarity with applicable law, proven willingness and ability to commit the necessary resources to ensure the vigorous prosecution of this matter, and demonstrated ability to

work cooperatively with others, support that they are well-qualified, indeed, best qualified, to serve as Interim Co-Lead Counsel.

I.   **Proposed Co-Lead Counsel Are Highly Experienced in Leading and Successfully Resolving Complex Consumer Class Actions Involving Claims Similar to Those at Issue in this MDL**

A.   **Ben Barnow**

Ben Barnow is nationally recognized for his experience leading some of the nation's largest consumer class actions. *See* Ben Barnow Resume, attached as Exhibit A. He has practiced law in Chicago, Illinois, for over forty years. He has led the successful prosecution of numerous complex class actions involving deceptive trade practice claims similar to those at issue, including cases involving allegedly deceptive labeling of food products. He is also well-versed in local practice and procedure, having prosecuted and successfully resolved a number of class action matters within the district and other courts in the Seventh Circuit. His extensive experience, knowledge of applicable law, and proven ability to work cooperatively with other counsel show he is well-qualified to serve as one of Interim Co-Lead Counsel.

Mr. Barnow has great experience within the Northern District of Illinois and is well-versed in local practice and procedure. By way of example, in *Schulte v. Fifth Third Bank*, No. 1:09-cv-06655 (N.D. Ill.), presided over by the Honorable Robert M. Dow, Jr., involving a defendant's alleged unlawful re-sequencing of debit card transactions to maximize overdraft fees, Mr. Barnow negotiated a settlement that was granted final approval providing for the creation of a $9.5 million settlement fund and significant injunctive relief, which the plaintiffs' expert valued at approximately $58.8 million over five years and $108.3 million over ten years. Mr. Barnow is also one of Co-Lead Settlement Class Counsel in *Campos v. Calumet Transload R.R., LLC*, No. 1:13-cv-08376 (N.D. Ill.), where the Honorable Manish S. Shah recently granted

final approval of two settlements collectively providing for the payment of $1,455,000 for the benefit of Settlement Class members. Mr. Barnow also served as a Co-Lead Counsel in *Rowe v. Unicare Life and Health Insurance Co.*, No. 09-cv-02286 (N.D. Ill.), a data security breach case presided over by the Honorable William J. Hibbler, which settled making benefits valued at over $20 million available to Settlement Class members.

Mr. Barnow's experience extends to other courts within the Seventh Circuit. He currently serves as one of Co-Lead Counsel for third-party payor plaintiffs in *Fond Du Lac Bumper Exchange, Inc. v. Jui Li Enterprise Co., Ltd.*, No. 2:09-cv-00852 (E.D. Wis.), an antitrust case pending before the Honorable Lynn Adelman in the Eastern District of Wisconsin. In that matter, Mr. Barnow and his Co-Lead Counsel reached two settlements with three of the six defendants collectively providing for the payment of $9,200,000, which were granted final approval, and a third settlement with the fourth of six defendants which was recently granted preliminary approval. He also served as a Co-Lead Class Counsel in *Ori v. Fifth Third Bank*, No. 08-cv-00432 (E.D. Wis.), also presided over by Judge Adelman, relating to certain mortgage loans that were erroneously reported as late to consumer reporting agencies. Mr. Barnow and his Co-Lead Counsel reached a settlement making cash benefits of approximately $3,000,000 available to Settlement Class members which was granted final approval.

Mr. Barnow has decades of experience prosecuting complex class actions asserting deceptive trade practice claims. Almost 20 years ago, he reached a settlement in the *America Online Access Litigation*, then pending in the Circuit Court of Cook County, Illinois, and organized over 50 law firms without court intervention in support of that settlement. Since that time, he has successfully prosecuted a number of class actions, including those listed above, involving deceptive trade practice claims, and cases involving allegedly deceptive and

misleading labeling of food products. For example, as Class Counsel in *Smith v. J.M. Smucker Co.*, relating to the defendant's allegedly deceptive labeling of spreadable fruit products as "Simply 100% Fruit," Mr. Barnow negotiated a national settlement, organized a group of plaintiffs' counsel from over 25 firms throughout the country who supported that settlement, and successfully moved the court for final approval of that settlement, resulting in valuable relief being made available to consumers, including a change in the defendant's labeling practices. Mr. Barnow also achieved a successful settlement as one of Co-Lead Counsel in *Schneider v. Dominick Finer Foods, Inc.*, relating to a defendant's failure to deliver on representations of 100% ground beef.

Mr. Barnow also served as a lead or co-lead counsel in a number of deceptive trade practice class actions not involving food labeling that were successfully resolved. *In Re: M3Power Marketing Practices Litigation*, MDL No. 1704 (D. Mass.) (Mr. Barnow was a Co-Lead Class Counsel in this MDL proceeding relating to the defendant's allegedly deceptive marketing and sale of M3Power shaving razors, in which a settlement was reached and granted final approval, making available benefits of more than $7 million to Class members); *Glenz v. RCI, LLC.*, No. 09-cv-00378 (D. N.J.) (Mr. Barnow served as a Class Counsel in this litigation involving the RCI Points program and allegations of improper use of points by RCI, in which a settlement was reached and granted final approval, making available cash benefits of approximately $19,000,000 available to members of the Settlement Class and including substantial injunctive relief).

Mr. Barnow's experience extends beyond deceptive trade practice class actions. He has led and successfully resolved numerous antitrust, data security breach, defective product, and other complex consumer class action matters. These cases include the Arkansas, Kansas, South

Dakota, and Wisconsin Microsoft civil antitrust cases, wherein Mr. Barnow and his co-lead counsel achieved significant settlements making many millions of dollars in benefits available to class members. The Microsoft Wisconsin settlement, by itself, was valued at up to approximately $224 million, and was reached as a direct result of Mr. Barnow and his co-counsel's petitioning the Wisconsin Supreme Court to recognize the right of indirect purchasers to recover under Wisconsin's antitrust laws.

A number of courts have commented on the skill and ability of Mr. Barnow and his co-counsel. By way of example, Mr. Barnow and Mr. Blood each served as Co-Lead Settlement Class Counsel and as members of the Plaintiffs' Steering Committee in the *Sony Gaming Networks and Customer Data Security Breach Litigation*, MDL 2258 (C.D. Cal.), an MDL proceeding involving over 60 cases where a settlement was reached and granted final approval. At the final fairness hearing, the Honorable Anthony J. Battaglia remarked: "Just in the final analysis, the order, much like all the work by both sides throughout the case, has been impeccable, highly professional, and skilled. It's been a real pleasure dealing with you." Similarly, in the *Countrywide Financial Corporation Data Security Breach Litigation,* MDL 1998 (W.D. Ky.), where Mr. Barnow served as a Co-Lead Settlement Class Counsel and a settlement was reached and granted final approval, the Honorable Thomas B. Russell stated: "the Court was impressed with Co-Lead Counsel and Countrywide counsels' knowledge and skill, as represented in the various motions and hearings that took place throughout this settlement process."

Mr. Barnow's experience, knowledge of applicable law, and ability to lead and organize other plaintiffs' counsel, show him to be well-qualified to serve as one of Interim Co-Lead Counsel.

### B.  Timothy G. Blood

Timothy Blood has extensive experience litigating a variety of significant class actions, with an emphasis on the type of state consumer protection claims at issue here. As detailed below, this experience includes leading a team of lawyers in multistate litigation to obtain the largest food industry false advertising recovery in history. In another first for consumer protection, Mr. Blood has also partnered with the Federal Trade Commission, with one case resulting in the largest false advertising recovery in FTC history.

Mr. Blood has exhibited the ability to successfully and efficiently lead by coordinating with groups of plaintiffs' counsel and defendants. Examples include *In re Hydroxycut Mktg. and Sales Practices Litig.*, MDL No. 2087 (S.D. Cal.), where he lead all discovery, motion practice and settlement negotiations from inception. This required coordination of the dozens of separately filed consumer class actions from most of the states with numerous plaintiffs' counsel and counsel from hundreds of parallel personal injury actions.

Similarly, in *In re Sony Gaming Networks and Customer Data Sec. Breach Litig.*, MDL No. 2258 (S.D. Cal.), Judge Anthony J. Battaglia selected a sevem member steering committee to run the case. Mr. Blood was appointed to the steering committee, but also appointed "liaison counsel" with responsibilities beyond those of the steering committee members, including responsibility for actively coordinating discovery, motion practice, and settlement among the other appointed steering committee members.

As one of two lead class counsel and a member of plaintiffs' steering committee in the California statewide coordinated action, *In re Toyota Motor Cases*, JCCP No. 4621 (Cal. Super. Ct., Los Angeles Cnty., Hon. Anthony J. Mohr), Mr. Blood was responsible for litigating the consumer class actions brought on behalf of California owners/lessees of Toyota vehicles

10

relating to unintended acceleration. This required extensive coordination with other plaintiffs' counsel, including the court-appointed leaders of the parallel MDL action pending in the Central District of California.

Confidence in Mr. Blood's ability in consumer protection actions extends to the primary federal agency tasked with consumer protection, the Federal Trade Commission and other government agencies. As lead counsel, Mr. Blood has worked with the FTC in a coordinated effort to resolve corresponding public and private false advertising actions brought on behalf of consumers, a result in which nearly all state attorneys' general joined. As lead counsel in *In re Skechers Toning Shoes Prods. Liab. Litig.*, MDL No. 2308 (W.D. Ky., Hon. Thomas B. Russell) and *In re Reebok Easytone Litig.*, No. 4:10-cv-11977 (D. Mass., Hon. F. Dennis Saylor) Mr. Blood worked with the FTC in a unique public-private partnership to obtain record setting recoveries for consumers. The class action settlement in *In re Skechers* was the largest false advertising recovery in the history of the FTC.

Other recent appointments as lead class counsel in national or multistate class actions involving falsely advertised consumer products include *Rikos v. The Procter & Gamble Co.*, No. 1:11-cv-226 (S.D. Ohio, Hon. Timothy S. Black) (certifying five single-state classes alleging consumer protection claims); *Murr v. Capital One Bank (USA), N.A.*, No. 1:13-cv-1091 (E.D. Va., Hon. Leonie M. Brinkema) (nationwide consumer protection claims involving credit cards); *Johns v. Bayer Corp.*, No. 09-cv-1935 (S.D. Cal., Hon. Anthony J. Battaglia) (certifying California consumer protection claims in action involving false advertising); *Rosales v. FitFlop USA LLC*, No. 11-cv-0973 (S.D. Cal., Hon. Thomas J. Whelan) (nationwide false advertising action); *Johnson v. General Mills, Inc*, No. 8:10-cv-61 (C.D. Cal., Hon. Cormac J. Carney) (nationwide false labelling action involving food product); *In re Enfamil Lipil Mktg. and Sales*

11

*Practices Litig.*, MDL No. 2222 (S.D. Fla., Hon. James I. Cohn) (nationwide false advertising and labelling of infant formula).

Mr. Blood is also responsible for a number of favorable published appellate decisions. A partial list of precedent-setting consumer protection decisions relevant to this matter include: *Rikos v. P&G*, 799 F.3d 497 (6th Cir. 2015) (consumer protection and false advertising); *Corvello v. Wells Fargo Bank, N.A.*, 728 F.3d 878 (9th Cir. 2013) (consumer protection); *Fitzpatrick v. General Mills, Inc.*, 635 F.3d 1279 (11th Cir. 2011) (consumer protection and false advertising); *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310 (2011) (consumer protection and false advertising); *McKell v. Washington Mut. Bank, Inc.*, 142 Cal. App. 4th 1457 (2006); *Lebrilla v. Farmers Grp., Inc.*, 119 Cal. App. 4th 1070 (2004); and *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496 (2003) (consumer law and false advertising).

As repeatedly demonstrated in other cases, Mr. Blood and his firm are willing and able to commit the necessary resources to this litigation to adequately represent plaintiffs and the proposed classes through trial and, if needed, on appeal.

Finally, Mr. Blood brings to this action a demonstrated capacity for a productive, cooperation-based approach to litigation that is essential to efficiently handling complex matters such as an MDL proceeding. *See* Juan Carlos Rodriguez, Titan of the Plaintiffs Bar: Tim Blood, Law360, Sept. 25, 2014, http://www.law360.com/articles/580600/titan-of-the-plaintiffs-bar-tim-blood. Mr. Blood's ability to work productively with defense counsel in cases such as this also is demonstrated by the regular invitations he receives to speak at organizations such as the Grocery Manufacturers Association, the primary trade group for manufacturers of the types of products at issue here. His ability to productively lead other lawyers is further demonstrated by his involvement in bar activities, including serving as the 2015 president of the Consumer Attorneys

of San Diego and an executive officer from 2013 to the present of the Consumer Attorneys of California.

### C. Lori G. Feldman

Lori G. Feldman leads the consumer and pension protection class action litigation group at her firm, Levi & Korsinsky LLP. Ms. Feldman has 25 years of experience litigating complex class actions in federal courts across the country. Her practice focuses on class actions brought on behalf of victims of fraud and deceptive practices. Ms. Feldman is dedicated to the goals of fostering and sustaining good working relationships among fellow counsel and the Court in order to achieve a speedy, inexpensive and fair resolution for all parties.

To accomplish these goals, Ms. Feldman taps into her experience litigating all pre-trial phases of complex class actions, including case commencement, counsel organization and leadership, time and expense tracking, initial and consolidated amended complaint drafting, dispositive motion practice, conducting streamlined document and deposition discovery planning and execution, identifying disputed issues of law and narrowing disputed issues of fact, class certification discovery and briefing, working with experts, handling interlocutory appeals, working with mediators, negotiating and documenting settlement and fee petitions, opposing objectors, and following up on post-settlement administration and class member inquiries.

Ms. Feldman is currently representing plaintiffs in litigation against, among several others: Fitbit, Inc. alleging false advertising of its heart rate tracking product (N.D. Cal.) (Donato, J.); EOS, Inc. alleging false advertising of its popular lip balm (C.D. Cal.) (Kronstadt, J.); Porsche and Audi alleging diesel emissions fraud (N.D. Cal.) (Breyer, J.); CVS, Inc. alleging false advertising of its aloe vera gel; (N.D. Ill.) (St. Eve, J.); and Total Power and Gas alleging market manipulation (S.D.N.Y) (Koetl, J).

Ms. Feldman's experience managing large complex class actions is recognized by federal judges who have appointed her to serve as Lead or Co-Lead counsel in a wide variety of complex class actions. By way of example, the following Judges have appointed Ms. Feldman to leadership positions: Judge Keith Ellison (S.D. Tex.) to serve as Co-Lead counsel in an MDL action against BP and company officers arising out of the Deep Water Horizon explosion in the Gulf of Mexico (appeal pending with amici support of AARP, the DOL, and the SEC); Hon. John C. Coughenour (W.D. Wash.) to serve as Co-Lead Counsel in a class action against the former officers and directors of Washington Mutual, Inc. (cash settlement); Hon. Gary L. Sharpe (N.D. N.Y.) to serve as Co-Lead Counsel in a class action against General Electric (cash settlement and non-monetary relief including a 10-year plan to change defendant's policies and practices); Hon. S. Arthur Spiegel (S.D. Ohio) to serve as Co-Lead Counsel in a class action against Macy's (cash settlement); Hon. John L. Kane (D. Colo.) to serve as Co-Lead Counsel in a class action against the former officers and directors of Rhythms Net Connections (cash settlement); Hon. Susan Illston (N.D. Cal.) to serve as Co-Lead Counsel in a class action against Gilead Pharmaceuticals (cash settlement); and Hon. Douglas P. Woodlock (D. Mass.) to serve as Co-Lead Counsel in a class action against Boston Scientific, Inc. (cash settlement). In addition, she has successfully worked with private mediators who are former federal judges, including among others, Hon. Layn R. Philips (Ret.), Hon. Edward A. Infante, and Hon. Nicholas H. Politan (Ret.).

Here, Ms. Feldman represents plaintiffs in cases against Kraft, Walmart, Target and SuperValu. Since commencing these actions, she has worked cooperatively and collegially with all counsel for all parties. She conducted briefing and presented oral argument to the MDL Panel, organized plaintiffs' counsel with Proposed Co-Lead Counsel, and worked on the joint case

management statement submitted to the Court prior to the Court's August 4, 2016 hearing, which she attended in person. Ms. Feldman has the support and vote of confidence of her co-counsel to act in a leadership capacity and will dedicate the resources necessary to efficiently and effectively litigate this class action.

### D. The Proposed Executive Committee

The organizational structure proposed by Majority Plaintiffs includes an Executive Committee comprised of the following individuals, organized by the brand of cheese product at issue, as the subject labels vary by brand: Robert A. Clifford (SuperValu); Thomas A. Zimmerman, Jr. (SuperValu); John J. Driscoll (Target); Janine L. Pollack (Target); L. Timothy Fisher (Kraft); Todd S. Garber (Kraft); Michael McShane (Wal-Mart); Brant Penney (Wal-Mart); and Cari Campen Laufenberg (other defendants). As demonstrated by their short form resumes attached hereto as Group Exhibit D, these attorneys have extensive experience litigating class actions and other complex litigation matters.

## II. Proposed Co-Lead Counsels' Advancement of the Matter

Proposed Co-Lead Counsel have committed appropriate, yet substantial, time and resources to organizing and working with other plaintiffs' counsel toward the advancement of the litigation, investigating and researching the potential legal theories and claims at issue, and researching and reviewing information relating to the factual underpinnings of this litigation. These actions further demonstrate their willingness and ability to prosecute this action on behalf of the putative classes to the fullest extent possible.

Proposed Co-Lead Counsel diligently devoted substantial time and effort to investigating the facts and potential claims at issue. Their investigation included, among other things, gathering and reviewing numerous documents from public sources, including newspaper articles

and public reports, tracking and reviewing related complaints as filed, researching and considering potentially applicable legal theories and claims, and considering and discussing the most efficient means to streamline the prosecution of this matter against retailer and manufacturer defendants relating to the sale of several different products.

As the MDL docket indicates, proceedings before the JPML relating to this matter were contested. Certain interested parties argued in favor of transfer to Missouri, Pennsylvania, Maryland, Minnesota, Florida, Illinois and New York. Mr. Blood and Ms. Feldman, two of Proposed Co-Lead Counsel, advocated for the transfer of the MDL to this district.

Organizing plaintiffs' counsel is crucial to litigating complex class actions involving multiple defendants, such as this MDL matter, in an efficient and effective manner. Recognizing that fact, Proposed Co-Lead Counsel early on reached out to other plaintiffs' counsel in an attempt to achieve a cohesive and highly experienced leadership team. These efforts included, among other things, leading a call for all plaintiffs' counsel to initiate coordination of efforts and discuss development of a leadership structure, as well as conferring with the majority of plaintiffs' counsel individually regarding their desire to participate in the litigation, history, and experience, both generally and in consumer class actions. Proposed Co-Lead Counsels' efforts were successful and resulted in agreement on a highly experienced leadership team supported by the majority of law firms and cases pending in this MDL.

In response to the Court's Case Management Order No. 1, Proposed Co-Lead Counsel met and conferred with defendants' counsel to submit the Joint Status Report. The process involved calls and conferences between counsel and the exchange, review, and editing of multiple drafts of the statement. It is noteworthy that other plaintiffs' counsel chose to adopt the

resulting product, thus establishing early on the harmonizing efforts and abilities of Majority Plaintiffs.

The dedication, time, and effort expended by Proposed Co-Lead Counsel to date further demonstrate that they are well-suited to serve as Plaintiffs' Interim Co-Lead Counsel.

**III. Proposed Co-Lead Counsel Are Well-Capitalized and have the Demonstrated Willingness and Ability to Expend the Resources Required to Advance the Litigation**

Proposed Co-Lead Counsel are willing and able to expend the resources necessary to ensure the vigorous prosecution of Plaintiffs' and the putative class's claims. Their resumes demonstrate their records of success leading and funding complex consumer class action cases against some of the largest and wealthiest corporations in the world. The experience here will be no different. Proposed Co-Lead Counsel possess and will devote the resources necessary to fund this case through pretrial, trial, and appeals. Plaintiffs and the putative classes deserve to be represented by a well-funded, dedicated, and experienced group of plaintiffs' attorneys. That is what Proposed Co-Lead Counsel and the Proposed Executive Committee will provide.

**IV. Attorneys' Fees, Costs, and Expenses**

Proposed Co-Lead Counsel submit the following explanation and recommendations in response to the Court's invitation to discuss attorneys' fees, costs, and expenses. In the event Plaintiffs successfully achieve a recovery in this litigation, whether through settlement or entry of a judgment, Seventh Circuit jurisprudence provides guidance, subject to the Court's interpretation and discretion, for awarding attorneys' fees, whether determined under the percentage-of-recovery method or the lodestar approach.

Proposed Co-Lead Counsel believe the best approach to attorneys' fees, costs, and expenses is to employ best practices from the start of the litigation to ensure that fees, costs, and

expenses are reasonably incurred. Doing so allows the ready application of existing fee jurisprudence to be later applied when the form of relief obtained is known. Employing methods such as the lodestar approach, the percentage of the fund approach, or adopting a sliding fee scale consistent with *In re Synthroid Mktg. Litig.*, 325 F.3d 974, 980 (7th Cir.2003), becomes easier if care is taken from the outset to ensure fees and expenses are reasonably incurred. Regardless of the method ultimately used to determine fees, co-lead counsel should regularly ensure only time reasonably spent on the litigation as measured by reasonable hours and reasonable rates occur. Majority Plaintiffs believe this starts with a leadership order that vests co-lead counsel with the authority to assign tasks to lawyers working on the case to permit the close management of those tasks and to permit co-lead counsel to control the work flow by tightly coordinating the efforts of any lawyers and paralegals working on the cases. *See* Manual for Complex Litigation (Fourth) § 10.221.

To ensure all time reported by plaintiffs' counsel is in furtherance of the common benefit, Proposed Co-Lead Counsel recommend that guidelines for staffing, billing, and reporting be established and communicated to all plaintiffs' counsel at the outset. *See id.* §14.212–14. Such guidelines are commonplace in MDL matters and, when communicated early in a case and enforced, serve to ensure all plaintiffs' counsel know what is expected. Guidelines here should include requiring that plaintiffs' counsel maintain itemized, contemporaneous time records without block billing; that all assignments are approved in advance by one of Proposed Co-Lead Counsel; and that attendance at hearings and depositions be approved in advance by one of Proposed Co-Lead Counsel. To allow for the timely and detailed tracking and review of attorney time, costs, and expenses, Proposed Co-Lead Counsel recommend that all plaintiffs' counsel be required to submit monthly reports in a standardized format that includes for each entry, at a

minimum, the name of the attorney, the attorney's current hourly rate, a description of the nature of work performed, and the time spent on each activity. *See id.* § 14.213–14. It is also recommended that time reports submitted be audited and reviewed on a regular basis to avoid duplication and wasted efforts.

Proposed Co-Lead Counsel recommend that plaintiffs' counsel bill at the current hourly rates they would normally charge a fee-paying client; future billings will be at historical rates. For the convenience of the Court, each of the resumes submitted by Proposed Co-Lead Counsel and the Proposed Executive Committee include the current hourly rates of the attorneys from these individual's firms which are expected to work on this matter. Proposed Co-Lead Counsel submit that such an approach is most consistent with the Seventh Circuit's focus on the market rate for comparable legal services. As the Court is aware, in the event a recovery is achieved, any fee award is subject to the review and approval of the Court and, in the event a recovery is achieved via settlement, a motion for an award of attorneys' fees must be filed and posted online in a timely fashion in order to provide settlement class members, including potential objectors, the opportunity to review and comment on the request. These safeguards serve to ensure any award of attorneys' fees is fair and reasonable.

## <u>CONCLUSION</u>

In summary, Ben Barnow, Timothy G. Blood, and Lori G. Feldman are nationally recognized class action counsel with track records of achieving extraordinary results. Their past achievements demonstrate that they have the experience, knowledge of applicable law, and resources to successfully prosecute this case on behalf of Plaintiffs and the putative classes. For the foregoing reasons, Majority Plaintiffs respectfully request that the Court appoint Ben Barnow, Timothy Blood, and Lori Feldman as Plaintiffs' Interim Co-Lead Counsel, and appoint

the following individuals to the Plaintiffs' Executive Committee: Robert A. Clifford (SuperValu); Thomas A. Zimmerman, Jr. (SuperValu); John J. Driscoll (Target); Janine L. Pollack (Target); L. Timothy Fisher (Kraft); Todd S. Garber (Kraft); Michael McShane (Wal-Mart); Brant Penney (Wal-Mart); and Cari Campen Laufenberg (other defendants).

Dated: August 11, 2016

Respectfully submitted,

/s/ Ben Barnow _____

Ben Barnow
Erich P. Schork
Barnow and Associates, P.C.
One N. LaSalle Street, Suite 4600
Chicago, Illinois 60602
(312) 621-2000 (p)
(312) 641-5504 (f)
b.barnow@barnowlaw.com
e.schork@barnowlaw.com

Timothy G. Blood
Blood Hurst & O'Reardon, LLP
701 B Street, Suite 1700
San Diego, CA 92101
(610) 338-1100 (t)
tblood@bholaw.com

Lori G. Feldman
Andrea Clisura
Levi & Korsinsky LLP
30 Broad Street, 24th Floor
New York, NY 10004
(212) 363-7500 (t)
(212) 363-7171 (f)
lfeldman@zlk.com
aclisura@zlk.com

*Proposed Interim Co-Lead Counsel*

Robert A. Clifford
Clifford Law Offices, P.C.
120 N. LaSalle Street, 31st Floor
Chicago, IL 60602
(312) 899-9090
RAC@cliffordlaw.com

Thomas A. Zimmerman, Jr.
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 (t)
(312) 440-4180 (f)
tom@attorneyzim.com

John J. Driscoll
The Driscoll Firm, P.C.
211 N. Broadway, 40th Floor
St. Louis, MO 63102
(314) 932-3232 (t)
(314) 932-3233 (f)
john@thedriscollfirm.com

Janine L. Pollack
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, New York 10016
(212) 545-4600 (t)
(212) 545-4653 (f)
Pollack@whafh.com

L. Timothy Fisher
Bursor & Fisher, P.A.
1990 N. California Blvd., Suite 940
Walnut Creek, California 94596
(925) 300-4455 (t)
(925) 407-2700 (f)
ltfisher@bursor.com

Todd S. Garber
Finkelstein, Blankenship,
   Frei-Pearson & Garber LLP
1311 Mamaroneck Avenue
White Plains, New York 10605
(914) 298-3283 (t)
(914) 824-1561 (f)
tgarber@fbfglaw.com

Michael McShane
Audet & Partners, LLP
711 Van Ness Avenue, Suite 500
San Francisco, California 94102
(415) 568-2555 (t)
(415) 568-2556 (f)
Mmcshane@audetlaw.com

Brant D. Penney
Reinhardt Wendorf Blanchfield
E-1250 First National Bank Building
332 Minnesota Street
St. Paul, Minnesota 55101
(651) 287-2100 (t)
(651) 287-2103 (f)
b.penney@rwblawfirm.com

Cari Campen Laufenberg
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
(206) 623-1900 (t)
(206) 623-3384 (f)
claufenberg@kellerrohrback.com

Proposed Executive Committee

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was filed on August 11, 2016, with the Clerk of the Court by using the CM/ECF system which will send a notice of filing to all counsel of record.


/s/ Ben Barnow_____