# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICE LITIGATION | ) No. 16-cv-5802 ) MDL 2705 ) |
| *This Document Relates to All Cases* | ) Hon. Gary Feinerman |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THE MOSCHETTA GROUP'S APPLICATION FOR LEAD COUNSEL

Pursuant to the Court's August 4, 2016 Order (Dkt. 75), the Moschetta Group and its undersigned counsel respectfully submit this Supplemental Memorandum in support of their Application for Leadership Positions. On July 20, 2016, the Moschetta Group, pursuant to the Court's Case Management Order No. 1 (Dkt. 9), submitted The Moschetta Group's Summary of its Views on the Subjects to be Addressed at the Initial Conference and Application for Leadership Positions ("Moschetta Application" or "Application") (Dkt No. 46). In the Application, the Moschetta Group discussed, among other things, its proposal for Plaintiffs' lead counsel and liaison counsel, and the reasons why appointment of the proposed lead counsel, the Sultzer Law Group, P.C. ("Sultzer Law") and Pomerantz LLP ("Pomerantz"), and the proposed liaison counsel, McGuire Law, P.C. ("McGuire Law"), is appropriate in light of the factors considered under Fed. R. Civ. P. 23(g). The purpose of this Supplemental Memorandum is to provide further support for the Moschetta Group's proposed structure and to address issues that were raised at the status hearing.

A key benefit of the leadership structure proposed by the Moschetta Group is that it is streamlined, with only two co-lead counsel and one liaison counsel, but also provides a method

1

for utilizing the personnel, ability and experience of the other plaintiffs' firms, including the firms in the Moschetta Group and the other firms that comprise plaintiffs' counsel. This is done without the necessity of assigning a multitude of titles or creating a potentially unwieldy structure. Additionally, there are only two firms (i.e., the proposed co-lead counsel) that the Court and Defendants' counsel need to look to in order to ascertain Plaintiffs' position on any significant issue. This brings Plaintiffs closer to speaking with one voice, something that is undoubtedly a concern for Defendants and their counsel, and for the Court. *See* Defendants' Supplemental Status Conference Statement (Dkt. 59) at 2 (wherein Defendants note the desirability of "a [leadership] structure that minimizes unnecessary and duplicative discovery efforts and other pretrial activities on the part of plaintiffs so as to provide for the streamlined and efficient management of this litigation.").

While the proposed structure is lean, it also provides for efficient support from the other Moschetta Group firms and the other plaintiffs' counsel firms that are not part of the Moschetta Group. As discussed in the Moschetta Application, there are five supporting firms in the Moschetta Group that are in a position to contribute substantial ability, resources, and experience to the representation of Plaintiffs and the proposed classes. These supporting firms, as discussed in the Application, are in a position to, and have the ability to, effectively support co-lead counsel in the prosecution of this matter. Further, the Moschetta Group attorneys recognize that there are many skilled and experienced attorneys representing Plaintiffs in this litigation who are not part of the Moschetta Group, and proposed co-lead counsel fully intend to draw on that reservoir of talent in litigating this case against the well-funded Defendants.

In order to promote efficiency and avoid duplication of effort and unnecessary work, co-lead counsel will control and manage the assignment of work (including the imposition of strict

guidelines as to the time and expenses eligible for compensation), and will require each firm to submit monthly time and expense reports. *See* Moschetta Application at 6. In addition, caps will be placed on compensable hourly rates for document review and possibly for other tasks.

At the August 4 status hearing, there was some discussion about counsel's hourly rates, with respect to the selection of Plaintiffs' lead counsel.[1] We also understand that when this Court evaluates any fee application from Plaintiffs' counsel, it considers counsel's hourly rates and lodestar, even where a common fund fee is being evaluated on a percentage basis (where the lodestar is used as a cross-check).[2] In an effort to keep the Court fully informed, below is a listing of the current hourly rates for the firms in the Moschetta Group,[3] as well as the years of professional experience for each attorney (listed in parentheses):

- **Pomerantz**: Jayne A. Goldstein (30)—$820; Matthew L. Tuccillo (17)—$750; Adam G. Kurtz (25)—$690; Perry Gattegno (3)—$390; Paralegals—$275-305;

- **Sultzer Law**: Jason Sultzer (19)—$650; Joseph Lipari (14)—$650;

- **McGuire Law**: Myles McGuire (15)—$660; Evan M. Meyers (13)—$600; Eugene Turin (2)—$350; Paul Geske (1)—$310; Law clerks/paralegals—$210;

- **Pastor Law Office LLP**: David Pastor (37)—$650;

- **Faruqi & Faruqi LLP**: Adam Gonnelli (18)—$795; Cirong Kang (2)—$400;

- **Glancy, Prongay & Murray LLP**: Marc L. Godino (20)—$675; Mark Greenstone (18)— $645; Melissa Wright (3)—$450; Alexa Mullarkey (1)—$350; Paralegals—$295;

- **Finkelstein Thompson LLP**: Rosemary M. Rivas (15)—$625; Quentin A. Roberts (1)—$350;

- **Leonard Law Office, P.C.**: Preston W. Leonard (5)—$375.

---

[1] *See* Transcript of Proceedings for August 4, 2016 Status Hearing ("Hearing Transcript") at 39, 41.
[2] *See Gehrich v. Chase Bank USA, N.A.*, 2016 WL 806549 at *17 (N. D. Ill. March 2, 2016); *see also* Hearing Transcript at 40-41 (wherein the Court references its decision on fees in *Gehrich*).
[3] Most, if not all of these rates have been approved by courts in various jurisdictions.

3

The hourly rate for document review would be limited to $350, and limits may also be set for other such specific tasks.

It is anticipated that if there is a recovery in this case for Plaintiffs and the class, via judgment or settlement, any fees awarded to Plaintiffs' counsel would likely be awarded on a common fund basis, where the fees are calculated as a percentage of the common fund recovery for the class, with a lodestar cross-check, and that the Court's analysis of any fee application may be similar to that employed by this Court in *Gehrich*, as guided by the Seventh Circuit's precedent in *Americana Art China Co., Inc. v. Foxfire Printing & Packaging, Inc.*, 743 F. 3d 243 (7th Cir. 2014); *Silverman v. Motorola Solutions., Inc.,* 739 F. 3d 956 (7th Cir. 2013); *In re Synthroid Mktg. Litig.*, 325 F. 3d 974 (7th Cir. 2003); *In re Synthroid Mktg. Litig.*, 264 F. 3d 712 (7th Cir. 2001); and other authorities.[4]

There are no agreements, either within the Moschetta Group, or between or among any Moschetta Group firms and any other Plaintiffs' counsel in this litigation, with respect to allocation, distribution, or sharing of any attorneys' fees that may be awarded. However, several of the Plaintiffs' counsel firms who were identified at the status hearing as "unaffiliated," have stated that they will support the Moschetta Group's application: JTB Law Group, LLC, counsel for Plaintiff Jeanette Costoso in *Costoso v. Wal-Mart Stores, Inc.*, No. 16-cv-6174 (originally filed in E.D.N.Y.); the Muhlstock Law Firm, P.C. and Barshay Sanders PLLC, counsel for Plaintiffs Dawn Ader and Karen Alm in *Ader v. Kraft Heinz Foods Company*, No. 16-cv-5816 (originally filed in E.D.N.Y.); and Bock, Hatch, Lewis & Oppenheim LLC, counsel for Plaintiffs Catherine Higens and Ryan Schmidt in *Higens v. Kraft Heinz Foods Company*, No. 16-cv-3016 (originally filed in N.D. Ill.).

---

[4] *See, e.g., Gehrich*, 2016 WL 806549 at *14--17. *See also In re Dairy Farmers of America, Inc. Cheese Antitrust Litig.*, 80 F. Supp. 3d 838 (N.D. Ill. 2015); *In re Capital One Telephone Consumer Protection Act Litig.*, 80 F. Supp. 3d 781 (N. D. Ill. 2015).

Accordingly, for the reasons set forth above and in the Moschetta Application, the undersigned attorneys respectfully request that this Court appoint as Class Counsel the Moschetta Group's proposed co-lead counsel, Sultzer Law and Pomerantz, and their proposed liaison counsel, McGuire Law.

Dated: August 11, 2016				Respectfully submitted,

						/s/ Eugene Y. Turin

						MCGUIRE LAW, P.C.
						Myles McGuire
						Evan M. Meyers
						Eugene Y. Turin
						55 West Wacker Drive, 9th Fl.
						Chicago, Illinois 60601
						Tel: (312) 893-7002
						Fax: (312) 275-7895
						mmcguire@mcgpc.com
						emeyers@mcgpc.com
						eturin@mcgpc.com


						THE SULTZER LAW GROUP, P.C.
						Jason Sultzer
						Joseph Lipari
						85 Civic Center Plaza, Suite 104
						Poughkeepsie, NY 12601
						Tel: (845) 483-7100
						Fax: (888) 749-7747
						sultzerj@thesultzerlawgroup.com
						liparij@thesultzerlawgroup.com


						POMERANTZ LLP
						Jayne A. Goldstein
						Patrick V. Dahlstrom
						10 South LaSalle St., Suite 3505
						Chicago, Illinois 60603
						Tel: (312) 377-1181

Fax: (312) 377-1184
jagoldstein@pomlaw.com
pdahlstrom@pomlaw.com

POMERANTZ LLP
Jayne A. Goldstein
1792 Bell Tower Lane, S. 203
Weston, Florida 33326
Tel: (954) 315-3454
jagoldstein@pomlaw.com

PASTOR LAW OFFICE, LLP
David Pastor
63 Atlantic Avenue, 3d Floor
Boston, Massachusetts 02110
Tel: (617) 742-9700
Fax: (617) 742-9701
dpastor@pastorlawoffice.com

FARUQI & FARUQI, LLP
Adam R. Gonnelli
685 Third Avenue, 26th Floor
New York, New York 10017
Tel: (212) 983-9330
Fax: (212) 983-9331
agonnelli@faruqilaw.com

GLANCY PRONGAY & MURRAY LLP
Marc L. Godino
1925 Century Park East, Suite 2100
Tel: (310) 201-9150
Fax: (310) 201-9160
mgodino@glancylaw.com

FINKELSTEIN THOMPSON LLP
Rosemary M. Rivas
1 California Street, Suite 900
San Francisco, California 94111
Tel: (415) 398-8700
Fax: (415) 398-8701
rrivas@finkelsteinthompson.com

LEONARD LAW OFFICE, P.C.
Preston W. Leonard
63 Atlantic Avenue, 3d Floor
Boston, Massachusetts 02110
Tel: (617) 329-1295
pleonard@theleonardlawoffice.com