**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION<br><br>*This Document Relates to All Cases on the Albertsons and SuperValu Track* | 16 CV 5802<br><br>MDL 2705<br><br>Judge Gary S. Feinerman |

**CONSOLIDATED COMPLAINT AGAINST ALBERTSONS COMPANIES, INC.,**
**<u>ALBERTSONS LLC, AND SUPERVALU, INC.</u>**

Plaintiffs Ann Bell, Dan Lang, and Michael Wills, individually and on behalf of all others similarly situated, upon personal knowledge of facts pertaining to themselves and on information and belief as to all other matters, by and through undersigned Interim Class Counsel, bring this class action complaint against Defendants SuperValu, Inc., Albertsons LLC, and Albertsons Companies, Inc. (collectively, "Defendants").

## NATURE OF THE ACTION

1. This consumer class action arises out of Defendants' misbranding and false and misleading advertising of their grated Parmesan cheese products (the "Products") as "100% Grated Parmesan Cheese" and "100% Grated Parmesan & Romano Cheese." Defendants' advertisements, including their labels, represent the Products as "100% Grated Parmesan Cheese" and "100% Grated Parmesan & Romano Cheese" (the "100% Claims"), but these representations are false, misleading, and likely to deceive the reasonable consumer because the Products are not 100% cheese.

2. Rather than being comprised of all cheese, the Products contain fillers and additives, such as cellulose, an inexpensive filler derived from wood pulp. They also contain cheese cultures that are not one of the types of cheeses listed on the label. The Products are not "100% Grated Parmesan Cheese" or "100% Grated Parmesan & Romano Cheese."

3. As a result of the false, misleading, untrue, and deceptive statement on the Products' labels and other advertisements, Plaintiffs and the Class members did not receive that which was promised.

4. Plaintiffs bring this action on behalf of themselves and all other similarly situated consumers to recover the amounts Plaintiffs and the other Class members overpaid, to prevent

1

Defendants from continuing to engage in this conduct, and correct the false perception that it has created in the marketplace.

## JURISDICTION AND VENUE

5. The Court has original subject matter jurisdiction over the case under 28 U.S.C. § 1332(d) because the case is brought as a class action under Fed. R. Civ. P. 23, at least one proposed class member is of diverse citizenship from Defendants, the proposed Class includes more than 100 members, and the aggregate amount in controversy exceeds five million dollars, excluding interest and costs.

6. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants engaged in substantial conduct relevant to Plaintiffs' claims within this District and have caused harm to Class members residing within this District. Additionally, the lawsuits comprising this consolidated complaint have been transferred to this Court for coordinated pretrial proceedings pursuant to the Transfer Order of the JPML dated June 2, 2016. Plaintiffs in the transferred actions reserve their rights of remand to the districts from which they were transferred at or before the conclusion of the pretrial proceedings.

## PARTIES

7. Plaintiff Ann Bell ("Bell") is a citizen of the State of Illinois, residing in Palatine, Illinois. Bell has purchased the Products, both the Essential Everyday "100% Grated Parmesan Cheese" and "100% Grated Parmesan & Romano Cheese," approximately two times per year from her local Jewel Osco retail store. Bell purchased the "100% Grated Parmesan Cheese" and the "100% Grated Parmesan & Romano Cheese" believing it was 100% Parmesan cheese and 100% Grated Parmesan & Romano cheese. Bell did not receive that which she was promised.

8. Plaintiff Dan Lang is a citizen of the State of Illinois, residing in Chicago, Illinois. Lang purchased the Essential Everyday "100% Grated Parmesan Cheese" several times from various Jewel Osco retail store locations. Lang purchased the "100% Grated Parmesan Cheese" believing it was 100% Parmesan cheese. Lang did not receive that which he was promised.

9. Plaintiff Michael Wills ("Wills") is a citizen of the State of Alabama, residing in Mumford, Alabama. Wills purchased at least six containers of the Essential Everyday "100% Grated Parmesan Cheese" at various stores in Alabama over the past four years. Wills purchased the "100% Grated Parmesan Cheese" believing it was 100% Parmesan cheese. Wills did not receive that which he was promised.

10. Defendant Albertsons LLC is a Delaware limited liability company headquartered in Boise, Idaho. It is wholly owned by AB Acquisition, LLC, a Delaware limited liability company. Albertsons operates more than 2,200 stores in thirty-three states and the District of Columbia under brands such as Albertsons, Safeway, Vons, Jewel-Osco, Shaw's, ACME Markets, Tom Thumb, Randalls, United Supermarkets, Pavilions, Star Market, and Carrs.

11. Defendant Albertsons Companies, Inc. is a Delaware corporation headquartered in Boise, Idaho.

12. Defendant SuperValu, Inc. is a Delaware corporation with its headquarters in Eden Prairie, Minnesota. SuperValu owns, operates, or franchises approximately 3,470 stores comprised of: (1) 1,950 independent stores serviced primarily by SuperValu's food distribution business; (2) 1,331 Save-A-Lot stores, of which 950 are operated by licensee owners and (3) 191 traditional retail grocery stores.

13. SuperValu, Inc. is the registered owner of the "Essential Everyday" trademark and distributes the Essential Everyday products, including the Products, to SuperValu and Albertsons stores.

14. Defendants promote, distribute, market, and sell the Products and many other foods and beverages to consumers throughout the United States, including in Illinois, this District, and/or each of the jurisdictions and Districts from which Plaintiffs' actions were transferred pursuant to 28 U.S.C. § 1407.

## FACTUAL ALLEGATIONS

15. According to the United States Department of Agriculture, in 2015, output of Parmesan cheese rose 11% from 2014, to around 336 million pounds, while Romano production grew 20% to 54 million pounds.[1]

16. Cellulose is an organic polymer. It is not cheese or any other type of dairy product. Its main use is in the production of paperboard and paper. Humans cannot digest cellulose, and it provides no nutritional calories. Cellulose is often used as a filler.

17. The Products' package labels prominently represent the Products as "100% Grated Parmesan Cheese" or "100% Grated Parmesan & Romano Cheese." Representative packaging of the Products appears below:

---

[1] Lydia Mulvany, Bloomberg, *The Parmesan Cheese You Sprinkle on Your Penne Could Be Wood*, *available at,* http://www.bloomberg.com/news/articles/2016-02-16/the-parmesan-cheese-you-sprinkle-on-your-penne-could-be-wood (last visited Nov. 1, 2016).





18. Contrary to Defendants' 100% Claims, the Products are not 100% cheese. In or around February 2016, an independent testing facility determined that a sample of Defendants' Products allegedly consisting of 100% grated cheese contained 8.8% cellulose.

19. Because the Products are not all cheese, Defendants' advertising, including the labels, is false, misleading, unfair, deceptive, and intended to induce consumers to purchase the Products.

20. Plaintiffs and the other Class members did not receive that which was promised and represented to them. Each has been exposed to Defendants' advertisements and has seen the Products' labels. Plaintiffs and the Class members overpaid for the Products they purchased.

## CLASS ALLEGATIONS

21. Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3), on behalf of a Class defined as follows:

> All persons in the United States and its territories who purchased, other than for resale, Essential Everyday 100% Grated Parmesan Cheese or 100% Grated Parmesan & Romano Cheese products.

Excluded from the Class are: (i) Defendants and their officers and directors, agents, affiliates, subsidiaries, and authorized distributors and dealers; (ii) all Class Members that timely and validly request exclusion from the Class; and (iii) the Judge presiding over this action.

22. Alternatively, Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of the following subclasses:

> a. Illinois, and all states with laws at issue similar to Illinois, by Plaintiffs Lang and Bell ("Illinois Class"):

> All persons who purchased, other than for resale, in the State of Illinois Essential Everyday 100% Grated Parmesan Cheese or 100% Grated Parmesan & Romano Cheese.

6

      b. Alabama, and all states with laws at issue similar to Alabama, by Plaintiff Wills ("Alabama Class"):

All persons who purchased, other than for resale, in the State of Alabama Essential Everyday 100% Grated Parmesan Cheese or 100% Grated Parmesan & Romano Cheese.

23. Certification of Plaintiffs' claims for classwide treatment is appropriate because Plaintiffs can prove the elements of their claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

24. The members of the Class are so numerous that joinder of the Class members would be impracticable.

25. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Such common questions of law or fact include, *inter alia*:

    A. Whether Defendants engaged in the conduct alleged;

    B. Whether Defendants misrepresented the content of the Products or misbranded them;

    C. Whether Defendants' misrepresentations were false, misleading, or likely to mislead a reasonable person;

    D. Whether Defendants' representation that the Products' contents consisted of 100% cheese created an express warranty;

    E. Whether Plaintiffs and the Class members paid for a product that they did not receive;

    F. Whether Plaintiffs and the Class members have been damaged and, if so, the measure of such damages;

G. Whether Defendants unjustly retained a benefit conferred by Plaintiffs and the Class members, and;

H. Whether Plaintiffs and the Class members are entitled to equitable relief, including, but not limited to, a constructive trust, restitution, and injunctive relief.

26. Plaintiffs' claims are typical of the claims of the Class members because, among other things, Plaintiffs and the Class members were injured through the substantially uniform misconduct described above. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all Class members.

27. Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the other Class members they seek to represent; they have retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiffs intend to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiffs and their counsel.

28. A class action is also warranted under Fed. R. Civ. P. 23(b)(2), because Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole. Defendants have directed and continue to direct their conduct to all consumers in a uniform manner. Therefore, injunctive relief on a classwide basis is necessary to remedy continuing harms to Plaintiffs and the Class members caused by Defendants' continuing misconduct.

29. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the

management of this class action. The damages or other detriment suffered by Plaintiffs and the Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system should not be required to undertake such an unnecessary burden. Individualized litigation would also create a potential for inconsistent or contradictory judgments and increase the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

## CLAIMS

### COUNT I
### Violation of the Illinois Deceptive Practices and Consumer Fraud Act ("ICFA"), 815 ILCS 505/2
### On Behalf of the Illinois Class

30. Plaintiffs Bell and Lang ("Plaintiffs" for purposes of Count I) repeat and reallege all preceding paragraphs as if fully set forth herein.

31. The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2, prohibits unfair methods of competition and unfair or deceptive acts or practices, including, but not limited to, the use or employment of any deception, fraud, false pretense, false promise, or misrepresentation in the conduct of any trade or commerce.

32. Plaintiffs and the other Class members are consumers who purchased the Products.

33. Defendants' conduct, described above, in misrepresenting and prominently labeling the Products with the 100% Claims, while omitting on the front of the label that the Products were

not all cheese, constitutes an unfair or deceptive trade practice and was and is likely to mislead a reasonable consumer.

34. A reasonable consumer would consider the promise of receiving something other and less than as promised to be important when making a decision to purchase the Products.

35. Defendants' practices were unfair because they offended public policy, were immoral, unethical, oppressive, and unscrupulous, and caused substantial injury to consumers.

36. Defendants' unfair and deceptive acts or practices were the foreseeable and actual cause of Plaintiffs and the other Class members suffering actual damage on account of receiving a product that was not 100% grated Parmesan or 100% grated Parmesan and Romano cheese.

37. Plaintiffs and the other Class members paid a particular price for a product as represented by the 100% Claims. When they received a product that was not in conformity with the 100% Claims, Plaintiffs and the other Class members were damaged on account of receiving Products other than as represented.

**COUNT II**
**Violation of the Alabama Deceptive Trade Practices Act ("ADTPA")**
**Ala. Code § 8-19-1, *et seq.***
**On Behalf of the Alabama Class**

38. Plaintiff Wills ("Plaintiff" for purposes of Count II) repeats and realleges all of the preceding paragraphs as if fully set forth herein.

39. The ADTPA makes unlawful deceptive acts or practices in the conduct of any trade or commerce such as the following: representing that goods have characteristics, ingredients, benefits, or qualities that they do not have; representing that goods are of a particular standard, quality, or grade, if they are of another; advertising goods or services with intent not to sell them as advertised; or engaging in any other unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce. Ala. Code § 8-19-5(5), (7), (9), (27).

40. Under the ADTPA, Plaintiff and the Class members and Defendants are persons, and Plaintiff and the Class members are consumers. Ala. Code § 8-19-3(2), (5).

41. Defendants sell and distribute the Products, which are goods, in trade or commerce. Ala. Code § 8-19-3(3), (6).

42. The conduct of Defendants, as set forth herein, constitute unfair or deceptive acts or practices under the ADTPA, including but not limited to, representing and failing to disclose material facts on the Products' labeling and associated advertising, as described above, when they knew that the representations were false and misleading and that the omissions were of material facts they were obligated to disclose.

43. Defendants' actions occurred in the course of trade or commerce. Ala. Code § 8-19-3(8).

44. Defendants' actions impact the public interest because Plaintiff and the Class members were injured in exactly the same way as thousands of others who purchase the Products as a result of Defendants' generalized course of deception. All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendants' business.

45. Plaintiff and the Class members were injured as a result of Defendants' conduct.

46. Plaintiffs overpaid for the Products and did not receive the benefit of their bargain.

47. Defendants' conduct proximately caused the injuries to Plaintiff and the Class members.

48. Defendants are liable to Plaintiff and the Class members for damages in amounts to be proven at trial, including attorneys' fees, costs, and treble damages.

49. Pursuant to Ala. Code § 8-19-8, Plaintiffs will serve the Alabama Attorney General with a copy of this complaint as Plaintiff and the Class members seek injunctive relief.

## COUNT III
## Breach of Express Warranty
## On Behalf of the Nationwide Class,
## Or in the Alternative, Plaintiffs' Respective State Classes

50. Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

51. Defendants made affirmations of fact to Plaintiffs and the Class members relating to and describing the Products that the Products were 100% cheese.

52. Defendants' 100% Claims were affirmations of fact and descriptions of the Products, including that the container in which the Product was sold consisted of only cheese. These affirmations of fact and descriptions formed the basis of the bargain between Plaintiffs and the Class members and Defendants, creating an express warranty under Uniform Commercial Code, 2-313—an identical or substantially similar version of which has been and is currently enacted in each and every state.

53. Defendants' Products were accompanied by an express warranty when placed in the stream of commerce by Defendants.

54. All conditions precedent have occurred or been performed.

55. Defendants breached the express warranty by selling a product that did not conform to the affirmations of fact and descriptions.

56. At the time of sale to Plaintiffs and the Class members, Defendants had actual knowledge that they breached express warranties with Plaintiffs and the Class members.

57. As the foreseeable and actual result of Defendants' breach of express warranty, Plaintiffs and the Class members were damaged.

## COUNT IV
## Unjust Enrichment
## On Behalf of the Nationwide Class,
## Or in the Alternative, On Behalf of Plaintiffs' Respective State Class

58. Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

59. Defendants have been unjustly enriched to Plaintiffs' and the Class members' detriment as a result of their unlawful and wrongful retention of money conferred by Plaintiffs and the Class members, such that Defendants' retention of their money would be inequitable.

60. Defendants' unlawful and wrongful acts, as alleged above, enabled Defendants to unlawfully receive monies they would not have otherwise obtained.

61. Plaintiffs and the Class members have conferred benefits on Defendants, which Defendants have knowingly accepted and retained.

62. Defendants' retention of the benefits conferred by Plaintiffs and the Class members would be against fundamental principles of justice, equity, and good conscience.

63. Plaintiffs and the Class members seek to disgorge Defendants' unlawfully retained profits and other benefits resulting from their unlawful conduct, and seek restitution and rescission for the benefit of Plaintiffs and the Class members.

64. Plaintiffs and the Class members are entitled to the imposition of a constructive trust upon Defendants, such that their unjustly retained profits and other benefits are distributed equitably by the Court to and for the benefit of Plaintiffs and the Class members.

## COUNT V
### Breach of Implied Warranty of Merchantability
### On Behalf of the Nationwide Class,
### Or in the Alternative, On Behalf of Plaintiffs' Respective State Class

65. Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

66. The implied warranty of merchantability requires that goods be adequately contained, packaged, and labeled, and the goods must conform to the promises or affirmations of fact made on the container or label.

67. Defendants, as the manufacturers, marketers, distributors, and sellers of the Product are merchants.

68. Plaintiffs and the other Class members purchased Products that were manufactured and sold by Defendants in consumer transactions.

69. The Products are not adequately contained, packaged, or labeled because they are packaged as "Essential Everyday 100% Grated Parmesan Cheese" or "Essential Everyday 100% Grated Parmesan & Romano Cheese," but the Products do not consist of 100% of the stated cheeses.

70. The Products do not conform to the promises and affirmations of facts made on their containers and labels because they do not consist of 100% cheese as their packaging and labeling warrants.

71. Plaintiffs and the Class members did not receive the Products as warranted. The Products they purchased were worth substantially less than the products they were promised and expected.

72. As a result of Defendants' breach of warranty, Plaintiffs and members of the Class suffered damages by purchasing the Products because they would not have purchased the Products, or would have paid substantially less for them, had they known the truth.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully request that the Court enter judgment in their favor and against Defendants as follows:

A. Certifying the Class under Federal Rule of Civil Procedure 23, as requested herein;

B. Appointing Plaintiffs as Class Representatives and Plaintiff's Interim Co-Lead counsel as Class Counsel;

C. Awarding Plaintiffs and the Class members actual, compensatory, statutory, and consequential damages;

D. Awarding Plaintiffs and the Class members declaratory and injunctive relief;

E. Awarding Plaintiffs and the Class members restitution and disgorgement;

F. Imposing a constructive trust for the benefit of Plaintiffs and the Class members on the unjustly retained benefits conferred by Plaintiffs and the Class members upon Defendants;

G. Awarding Plaintiffs and the Class members reasonable attorneys' fees, costs, and expenses; and

H. Granting such other relief as the Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiffs, individually and on behalf of all others similarly situated, hereby request a jury trial, pursuant to Federal Rule of Civil Procedure 38, on all claims so triable.

DATED: November 3, 2016                         Respectfully submitted,

                                                s/ Ben Barnow

                                                Ben Barnow
                                                Erich P. Schork
                                                Barnow and Associates, P.C.
                                                1 North LaSalle St., Suite 4600
                                                Chicago, Illinois 60602
                                                b.barnow@barnowlaw.com
                                                e.schork@barnowlaw.com
                                                (312) 621-2000 (ph)
                                                (312) 641-5504 (fax)


                                                Timothy G. Blood
                                                Camille S. Bass
                                                Blood Hurst & O'Reardon, LLP
                                                701 B Street, Suite 1700
                                                San Diego, CA 92101

tblood@bholaw.com
cbass@bholaw.com
(619) 338-1100 (ph)
(619) 338-1101 (fax)

Lori G. Feldman
Andrea Clisura
Levi & Korsinsky LLP
30 Broad Street, 24th Floor
New York, NY 10004
lfeldman@zlk.com
aclisura@zlk.com
(212) 363-7500 (ph)
(212) 363-7171 (fax)

*Plaintiffs' Interim Co-Lead Counsel*

Robert A. Clifford
Clifford Law Offices
120 N. LaSalle Street, 31st Floor
Chicago, IL 60602
(312) 899-9090
RAC@cliffordlaw.com

Thomas A. Zimmerman, Jr.
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 (ph)
(312) 440-4180 (fax)
tom@attorneyzim.com


*Plaintiffs' Executive Committee for
SuperValu, Inc. and Albertsons LLC Track*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was filed on November 3, 2016, with the Clerk of the Court by using the CM/ECF system which will send a notice of filing to all counsel of record.

                                              /s/ Ben Barnow