**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION | 16 CV 5802 |
| | MDL 2705 |
| | Judge Gary S. Feinerman |
| *This Document Relates to All Cases on the Target Corp. and ICCO-Cheese Company, Inc. Track* | |

**CONSOLIDATED CLASS ACTION COMPLAINT
<u>AGAINST TARGET CORP. AND ICCO-CHEESE COMPANY, INC.</u>**

Plaintiffs Ann Bell, Rodney Zachary, Alfonso Fata, and Nancy Reeves, individually and on behalf of all others similarly situated, upon personal knowledge of facts pertaining to themselves and on information and belief as to all other matters, by and through undersigned Interim Class Counsel, bring this class action complaint against Defendants Target Corp. ("Target") and ICCO-Cheese Company, Inc. ("ICCO") (collectively, "Defendants").

## NATURE OF THE ACTION

1.      This consumer class action arises out of Defendants' misbranding and false and misleading advertising of their grated Parmesan cheese products sold under the Market Pantry brand (the "Products") as "100% Grated Parmesan Cheese." Defendants' advertisements, including the Products' labels, represent the Products as "100% Grated Parmesan Cheese" and "Parmesan 100% Grated Cheese" (the "100% Claims"), but these representations are false, misleading, and likely to deceive the reasonable consumer because the Products are not 100% cheese.

2.      Rather than being comprised of all cheese, the Products contain fillers and additives, such as cellulose, an inexpensive filler derived from wood pulp. They also contain potassium sorbate, corn starch, and cheese cultures that are not the type of cheese listed on the label. The Products are not "100% Grated Parmesan Cheese."

3.      As a result of the false, misleading, untrue, and deceptive statements on the Products' labels and other advertisements, Plaintiffs and the Class members did not receive that which was promised.

4.      Plaintiffs bring this action on behalf of themselves and all other similarly situated consumers to recover the amounts Plaintiffs and the Class members overpaid, to prevent

1

Defendants from continuing to engage in this conduct, and correct the false perception that Defendants have created in the marketplace.

## JURISDICTION AND VENUE

5.      The Court has original subject matter jurisdiction over the case under 28 U.S.C. § 1332(d) because the case is brought as a class action under Fed. R. Civ. P. 23, at least one proposed Class member is of diverse citizenship from Defendants, the proposed Class includes more than 100 members, and the aggregate amount in controversy exceeds five million dollars, excluding interest and costs.

6.      Venue is proper in this District under 28 U.S.C. § 1391 because Defendants engaged in substantial conduct relevant to Plaintiffs' claims within this District and have caused harm to Class members residing within this District. Additionally, the lawsuits comprising this consolidated complaint have been transferred to this Court for coordinated pretrial proceedings pursuant to the Transfer Order of the JPML dated June 2, 2016. Plaintiffs in the transferred actions reserve their rights of remand to the districts from which they were transferred at or before the conclusion of the pretrial proceedings.

## PARTIES

7.      Plaintiff Ann Bell ("Bell") is a citizen of the State of Illinois, residing in Palatine, Illinois. Bell has purchased the Market Pantry "100% Grated Parmesan Cheese" or "Parmesan 100% Grated Cheese" products approximately four times per year from her local Target. Bell purchased the "100% Grated Parmesan Cheese" or the "Parmesan 100% Grated Cheese" believing it was 100% Parmesan cheese. Bell did not receive that which she was promised.

8.      Plaintiff Rodney Zachary ("Zachary") is a citizen of the State of Missouri, residing in Florissant, Missouri. Zachary has purchased the Market Pantry "100% Grated Parmesan

Cheese" or "Parmesan 100% Grated Cheese" products several times per year from various stores in Missouri. Zachary purchased the "100% Grated Parmesan Cheese" or the "Parmesan 100% Grated Cheese" believing it was 100% Parmesan cheese. Zachary did not receive that which he was promised.

9. Plaintiff Alfonso Fata ("Fata") is a citizen of the State of Florida, residing in Orlando, Florida. Fata purchased the Market Pantry "100% Grated Parmesan Cheese" several times at various stores in Florida over the past four years. Fata purchased the "100% Grated Parmesan Cheese" believing it was 100% Parmesan cheese. Fata did not receive that which he was promised.

10. Plaintiff Nancy Reeves ("Reeves") is a citizen of the State of California, residing in Imperial, California. Reeves has purchased the Market Pantry "100% Grated Parmesan Cheese" or "Parmesan 100% Grated Cheese" products several times per year from the Target store in El Centro, California. Reeves purchased the "100% Grated Parmesan Cheese" or the "Parmesan 100% Grated Cheese" believing it was 100% Parmesan cheese. Reeves did not receive that which she was promised.

11. Defendant Target Corporation is a Minnesota Corporation with its principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. Target manufactures, sells, distributes, and advertises its Market Pantry "100% Grated Parmesan Cheese" on a nationwide basis.

12. Defendant ICCO-Cheese Company, Inc. is a New York corporation with its principal place of business located at 1 Olympic Drive, Orangeburg, New York 10962. ICCO manufactures private label food products for retailers across the country. ICCO has supplied Target

with Market Pantry "100% Grated Parmesan Cheese" at least as early as 2012. ICCO conducts

business in this District and elsewhere throughout the United States.

## FACTUAL ALLEGATIONS

13.     According to the United States Department of Agriculture, in 2015, output of

Parmesan cheese rose 11% from 2014, to around 336 million pounds, while Romano production

grew 20% to 54 million pounds.[1]

14.     Target and ICCO are co-participants in committing the acts of consumer fraud

alleged. ICCO manufactures, packages, and labels the Products so Target can sell the Target

Products in its retail stores. As the manufacturer of the Target Products, ICCO knowingly

manufactured the Target Products with the type and amount of substances other than cheese used

in the Products. It also packaged and labeled the Products with the representation that the Products

consisted of "100%" Parmesan cheese, knowing that the label was false.

15.     Because of ICCO's actions in adding substances other than Parmesan to its "100%"

Parmesan cheese products, the Target Products contain non-cheese ingredients, including

cellulose, potassium sorbate, and corn starch, and the representations it made on the packaging

that it is "100% Grated Parmesan Cheese" and "Parmesan 100% Grated Cheese" are false,

misleading, and deceptive to consumers.

16.     Cellulose is an organic polymer. It is not cheese or any other type of dairy product.

Its main use is in the production of paperboard and paper. Humans cannot digest cellulose, and it

provides no nutritional calories. Cellulose is often used as a filler. Also found in the Products are

potassium sorbate (a synthetic chemical additive used in some foods and personal care products),

---

[1] Lydia Mulvany, Bloomberg, *The Parmesan Cheese You Sprinkle on Your Penne Could Be Wood*, *available at,* http://www.bloomberg.com/news/articles/2016-02-16/the-parmesan-cheese-you-sprinkle-on-your-penne-could-be-wood (last visited Nov. 1, 2016).

and corn starch (a derivative of corn grain or kernels used as an additive in food and medical products).

17. The Products' package labels prominently represent the Products as "100% Grated Parmesan Cheese" or "Parmesan 100% Grated Cheese." Representative packaging of the Products appear below:

 



5

18.     Contrary to Defendants' 100% Claims, the Products are not 100% cheese. Although Defendants represent on the front label of every package that the Products consist only of Parmesan cheese, in fact they contain non-cheese ingredients, including cellulose, potassium sorbate, and corn starch.

19.     Because the Products are not all cheese, Defendants' advertising, including its labels, is false, misleading, unfair, deceptive, and intended to induce consumers to purchase the Products.

20.     Plaintiffs and the Class members did not receive that which was promised and represented to them. Each has been exposed to Defendants' advertisements and has seen the Products' labels. Plaintiffs and the Class members overpaid for the Products they purchased.

## CLASS ALLEGATIONS

21.     Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3), on behalf of a Class defined as follows:

> All persons in the United States and its territories who purchased, other than for resale, Target's Market Pantry "100% Grated Parmesan Cheese" or "Parmesan 100% Grated Cheese" products.

Excluded from the Classes are: (i) Defendants and their officers and directors, agents, affiliates, subsidiaries, and authorized distributors and dealers; (ii) all Class members that timely and validly request exclusion from the Classes; and (iii) the Judge presiding over this action.

22.     Alternatively, Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of the following subclasses:

a.     Missouri, and all states with laws at issue similar to Missouri, by Plaintiff Zachary ("Missouri Class'):

> All persons who purchased, other than for resale, in the State of Missouri Target's "100% Grated Parmesan Cheese" or "Parmesan 100% Grated Cheese" products.

6

b.      Illinois, and all states with laws at issue similar to Illinois, by Plaintiff Bell

("Illinois Class"):

> All persons who purchased, other than for resale, in the State of Illinois Target's
> "100% Grated Parmesan Cheese" or "Parmesan 100% Grated Cheese" products.

c.      Florida, and all states with laws at issue similar to Florida, by Plaintiff Fata

("Florida Class'):

> All persons who purchased, other than for resale, in the State of Florida Target's
> "100% Grated Parmesan Cheese" or "Parmesan 100% Grated Cheese" products.

d.      California, and all states with laws at issue similar to California, by Plaintiff

Reeves ("California Class'):

> All persons who purchased, other than for resale, in the State of California Target's
> "100% Grated Parmesan Cheese" or "Parmesan 100% Grated Cheese" products.

23.      Certification of Plaintiffs' claims for classwide treatment is appropriate because Plaintiffs can prove the elements of their claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

24.      The members of the Classes are so numerous that joinder of the Class members would be impracticable.

25.      Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Such common questions of law or fact include, *inter alia*:

A.      Whether Defendants engaged in the conduct alleged;

B.      Whether Defendants misrepresented the content of the Products or misbranded them;

C.      Whether Defendants' misrepresentations were false, misleading, or likely to

mislead a reasonable person;

D.    Whether Defendants' representation that the Products' contents consisted of 100% cheese created an express warranty;

E.    Whether Plaintiffs and the Class members paid for a product that they did not receive;

F.    Whether Plaintiffs and the Class members have been damaged and, if so, the measure of such damages;

G.    Whether Defendants unjustly retained a benefit conferred by Plaintiffs and the Class members; and

H.    Whether Plaintiffs and the Class members are entitled to equitable relief, including, but not limited to, a constructive trust, restitution, and injunctive relief.

26.    Plaintiffs' claims are typical of the claims of the Class members because, among other things, Plaintiffs and the Class members were injured through the substantially uniform misconduct described above. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all Class members.

27.    Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the other Class members they seek to represent; they have retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiffs intend to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiffs and their counsel.

28.    A class action is also warranted under Fed. R. Civ. P. 23(b)(2), because Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole. Defendants have

8

directed and continue to direct their conduct to all consumers in a uniform manner. Therefore, injunctive relief on a classwide basis is necessary to remedy continuing harms to Plaintiffs and the Class members caused by Defendants' continuing misconduct.

29.     A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other detriment suffered by Plaintiffs and the Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system should not be required to undertake such an unnecessary burden. Individualized litigation would also create a potential for inconsistent or contradictory judgments and increase the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

## CLAIMS

### COUNT I
### Breach of Express Warranty
### On Behalf of the Nationwide Class,
### Or in the Alternative, Plaintiffs' Respective State Classes

30.     Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

31.     Defendants made affirmations of fact to Plaintiffs and the Class members relating to and describing the Products that the Products were 100% cheese.

32.     Defendants' 100% Claims were affirmations of fact and descriptions of the Products, including that the containers in which the Products were sold contained only cheese.

9

These affirmations of fact and descriptions formed the basis of the bargain between Plaintiffs and the Class members and Defendants, creating an express warranty under Uniform Commercial Code, 2-313—an identical or substantially similar version of which has been and is currently enacted in each and every state.

33. Defendants' Products were accompanied by an express warranty when placed in the stream of commerce by Defendants.

34. All conditions precedent have occurred or been performed.

35. Defendants breached the express warranty by selling a product that did not conform to the affirmations of fact and descriptions.

36. At the time of sale to Plaintiffs and the Class members, Defendants had actual knowledge that they breached express warranties with Plaintiffs and the Class members.

37. As the foreseeable and actual result of Defendants' breach of express warranty, Plaintiffs and the Class members were damaged.

**COUNT II**
**Unjust Enrichment**
**On Behalf of the Nationwide Class,**
**Or in the Alternative, On Behalf of Plaintiffs' Respective State Classes**

38. Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

39. Defendants have been unjustly enriched to Plaintiffs' and the Class members' detriment as a result of their unlawful and wrongful retention of money conferred by Plaintiffs and the Class members, such that Defendants' retention of their money would be inequitable.

40. Defendants' unlawful and wrongful acts, as alleged above, enabled Defendants to unlawfully receive monies they would not have otherwise obtained.

41. Plaintiffs and the Class members have conferred benefits on Defendants, which Defendants have knowingly accepted and retained.

10

42.     Defendants' retention of the benefits conferred by Plaintiffs and the Class members would be against fundamental principles of justice, equity, and good conscience.

43.     Plaintiffs and the Class members seek to disgorge Defendants' unlawfully retained profits and other benefits resulting from their unlawful conduct, and seek restitution and rescission for the benefit of Plaintiffs and the Class members.

44.     Plaintiffs and the Class members are entitled to the imposition of a constructive trust upon Defendants, such that their unjustly retained profits and other benefits are distributed equitably by the Court to and for the benefit of Plaintiffs and the Class members.

**COUNT III**
**Breach of Implied Warranty of Merchantability**
**On Behalf of the Nationwide Class,**
**Or in the Alternative, On Behalf of Plaintiffs' Respective State Class**

45.     Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

46.     The implied warranty of merchantability requires that goods be adequately contained, packaged, and labeled, and the goods must conform to the promises or affirmations of fact made on the container or label.

47.     Defendants, as the manufacturers, marketers, distributors, and sellers of the Products are merchants.

48.     Plaintiffs and the other Class members purchased Products that were manufactured and sold by Defendants in consumer transactions.

49.     The Products are not adequately contained, packaged, or labeled because they are packaged as "100% Grated Parmesan Cheese" or "Parmesan 100% Grated Cheese," but the Products do not consist of 100% Parmesan cheese.

50.     The Products do not conform to the promises and affirmations of facts made on their containers and labels because they do not consist of 100% Parmesan cheese as their packaging and labeling warrants.

51.     Plaintiffs and the Class members did not receive the Products as warranted. The Products they purchased were worth substantially less than the products they were promised and expected.

52.     As a result of Defendants' breach of warranty, Plaintiffs and members of the Class suffered damages by purchasing the Products because they would not have purchased the Products, or would have paid substantially less for them, had they known the truth.

**COUNT IV**
**Violation of the Illinois Deceptive Practices and Consumer Fraud Act ("ICFA"),**
**815 ILCS 505/2**
**On Behalf of the Illinois Class**

53.     Plaintiff Bell ("Plaintiff" for purposes of Count IV) repeats and realleges all preceding paragraphs as if fully set forth herein.

54.     The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2 prohibits unfair methods of competition and unfair or deceptive acts or practices, including, but not limited to, the use or employment of any deception, fraud, false pretense, false promise, or misrepresentation in the conduct of any trade or commerce.

55.     Plaintiff and the other Class members are consumers who purchased the Products.

56.     Defendants' conduct, described above, in misrepresenting and prominently labeling the Products with the 100% Claims, while omitting on the front of the label that the Products were not all cheese, constitutes an unfair or deceptive practice and was and is likely to mislead a reasonable consumer.

12

57.     A reasonable consumer would consider the promise of receiving something other and less than as promised to be important when making a decision to purchase the Products.

58.     Defendants' practices were unfair because they offended public policy, were immoral, unethical, oppressive, and unscrupulous, and caused substantial injury to consumers.

59.     Defendants' unfair and deceptive acts or practices were the foreseeable and actual cause of Plaintiffs and the other Class members suffering actual damage on account of receiving a product that was not 100% grated Parmesan cheese.

60.     Plaintiffs and the other Class members paid a particular price for a product as represented by the 100% Claims. When they received a product that was not in conformity with the 100% Claims, Plaintiff and the other Class members were damaged on account of receiving Products worth less than as represented.

## COUNT V
### Violation of the Missouri Merchandising Practices Act
### Mo. Rev. Stat. § 407.010, *et seq.*
### On Behalf of the Missouri Class

61.     Plaintiff Zachary ("Plaintiff" for purposes of Count V) repeats and realleges all preceding paragraphs as if fully set forth herein.

62.     At all times material hereto, Plaintiff, the Class members, and Defendants, were persons within the meaning of Mo. Rev. Stat. § 407.010(5).

63.     At all times material hereto, Plaintiff and the Class Members were purchasers within the meaning of Mo. Rev. Stat. § 407.025.1.

64.     At all times material hereto, Defendants conducted trade and commerce within the meaning of Mo. Rev. Stat. § 407.010(7).

65.     The Missouri Merchandising Practices Act, § 407.020.1, provides in pertinent part that:

The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . in or from the state of Missouri, is declared to be an unlawful practice . . . Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation.

66.     Beginning the first date Defendants placed the Products into the stream of commerce in Missouri and continuing through the present, Defendants intended to induce Plaintiff and members of the Class to purchase the Products through one or more of the following unfair and/or deceptive acts and practices:

A.      Knowingly, intentionally, and/or recklessly omitted, suppressed, and/or concealed the content of the Products;

B.      Knowingly, intentionally, and/or recklessly omitted, suppressed, and/or concealed the true nutritional value of the Products;

C.      Knowingly, intentionally, recklessly, or negligently omitted proper labels from being placed on its packaging, or otherwise calling attention to the actual ingredients in the Products; and

D.      Omitted, suppressed, and/or concealed the content of the Products they marketed, promoted, distributed, and/or sold.

67.     The facts which Defendants omitted, suppressed, and concealed were material and would have been important to a reasonable consumer in making a decision whether to purchase the Products.

68.     Defendants' conduct was unfair, offended public policy, was immoral, unethical, oppressive, and unscrupulous, and caused substantial economic injury to consumers, including Plaintiff and members of the Class.

14

69. Defendants' unfair and deceptive acts and practices occurred in connection with Defendants' conduct of trade and commerce in Missouri.

70. Defendants intended for Plaintiff and the Class members to purchase Defendants' Products in reliance upon Defendants' unfair and deceptive acts and practices in the marketing, promotion, and sale of the Products.

71. Defendants' unfair and deceptive acts and practices were committed with willful and wanton disregard for whether or not Plaintiff and the other members of the Class would actually receive the product as represented.

72. Defendants' unfair and deceptive acts and practices violate the Missouri Merchandising Practices Act, § 407.020.1.

73. As a foreseeable and actual result of Defendants' unfair and deceptive acts and practices, Plaintiff and the other members of the Class did not receive that which was represented, and have suffered damage and lost money as a result.

**COUNT VI**
**Violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")**
**Fla. Stat. §§ 501.201, *et seq*.**
**On Behalf of the Florida Class**

74. Plaintiff Fata ("Plaintiff" for purposes of Count VI) repeats and realleges all of the preceding paragraphs as if fully set forth herein.

75. The express purpose of FDUTPA is to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2). The FDUTPA declares such acts and practices to be unlawful. Fla. Stat. § 501.204(1).

76. The sales of the Products are "consumer transactions" within the scope of FDUTPA.

15

77. Plaintiff is a "consumer" as defined by Section 501.203, Florida Statutes.

78. Defendants' Products are "good" within the meaning of FDUTPA, and Defendants are engaged in "trade or commerce" within the meaning of FDUTPA.

79. Defendants' unfair and deceptive practices are likely to mislead—and have misled—reasonable consumers, such as Plaintiff and members of the Class.

80. Defendants have violated FDUTPA by engaging in the unfair and deceptive practices described above, which offend public policies and are immoral, unethical, unscrupulous, and substantially injurious to consumers.

81. Specifically, Defendants represent that the Products contain "100%" Parmesan cheese, when in fact they do not.

82. Plaintiff and Class members have been aggrieved by Defendants' unfair and deceptive practices in violation of FDUTPA, in that they paid money for Defendants' mislabeled Products.

83. Reasonable consumers rely on Defendants to honestly represent the true nature of the contents of the Products' packaging.

84. Defendants have deceived reasonable consumers, like Plaintiff and members of the Class, into believing the Products are something they are not; specifically that the Products are comprised of "100%" cheese, when they are not.

85. Pursuant to Sections 501.211(2) and 501.2105, Florida Statutes, Plaintiff and members of the Class make claims for damages, attorney's fees, and costs. The damages suffered by Plaintiff and the Class were directly and proximately caused by the deceptive, misleading, and unfair practices of Defendants. Pursuant to Section 501.211(1), Florida Statutes, Plaintiff and the

Class seek injunctive relief for, *inter alia*, the Court to enjoin Defendants' above-described wrongful acts and practices and for restitution and disgorgement.

86.     Plaintiff seeks all available remedies, damages, and awards as a result of Defendants' violations of FDUTPA.

**COUNT VII**
**Violation of California Unfair Competition Law ("UCL"),**
**California Business & Professions Code § 17200, *et seq.***
**On Behalf of the California Class**

87.     Plaintiff Reeves ("Plaintiff" for purposes of Counts VII and VIII) reasserts and realleges all of the preceding paragraphs as if fully set forth herein.

88.     The Unfair Competition Law, Business & Professions Code § 17200, *et seq.*, prohibits any unlawful, fraudulent, or unfair business act or practice and any false or misleading advertising.

89.     In the course of conducting business, Defendants committed unlawful business practices by, among other things, making representations (which also constitute advertising within the meaning of §§ 17200 and 17500) and omissions of material facts regarding the Products in their advertising campaign, including the Products' packaging, as set forth more fully herein. These representations constitute a misbranding of the Products, as prohibited by Section 110765 of the California Health & Safety Code, and the Food and Drug Administration's regulations, 21 C.F.R. §§ 101.18, and 21 U.S.C. §§ 342, 343, because Defendants' advertising and labeling of the Products are false and misleading in that they state that the Products assert the 100% Claims when, in fact, they contain substances other than cheese. Defendants have also violated the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 343, because they manufactured and introduced into interstate commerce misbranded Products. This conduct constitutes violations of the unfair prong of Section 17200.

81.     In the course of conducting business, Defendants committed unfair business practices by, among other things, making the representations (which also constitute advertising within the meaning of §§ 17200 and 17500) and omissions of material facts regarding the Products in their advertising campaign, including the Products' packaging, as set forth more fully herein. There is no societal benefit from false advertising, only harm. Plaintiff and the other Class members paid for lower-value products that were not what they purported to be. While Plaintiff and the other Class members were harmed, Defendants were unjustly enriched by their false misrepresentations and omissions. As a result, Defendants' conduct is unfair, as it offended an established public policy. Further, Defendants engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

82.     Defendants' conduct violated consumer protection, unfair competition, and truth in advertising laws in California and other states, resulting in harm to consumers. Defendants' acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition, and deceptive conduct towards consumers. This conduct violates the unlawful prong of Section 17200.

83.     There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

84.     In the course of conducting business, Defendants committed fraudulent business acts or practices by, among other things, making the representations (which also constitute advertising within the meaning of §§ 17200 and 17500) and omissions of material facts regarding the Products in their advertising campaign, including on the Products' packaging and labeling, as set forth more fully herein. Defendants made the misrepresentations and omissions regarding the ingredients, character, and contents of the Products, among other ways by misrepresenting on each

and every Product's packaging and labeling that the Products contain "100%" grated Parmesan cheese, when in fact, the representations are false and deceptive. The Products do not contain just one ingredient, cheese. They contain substances other than the promised cheese as well.

85.    Plaintiff and the other Class members have suffered injury in fact and lost money or property as a result of Defendants' conduct.

86.    Plaintiff relied on Defendants' material misrepresentations and omissions, which are described above. Plaintiff has suffered injury in fact and lost money as a result of Defendants' unlawful, unfair, and fraudulent practices.

87.    Unless restrained and enjoined, Defendants will continue to engage in the above-described conduct in violation of Section 17200, entitling Plaintiff and the other Class members to injunctive relief. If Defendants continue to engage in the violations of Section 17200 described above, Plaintiff and the Class members will likely be deceived in the future when they shop for Defendants' Products, not knowing the truth about the representations Defendants make.

<u>**COUNT VIII**</u>
<u>**Violation of the California Consumers Legal Remedies Act ("CLRA")**</u>
<u>**California Civil Code §§ 1750, *et seq.***</u>
<u>**On Behalf of the California Class**</u>

88.    Plaintiff Reeves ("Plaintiff" for purposes of Counts VII and VIII) repeats and realleges the foregoing paragraphs as if fully set forth herein.

89.    The Products are goods within the meaning of Section 1761(a).

90.    Defendants violated and continue to violate the CLRA by engaging in the following prohibited practices in transactions with Plaintiff and the Class members which Defendants intended to result in, and did result in, the sale of Products:

A.    Representing that the Products have characteristics, ingredients, uses, benefits, or quantities which they do not have (Cal. Civ. Code § 1770(a)(5));

B.      Representing that the Products are of a particular standard, quality, or grade when they are of another (Cal. Civ. Code § 1770(a)(7));

C.      Advertising goods with intent not to sell them as advertised (Cal. Civ. Code § 1770(a)(9)); and

D.      Representing that the Products have been supplied in accordance with a previous representation when they have not (Cal. Civ. Code § 1770(a)(16)).

91.     Defendants violated the CLRA by representing and failing to disclose material facts on the Products' labeling and associated advertising, as described above, when they knew that the representations were false and misleading and that the omissions were of material facts they were obligated to disclose.

92.     Pursuant to Section 1782(d), Plaintiff, individually and on behalf of the Class members, seeks a Court order enjoining the above-described wrongful acts and practices of Defendants and for restitution and disgorgement.

## **<u>REQUEST FOR RELIEF</u>**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully request that the Court enter judgment in their favor and against Defendants as follows:

A.      Certifying the Class under Federal Rule of Civil Procedure 23, as requested herein;

B.      Appointing Plaintiffs as Class Representative and Plaintiffs' Interim Co-Lead Counsel as Class Counsel;

C.      Awarding Plaintiffs and the Class members actual, compensatory, statutory, and consequential damages;

D.      Awarding Plaintiffs and the Class members declaratory and injunctive relief;

E.      Awarding Plaintiffs and the Class members restitution and disgorgement;

F.    Imposing a constructive trust for the benefit of Plaintiffs and the Class members on the unjustly retained benefits conferred by Plaintiffs and the Class members upon Defendants;

G.    Awarding Plaintiffs and the Class members reasonable attorneys' fees, costs, and expenses; and

H.    Granting such other relief as the Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiffs, individually and on behalf of all others similarly situated, hereby request a jury trial, pursuant to Federal Rule of Civil Procedure 38, on all claims so triable.

DATED: November 3, 2016        Respectfully submitted,

s/ Ben Barnow

Ben Barnow
Erich P. Schork
Barnow and Associates, P.C.
1 North LaSalle St., Suite 4600
Chicago, Illinois 60602
b.barnow@barnowlaw.com
e.schork@barnowlaw.com
(312) 621-2000 (ph)
(312) 641-5504 (fax)

Timothy G. Blood
Camille S. Bass
Blood Hurst & O'Reardon, LLP
701 B Street, Suite 1700
San Diego, CA 92101
tblood@bholaw.com
cbass@bholaw.com
(619) 338-1100 (ph)
(619) 338-1101 (fax)

Lori G. Feldman
Andrea Clisura
Levi & Korsinsky LLP
30 Broad Street, 24th Floor
New York, NY 10004
lfeldman@zlk.com
aclisura@zlk.com
(212) 363-7500 (ph)
(212) 363-7171 (fax)

*Plaintiffs' Interim Co-Lead Counsel*

John J. Driscoll
The Driscoll Firm, P.C.
211 N. Broadway, 40th Floor
St. Louis, MO 63102
(314) 932-3232 (t)
(314) 932-3233 (f)
john@thedriscollfirm.com

Janine L. Pollack
Wolf Haldenstein Adler Freeman & Herz
LLP
270 Madison Avenue
New York, New York 10016
(212) 545-4600 (t)
(212) 545-4653 (f)
Pollack@whafh.com

*Plaintiffs' Executive Committee for Target Corp. and ICCO-Cheese Co., Inc. Track*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was filed on November 3, 2016, with the Clerk of the Court by using the CM/ECF system which will send a w of filing to all counsel of record.

/s/ Ben Barnow