**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION | 16 CV 5802 |
| | MDL 2705 |
| | Judge Gary S. Feinerman |
| *This Document Relates to All Cases on The Publix Super Markets, Inc. Track* | |

**CONSOLIDATED CLASS ACTION**
**COMPLAINT AGAINST PUBLIX SUPER MARKETS, INC.**

Plaintiffs Carmen Pellitteri and Erin Rudder ("Plaintiffs"), individually and on behalf of all others similarly situated, upon personal knowledge of facts pertaining to themselves and on information and belief as to all other matters, by and through undersigned Interim Co-Lead Counsel, bring this class action complaint against Defendant Publix Super Markets, Inc. ("Publix" or "Defendant").

## <u>NATURE OF THE ACTION</u>

1.     This consumer class action arises out of Publix's misbranding and false and misleading advertising of its "100% Real Grated Parmesan Cheese" and "100% Real Grated Romano Parmesan Cheese" products (the "Products"). Defendant's advertisements, including its labels, represent the Products as "100% Real Grated Parmesan Cheese" and "100% Real Grated Romano Parmesan Cheese" (the "100% Claims"), but these representations are false, misleading, and likely to deceive the reasonable consumer because the Products are not 100% cheese.

2.     Rather than being comprised of all cheese, the Products contain fillers and additives, such as cellulose, an inexpensive filler derived from wood pulp. The Products are not "100% Real Grated Parmesan Cheese" or "100% Real Grated Romano Parmesan Cheese."

3.     As a result of the false, misleading, untrue, and deceptive statements on the Products' labels and other advertisements, Plaintiffs and the other Class members did not receive that which was promised.

4.     Plaintiffs bring this class action on behalf of themselves and all other similarly situated consumers to recover the amounts Plaintiffs and the other Class members overpaid, to prevent Defendant from continuing to engage in this conduct, and to correct the false perception it has created in the marketplace.

## JURISDICTION AND VENUE

5.      The Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. §1332(d) because the case is brought as a class action under Fed. R. Civ. P. 23, at least one proposed class member is of diverse citizenship from Defendant, the proposed Class includes more than 100 members, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

6.      Venue is proper in this District because the underlying lawsuits in this matter were transferred by the Judicial Panel on Multidistrict Litigation to this Court for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407. Venue is proper in the transferor courts' districts because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the districts and Defendant conducted (and continues to conduct) substantial business in the districts. Plaintiffs in the transferred actions reserve their rights of remand to the districts from which they were transferred at or before the conclusion of the pretrial proceedings.

## PARTIES

7.      Plaintiff Carmen Pellitteri ("Pellitteri") is a citizen of Florida. Pellitteri purchased Publix's "100% Real Grated Romano Parmesan Cheese" in December of 2015 from the Publix Supermarket in Lake Worth, Florida, after reading the label representing that it was "100% Real Grated Romano Parmesan Cheese." Pellitteri purchased the Product believing it was 100% Romano and Parmesan cheese. Pellitteri did not receive that which he was promised.

8.      Plaintiff Erin Rudder ("Rudder") is a citizen of Florida. Rudder purchased Publix's "100% Real Grated Parmesan Cheese" in 2014 from the Publix Supermarket in Lake Worth, Florida, after reading the label representing that it was "100% Real Grated Parmesan Cheese."

Rudder purchased the Product believing it was 100% Parmesan cheese. Rudder did not receive that which she was promised.

9.       Defendant Publix is a Florida corporation with its principal place of business located at 3300 Publix Corporate Parkway, Lakeland, Florida 33811. Publix was founded in Florida in 1930, and is one of the 10 largest volume supermarket chains in the United States. In 2015, its retail sales were $32.4 billion. Publix has a total of 1,128 stores with locations in Florida, Alabama, Georgia, North Carolina, South Carolina, and Tennessee. Publix manufactures, sells, distributes, and advertises the Products.

## FACTUAL BACKGROUND

10.      According to the United States Department of Agriculture, in 2015, output of Parmesan cheese rose 11% from 2014, to around 336 million pounds, while Romano production grew 20% to 54 million pounds.[1]

11.      Cellulose is an organic polymer. It is not cheese or any other type of dairy product. Its main use is in the production of paperboard and paper. Humans cannot digest cellulose, and it provides no nutritional calories. Cellulose is often used as a filler.

12.      The Products' package labels prominently represent the Products as "100% Real Grated Parmesan Cheese" or "100% Real Grated Romano Parmesan Cheese." Representative packaging of the Products appears below:

---

[1]      Lydia Mulvany, Bloomberg, *The Parmesan Cheese You Sprinkle on Your Penne Could Be Wood*, available at https://www.bloomberg.com/news/articles/2016-02-16/the-parmesan-cheese-you-sprinkle-on-your-penne-could-be-wood (last visited Dec. 13, 2016).

 

13.     The Products do not contain "100% Real" Parmesan or Parmesan and Romano cheeses contrary to Defendant's 100% Claims. Instead, a significant portion of Defendant's Products is cellulose.

14.     Because the Products are not all cheese, Defendant's advertising, including the labels, is false, misleading, unfair, deceptive, and intended to induce consumers to purchase the Products.

15.     Plaintiffs and the other Class members did not receive that which was promised and represented to them. Each has been exposed to Defendant's advertisements and has seen the Products' labels. Plaintiffs and the other Class members overpaid for the Products they purchased.

## <u>CLASS ACTION ALLEGATIONS</u>

16.     Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), on behalf of a class defined as:

> All persons who purchased, other than for resale, Publix's 100% Real Grated Parmesan Cheese or 100% Real Grated Romano Parmesan Cheese products.

Excluded from the Class are: (i) Defendant and its officers and directors, agents, affiliates, subsidiaries, and authorized distributors and dealers; (ii) all Class members that timely and validly request exclusion from the Class; and (iii) the Judge presiding over this action.

17.     Alternatively, Plaintiffs bring this action on behalf of a class defined as:

> All persons who purchased, other than for resale, in the State of Florida Publix's 100% Real Grated Parmesan Cheese or 100% Real Grated Romano Parmesan Cheese products.

Excluded from the Class are: (i) Defendant and its officers and directors, agents, affiliates, subsidiaries, and authorized distributors and dealers; (ii) all Class members that timely and validly request exclusion from the Class; and (iii) the Judge presiding over this action.

18.     Certification of Plaintiffs' claims for classwide treatment is appropriate because Plaintiffs can prove the elements of their claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

19.     The members of the Class are so numerous that joinder of the Class members would be impracticable.

20.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members, including, without limitation:

A.     Whether Defendant engaged in the conduct alleged;

B.     Whether Defendant misrepresented the content of the Products or misbranded them;

C.     Whether Defendant's misrepresentations were false, misleading, or likely to mislead a reasonable person;

D.     Whether Defendant's representation that the Products' contents consisted of 100% cheese created an express warranty;

E.    Whether Plaintiffs and the other Class members paid for a product that they did not receive;

F.    Whether Plaintiffs and the other Class members have been damaged, and if so, the measure of such damages;

G.    Whether Defendant unjustly retained a benefit conferred by Plaintiffs and the other Class members; and

H.    Whether Plaintiffs and the other Class members are entitled to equitable relief, including but not limited to, a constructive trust, restitution, and injunctive relief.

21.    Plaintiffs' claims are typical of the claims of the Class members because, among other things, Plaintiffs and the other Class members were injured through the substantially uniform misconduct described above. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all Class members.

22.    Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the other Class members they seek to represent, they have retained counsel competent and experienced in complex commercial and class action litigation, and Plaintiffs intend to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiffs and their counsel.

23.    A class action is also warranted under Fed. R. Civ. P. 23(b)(2), because Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole. Defendant has directed and continues to direct its conduct to all consumers in a uniform manner. Therefore,

injunctive relief on a classwide basis is necessary to remedy continuing harms to Plaintiffs and the other Class members caused by Defendant's continuing misconduct.

24.     A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other detriment suffered by Plaintiffs and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class members to individually seek redress for Defendant's wrongful conduct. Even if Class members could afford individual litigation, the court system should not be required to undertake such an unnecessary burden. Individualized litigation would also create a potential for inconsistent or contradictory judgments and increase the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## CLAIMS

### COUNT I
### Violation of the Florida Deceptive and Unfair Trade Practices Act
### Fla. Stat. §§ 501.201, *et seq.*
### On Behalf of Plaintiffs and the Multistate Class,
### Or in the Alternative, On Behalf of the Florida Class

25.     Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

26.     The Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201 *et seq.* ("FDUTPA") prohibits unfair methods of competition and unfair or deceptive acts or practices, including, but not limited to, the use or employment of any deception, fraud, false pretense, false promise, or misrepresentation in the conduct of any trade or commerce.

27.     Plaintiffs and the Class members are consumers who purchased the Products.

28.     Defendant's conduct, described above, in misrepresenting the Products as 100% Real Grated Parmesan Cheese or 100% Real Grated Romano Parmesan Cheese, while omitting the fact that the Products contained cellulose and other adulterants and additives at unnecessary and excessive levels, constitutes an unfair or deceptive practice and was and is likely to mislead a reasonable consumer.

29.     A reasonable consumer would consider the presence and quantity of non-cheese substances, such as cellulose and other adulterants and additives, to be important when making a decision to purchase the Products.

30.     Defendant's practices were and continue to be unfair because they offend public policy, are immoral, unethical, oppressive, and unscrupulous, and cause substantial injury to consumers. Defendant sold and is selling a foodstuff with excessive quantities of a cheap filler and other adulterants and additives, with little or no nutritional or other value or benefit, for the sole purpose of increasing profit margins.

31.     Defendant's unfair and deceptive acts or practices were the foreseeable and actual cause of Plaintiffs and the Class members suffering actual damage on account of receiving a product that was not 100% Real Grated Parmesan Cheese or 100% Real Grated Romano Parmesan Cheese.

32.     Plaintiffs and the Class members paid a particular price for a product as represented by the 100% Claims. When they received a product that was not 100% Real Grated Parmesan Cheese or 100% Real Grated Romano Parmesan Cheese, Plaintiffs and the Class members were damaged on account of receiving Products worth less than as represented.

**COUNT II**
**Breach of Express Warranty**
**On Behalf of Plaintiffs and the Multistate Class,**
**Or in the Alternative, On Behalf of the Florida Class**

33.     Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

34.     Defendant, as the marketer, distributor, or seller of the Products is a merchant.

35.     Plaintiffs and the other Class members purchased the Products that were manufactured and sold by Defendant in consumer transactions.

36.     Defendant made affirmations of fact to Plaintiffs and the other Class members relating to and describing the Products that the Products were 100% Parmesan cheese or 100% Romano and Parmesan cheese.

37.     Defendant's 100% Claims were affirmations of fact and descriptions of the Products, including that the container in which the Product was sold consisted of only cheese. These affirmations of fact and descriptions formed the basis of the bargain between Plaintiffs and the other Class members and Defendant, creating an express warranty under Uniform Commercial Code, 2-313—an identical or substantially similar version of which has been and is currently enacted in each and every state.

38.     Defendant's Products were accompanied by an express warranty when placed in the stream of commerce by Defendant.

39.     All conditions precedent have occurred or been performed.

40.     Defendant breached the express warranty by selling products that did not conform to the affirmations of fact and descriptions.

41.     At the time of sale to Plaintiffs and the other Class members, Defendant had actual knowledge that it breached express warranties with Plaintiffs and the other Class members.

42.     As a result of Defendant's breach of warranty, Plaintiffs and the Class members were damaged.

**COUNT III**
**Breach of Implied Warranty of Merchantability**
**On Behalf of the Multistate Class,**
**Or in the Alternative, On Behalf of the Florida Class**

43.     Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

44.     Defendant, as the marketer, distributor, or seller of the Products is a merchant.

45.     Plaintiffs and the other Class members purchased the Products that were sold by Defendant in consumer transactions.

46.     The implied warranty of merchantability requires that goods be adequately contained, packaged, and labeled, and the goods must conform to the promises or affirmations of fact made on the container or label.

47.     The Products are not adequately contained, packaged, or labeled because they are misbranded.

48.     The Products do not conform to the promises and affirmations of facts made on their containers and labels because they do not consist of 100% of the cheeses identified on the labels.

49.     Plaintiffs and the other members of the Class did not receive the Products as warranted.

50.     As a result of Defendant's breach of warranty, Plaintiffs and members of the Class suffered damages by purchasing the Products because they would not have purchased the Products, or would have paid substantially less for them, had they known the truth.

**COUNT IV**
**Unjust Enrichment**
**On Behalf of the Multistate Class,**
**Or in the Alternative, On Behalf of the Florida Class**

51.     Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

52.     Defendant has been unjustly enriched to Plaintiffs' and the Class members' detriment as a result of its unlawful and wrongful retention of money conferred by Plaintiffs and the other Class members, such that Defendant's retention of their money would be inequitable.

53.     Defendant's unlawful and wrongful acts, as alleged above, enabled Defendant to unlawfully receive monies it would not have otherwise obtained.

54.     Plaintiffs and the Class members have conferred benefits on Defendant, which Defendant has knowingly accepted and retained.

55.     Defendant's retention of the benefits conferred by Plaintiffs and the Class members would be against fundamental principles of justice, equity, and good conscience.

56.     Plaintiffs and the Class members seek to disgorge Defendant's unlawfully retained profits and other benefits resulting from its unlawful conduct, and seek restitution and rescission for the benefit of Plaintiffs and the other Class members.

57.     Plaintiffs and the other Class members are entitled to the imposition of a constructive trust upon Defendant, such that its unjustly retained profits and other benefits are distributed equitably by the Court to and for the benefit of Plaintiffs and the other Class members.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully request that the Court enter judgment in their favor and against Defendant as follows:

A.     Certifying the Class under Federal Rule of Civil Procedure 23, as requested herein;

B.     Appointing Plaintiffs as Class Representatives and Plaintiffs' Interim Co-Lead Counsel as Class Counsel;

C.     Awarding Plaintiffs and the other Class members actual, compensatory, statutory, and consequential damages;

D.     Awarding Plaintiffs and the other Class members declaratory and injunctive relief;

E.     Awarding Plaintiffs and the other Class members restitution and disgorgement;

F.     Imposing a constructive trust for the benefit of Plaintiffs and the other Class members on the unjustly retained benefits conferred by Plaintiffs and the other Class members upon Defendant;

G.     Awarding Plaintiffs and the other Class members reasonable attorneys' fees, costs, and expenses; and

H.     Granting such other relief as the Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiffs, individually and on behalf of all others similarly situated, hereby request a jury trial, pursuant to Federal Rule of Civil Procedure 38, on all claims so triable.

Dated: December 27, 2016                    Respectfully submitted,


                                             s/  Ben Barnow


                                            Ben Barnow
                                            Erich P. Schork
                                            Barnow and Associates, P.C.
                                            1 North LaSalle St., Suite 4600
                                            Chicago, Illinois 60602
                                            b.barnow@barnowlaw.com
                                            e.schork@barnowlaw.com
                                            (312) 621-2000 (ph)
                                            (312) 641-5504 (fax)

Timothy G. Blood
Camille S. Bass
Blood Hurst & O'Reardon, LLP
701 B Street, Suite 1700
San Diego, CA 92101
tblood@bholaw.com
cbass@bholaw.com
(619) 338-1100 (ph)
(619) 338-1101 (fax)

Lori G. Feldman
Andrea Clisura
Levi & Korsinsky LLP
30 Broad Street, 24th Floor
New York, NY 10004
lfeldman@zlk.com
aclisura@zlk.com
(212) 363-7500 (ph)
(212) 363-7171 (fax)

*Plaintiffs' Interim Co-Lead Counsel*

Cari Campen Laufenberg
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
claufenberg@kellerrohrback.com
(206) 623-1900 (ph)
(206) 623-3384 (fax)

*Plaintiffs' Executive Committee Member for*
*Publix Super Markets, Inc. Track*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing document was filed on December 27, 2016, with the Clerk of the Court by using the CM/ECF system which will send a notice of filing to all counsel of record.

<u>/s/ Ben Barnow             </u>