**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| **IN RE: 100% GRATED PARMESAN CHEESE MARKING AND SALES PRACTICES LITIGATION** ) ) ) ) | Case No.: 1:16-CV-05802 (MDL No. 2705) |
| *This Document Relates to All Cases on the Target and Wal-Mart Tracks* ) ) ) ) | The Hon. Gary S. Feinerman |

**MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINTS AGAINST TARGET CORPORATION AND ICCO-CHEESE COMPANY, INC.**

Defendants Target Corporation ("Target"), and ICCO-Cheese Company, Inc. ("ICCO") (collectively, "Defendants"), by and through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), hereby file this Motion to Dismiss the Consolidated Class Action Complaints against Target, Wal-Mart Stores, Inc. ("Wal-Mart") and ICCO in the above-captioned matter. In support of that motion, Defendants state as follows:

1. Plaintiffs' claims are expressly preempted by the Food, Drug, and Cosmetic Act and the Nutrition Labeling and Education Act of 1990. The Food and Drug Administration ("FDA") has established a "standard of identity" for grated cheeses, which defines what grated cheese is and what it contains, including optional "non-cheese" ingredients. Defendants' Products comply with this standard of identity in all respects, and the Products' labels accurately reflect that the Products are 100% of what the FDA defines to be grated parmesan cheese. Plaintiffs are preempted from attempting to hold Defendants to a different definition or standard.

2. Plaintiffs' claims are also conflict preempted, as the FDA has stated that it is proper to label a grated parmesan cheese product that meets the standard of identity for grated cheeses as "100%" grated parmesan cheese. Plaintiffs are prohibited from creating a situation in which acting consistent with the FDA's guidance gives rise to state law liability.

3. Plaintiffs Complaints do not state a plausible claim for relief, as they fail to (a) plausibly allege that the Products' labels are likely to deceive a reasonable consumer; (b) plead sufficient facts to state a claim against each Defendant, but instead resort to group pleading; and (c) plead any facts in support of their alleged injuries.

4. Plaintiffs lack Article III standing to bring their claims, as they have not pleaded facts that, if true, would satisfy the required "injury-in-fact" and "causation" elements of standing. Plaintiffs additionally lack standing to represent a nationwide class or to request injunctive relief.

5. Plaintiffs fail as a matter of law to plead sufficient facts in support of their claims for breach of express and implied warranty, unjust enrichment, and consumer fraud.

6. In support of this Motion, Defendants adopt and incorporate herein the points and authorities set forth in the accompanying Memorandum of Law in Support of Motion to Dismiss Consolidated Class Action Complaints.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiffs' Consolidated Class Action Complaints in their entirety, with prejudice, and grant Defendants any other relief as this Court deems just and proper.

Dated: January 6, 2017                               Respectfully submitted,

/s/ Joshua A. Glikin
Joshua A. Glikin (General Bar No.: 008107)
Patrick R. Buckler (admitted *pro hac vice*)
Bowie & Jensen, LLC
29 W. Susquehanna Avenue, Suite 600
Towson, Maryland  21204
Telephone: (410) 583-2400
glikin@bowie-jensen.com
buckler@bowie-jensen.com

*Attorneys for Defendants Target Corporation and ICCO-Cheese Company, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was filed on January 6, 2017, with the Clerk of the Court by using the CM/ECF system which will send a notice of filing to all counsel of record.

/s/ Joshua A. Glikin
Joshua A. Glikin