**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: 100% GRATED PARMESAN** | ) | MDL No. 2705 |
| **CHEESE MARKETING AND SALES** | ) | No. 16 cv 5802 |
| **PRACTICES LITIGATION** | ) | |
| | ) | |
| | ) | Hon. Gary S. Feinerman |
| | ) | United States District Court Judge |
| ***This Document Relates to All Cases on*** | ) | |
| ***the Wal-Mart Track*** | ) | |

**DEFENDANT WAL-MART STORES, INC.'S MEMORANDUM IN SUPPORT OF ITS
<u>MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT</u>**

## TABLE OF CONTENTS

Page

I.      Introduction ...................................................................................................1

II.     Plaintiffs' Factual Allegations ......................................................................2

III.    The Applicable Legal Standard .....................................................................3

IV.     Plaintiffs Lack Article III Standing to Assert Their Claims ..........................4

        A.      Plaintiffs Lack Standing to Assert Fraud-Based Claims Against Wal-Mart ..........4

        B.      Plaintiffs Lack Standing to Assert Claims for Injunctive Relief ...........................5

V.      The Complaint Must Be Dismissed in Its Entirety Because It Fails to Allege Any Plausible, Non-Conclusory Claims Against Wal-Mart.......................6

VI.     Plaintiffs' Breach of Warranty Claims Should Be Dismissed .........................8

        A.      Plaintiffs Fail to Adequately Allege Pre-Suit Notice.............................................8

        B.      Plaintiffs Fail to State a Claim for Breach of Any Warranty................................10

VII.    Plaintiffs' Labeling Claims Must Be Dismissed Pursuant to the Safe Harbor Doctrine or, in the Alternative, Are Preempted ................................12

VIII.   Plaintiff Rollinger's Claims Should Be Dismissed for Additional Reasons....................12

        A.      Rollinger Fails to State a Consumer Fraud Claim Under Minnesota Law ...........12

        B.      Rollinger Fails to State an Unjust Enrichment Claim............................................14

IX.     Plaintiff Ducorsky's Claims Should Be Dismissed for Additional Reasons ...................15

        A.      Ducorsky Fails to State a Consumer Fraud Claim Under New York Law...........15

        B.      Ducorsky Fails to State an Unjust Enrichment Claim Under New York Law ...................................................16

X.      Plaintiff Sikes' Claims Should Be Dismissed for Additional Reasons............................16

        A.      Sikes Fails to State a Consumer Fraud Claim Under Florida Law .......................16

        B.      Sikes Fails to State an Unjust Enrichment Claim Under Florida Law .................18

XI.     Plaintiff Schmoll's Claims Should Be Dismissed for Additional Reasons .....................18

i

A.   Schmoll Fails to State a Consumer Fraud Claim Under New Jersey Law ............18

B.   Schmoll Fails to State an Unjust Enrichment Claim Under New Jersey Law ..................................................................................................20

XII.   Plaintiff Wills' Claims Should Be Dismissed for Additional Reasons...........................20

A.   Wills Fails to State a Consumer Fraud Claim Under Alabama Law ....................20

B.   Wills Fails to State an Unjust Enrichment Claim Under Alabama Law...............21

XIII. Plaintiff Reeves' Claims Should Be Dismissed For Additional Reasons...........................22

A.   Reeves Fails to State a Consumer Fraud Claim Under California Law ...............22

B.   Reeves Fails to State an Unjust Enrichment Claim Under California Law ..........24

XIV. CONCLUSION .............................................................................................................25

# TABLE OF AUTHORITIES

**Cases**      **Page(s)**

*Adkins v. Nestle Purina PetCare Co.*,
  973 F.Supp. 2d 905 (N.D. Ill. 2013).................................................................24

*Alvarez v. Chevron Corp.*,
  656 F.3d 925 (9th Cir. 2011) ...........................................................................8

*Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*,
  390 F. Supp. 2d 1170 (M.D. Fla. 2005)........................................................18

*Argabright v. Rheem Mfg. Co.*,
  No. CV 15-5243, 2016 WL 4402819 (D.N.J. Aug. 16, 2016)..............................11

*Armadillo Distribution Enterprises, Inc. v. Hai Yun Musical Instruments*
  *Manufacture Co.*,
  142 F. Supp. 3d 1245, 1254 (M.D. Fla. 2015) ...............................................8

*Backhaut v. Apple, Inc.*,
  74 F. Supp. 3d 1033, 1047-49 (N.D. Cal. 2014)..........................................22

*Bank of Am., N.A. v. Knight*,
  725 F.3d 815 (7th Cir. 2013) .........................................................................6

*Barakezyan v. BMW of N. Am.*,
  LLC, No. CV-16-00173, 2016 WL 2840803 (C.D. Cal. Apr. 7, 2016)..................11

*Blystra v. Fiber Tech Grp., Inc.*,
  407 F. Supp. 2d 636 (D.N.J. 2005) ...............................................................20

*Bohac v. Gen. Mills, Inc.*,
  No. 12-CV-05280-WHO, 2014 WL 1266848 (N.D. Cal. Mar. 26, 2014)..............11

*Boris v. Wal-Mart Stores, Inc.*,
  35 F. Supp. 3d 1163, 1175 (C.D. Cal. 2014) .................................................24

*Browe v. Evenflo Co.*,
  No. CIV. 14-4690, 2015 WL 3915868 (D. Minn. June 25, 2015)......................11

*Buetow v. A.L.S. Enter., Inc.*,
  888 F. Supp. 2d 956 (D. Minn. 2012)...........................................................14

*Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach County, Inc.*,
  169 So. 3d 164 (Fla. Dist. Ct. App. 2015) .............................................................17

*Cattie v. Wal-Mart Stores, Inc.*,
  504 F. Supp. 2d 939 (S.D. Cal. 2007) ..................................................................24

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
  20 Cal. 4th 163 (1999) ..........................................................................................23

*Chicago Faucet Shoppe, Inc. v. Nestle Waters N. Am. Inc.*,
  24 F. Supp. 3d 750 (N.D. Ill. 2014) .......................................................................7

*Chin v. Gen. Mills, Inc.*,
  No. CIV. 12-2150, 2013 WL 2420455 (D. Minn. June 3, 2013)............................10

*In re ConAgra Foods, Inc.*,
  90 F. Supp. 3d 919 (C.D. Cal. 2015) ......................................................................6

*Cooper v. Bristol-Myers Squibb Co.*,
  No. CIV.A.07-885(FLW), 2009 WL 5206130 (D.N.J. Dec. 30, 2009)...................21

*Corsello v. Verizon N.Y., Inc.*,
  18 N.Y.3d 777, 967 N.E.2d 1177 (2012) ...............................................................16

*Cortez v. Purolator Air Filtration Prods. Co.*,
  23 Cal. 4th 163 (2000) ...........................................................................................24

*Dairyland Ins. Co. v. General Motors Corp.*,
  549 So.2d 44 (Ala. 1989) ........................................................................................12

*Damon v. Groteboer*,
  937 F. Supp. 2d 1048 (D. Minn. 2013) ...................................................................14

*Deerman v. Fed. Home Loan Mortg. Corp.*,
  955 F. Supp. 1393 (N.D. Ala. 1997) .......................................................................21

*Della Ratta v. Della Ratta*,
  927 So. 2d 1055 (Fla. Dist. Ct. App. 2006) ...........................................................18

*Drobnak v. Andersen Corp.*,
  561 F.3d 778 (8th Cir. 2009) ...................................................................................8

*Ebner v. Fresh, Inc.*,
  838 F.3d 958 (9th Cir. 2016) ..................................................................................23

*Fermin v. Pfizer Inc.*,
  No. 15CV 2133(SJ) (ST), 2016 WL 6208291 (E.D.N.Y Oct. 18, 2016)...............15

*Fink v. Time Warner Cable*,
  714 F.3d 739 (2d Cir. 2013)............................................................................7

*First Nat. Bank of St. Paul v. Ramier*,
  311 N.W.2d 502 (Minn. 1981).......................................................................15

*In re Fluidmaster*,
  149 F. Supp. 3d 940 (N.D. Ill. 2016) ............................................................24

*In re Ford Motor Co. E-350 Van Prod. Liab. Litig. (No. II)*,
  No. CIV03-4558(HAA), 2008 WL 4126264 (D.N.J. Sept. 2, 2008)......................10

*Frank v. DaimlerChrysler Corp.*,
  741 N.Y.S.2d 9 (2002)..................................................................................16

*Frankle v. Best Buy Stores, L.P.*,
  609 F. Supp. 2d 841 (D. Minn. 2009).............................................................6

*Franulovic v. Coca- Cola Co.*,
  2007 WL 3166953 (D.N.J. Oct. 25, 2007).......................................................19

*Freeman v. Time, Inc.*,
  68 F.3d 285 (9th Cir. 1995) .............................................................................7

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
  528 U.S. 167 (2000)........................................................................................4

*In re Frito-Lay N. Am., Inc. All Nat. Litig.*,
  No. 12-MD-2413 RRM RLM, 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) ...................8, 9

*Gomez-Jimenez v. New York Law School*,
  956 N.Y.S. 2d 54 (2012)...............................................................................15

*Gordon v. Pfizer, Inc.*,
  No. CV-06-RRA-703-E, 2006 WL 2337002 (N.D. Ala. May 22, 2006) ................12

*Group Health Plan, Inc. v. Philip Morris Inc.*,
  621 N.W.2d 2 (Minn. 2001)...........................................................................13

*Hammer v. Vital Pharm., Inc.*,
  No. CIV.A. 11-4124, 2012 WL 1018842 (D.N.J. Mar. 26, 2012)..........................8

*Hart v. Yamaha-Parts Distributors, Inc.*,
  787 F.2d 1468 (11th Cir. 1986) .......................................................................8

*Hassler v. Sovereign Bank*,
  644 F. Supp. 2d 509 (D.N.J. 2009) ...............................................................19

*Herron v. Best Buy Stores, L.P.*,
No. 12-cv-02103-GEB-JFM, 2014 WL 5514176 (E.D. Cal. Oct. 31, 2014).........................23

*Hoffman v. Hampshire Labs, Inc.*,
405 N.J. Super. 105 (App. Div. 2009) .......................................................................................19

*Hoffman v. Nordic Nats., Inc.*,
No. 12-CV-05870 SDW MCA, 2014 WL 1515602 (D.N.J. Apr. 17, 2014).........................20

*Ibarrola v. Kind, LLC*,
No. 13 C 50377, 2014 WL 3509790 (N.D. Ill. July 14, 2014) ..................................................7

*Jordan v. Mitchell*,
705 So. 2d 453 (Ala. Civ. App. 1997) .......................................................................................22

*Jovine v. Abbott Laboratories*,
795 F. Supp. 2d 1331 (S.D. Fla. 2011) .....................................................................................18

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ..................................................................................................23

*Koronthaly v. L'Oreal USA, Inc.*,
374 Fed. App'x 257 (3d Cir. 2010)...........................................................................................19

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)...................................................................................................................4

*Luppino v. Mercedes-Benz USA, LLC*,
No. CIV. 09-5582 DMC JAD, 2011 WL 2470625 (D.N.J. June 20, 2011) ..............................8

*Mahoney v. Endo Health Sols., Inc.*,
No. 15CV9841(DLC), 2016 WL 3951185 (S.D.N.Y. July 20, 2016)...............................11, 16

*Marathon Structured Fin. Fund, LP v. Paramount Pictures Corp.*,
622 F. App'x 85 (2d Cir. 2015) ................................................................................................16

*Marty v. Anheuser-Busch Cos., LLC*,
43 F. Supp. 3d 1333 (S.D. Fla. 2014) .........................................................................................6

*Mason v. Coca-Cola Co.*,
774 F. Supp. 2d 699 (D.N.J 2011) ............................................................................................19

*Mason v. Nature's Innovation, Inc.*,
No. 12cv3019, 2013 WL 1969957 (S.D. Cal., May 13, 2013).................................................24

*McCauley v. City of Chicago*,
671 F.3d 611 (7th Cir. 2011) ..................................................................................................5, 7

*McNair v. Synapse Grp. Inc.*,
    672 F.3d 213 (3d Cir. 2012)....................................................................6

*Medisim Ltd. v. BestMed LLC*,
    910 F. Supp. 2d 591 (S.D.N.Y. 2012)....................................................16

*Meeks v. Xtreme Cycle Supply*,
    No. 2:05CV223-VPM, 2006 WL 780580 (M.D. Ala. Mar. 27, 2006) ...................21

*Mohammed v. Sidecar Techs. Inc.*,
    No. 16 C 2538, 2016 WL 6647946 (N.D. Ill. Nov. 10, 2016)....................6

*Nicosia v. Amazon.com, Inc.*,
    834 F.3d 220 (2d Cir. 2016)....................................................................6

*Overen v. Hasbro, Inc.*,
    Civ. No. 07-1430, 2007 WL 2695792 (D. Minn. Sept. 12, 2007)..........13

*Portofino Seaport Vill., LLC v. Welch*,
    4 So. 3d 1095 (Ala. 2008)...........................................................21, 22

*Prohias v. Astrazeneca Pharm., L.P.*,
    958 So. 2d 1054 (Fla. 3d DCA 2007) ....................................................17

*Pye v. Fifth Generation, Inc.*,
    No. 4:14CV493-RH/CAS, 2015 WL 5634600 (N.D. Fla. Sept. 23, 2015) ...........11

*Quinn v. Walgreen Co.*,
    958 F. Supp. 2d 533 (S.D.N.Y. 2013).....................................................8

*Reed v. Dynamic Pet Prods.*,
    No. 15cv0987-WQH-DHB, 2015 WL 4742202 (S.D. Cal. July 30, 2015)...........23, 24

*Reisdorf v. i3, LLC*,
    129 F. Supp. 3d 751 (D. Minn. 2015) ....................................................14

*In re Riddell*
    77 F. Supp. 3d 422 (D.N.J. 2015) ..........................................................19

*Rocha v. Rudd*,
    826 F.3d 905 (7th Cir. 2016) ..................................................... *passim*

*Rosenblum v. Travelbyus.com Ltd.*,
    299 F.3d 657 (7th Cir. 2002) ...................................................................2

*Royale Luau Resort, LLC v. Kennedy Funding, Inc.*,
    CIV. A. 07-1342 HAA, 2008 WL 482327 (D.N.J. Feb. 19, 2008)..........20

*Saratoga Spa & Bath, Inc. v. Beeche Sys. Corp.*,
230 A.D.2d 326, 656 N.Y.S.2d 787 (N.Y. App. Div. 1997) ...................................................11

*Scott v. Bell Atlantic Corp.*,
282 A.D.2d 180, 726 N.Y.S.2d 60 (1st Dep't 2001) ............................................................15

*In re Scotts EZ Seed Litig.*,
304 F.R.D. 397 (S.D.N.Y. 2015) .......................................................................................11

*Serrano v. Cablevision Sys. Corp.*,
863 F. Supp. 2d 157 (E.D.N.Y. 2012) ................................................................................15

*Shelton v. Restaurant.com Inc.*,
543 F. App'x 168 (3d Cir. 2013) ........................................................................................18

*Silha v. ACT, Inc.*,
807 F.3d 169 (7th Cir. 2015) ...............................................................................................4

*Singleton v. Fifth Generation, Inc.*,
No. 515CV474BKSTWD, 2016 WL 406295 (N.D.N.Y. Jan. 12, 2016) .................................9

*Smith v. Apple, Inc.*,
No. CIV.A.08-AR-1498-S, 2009 WL 3958096 (N.D. Ala. Nov. 4, 2009)..........................8, 9

*Smith v. Ford Motor Co.*,
749 F. Supp. 2d 980 (N.D. Cal. 2010) ................................................................................23

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Tel.
Litig.*,
758 F.Supp. 2d 1077 (S.D. Cal. 2010)................................................................................24

*Spagnola v. Chubb Corp.*,
574 F.3d 64 (2d Cir. 2009)................................................................................................16

*Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*,
171 F.3d 912 (3d Cir. 1999)..............................................................................................20

*Suarez v. Playtex Products, Inc.*
Nos. 08-C-2703, 08-C-3352, 2009 WL 2212315 (N.D. Ill. Jul. 24, 2009)..........................23

*Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*,
No. C-13-1803 EMC, 2014 WL 2916472 (N.D. Cal. June 26, 2014) ....................................9

*Thunander v. Uponor, Inc.*,
887 F. Supp. 2d 850 (D. Minn. 2012)...................................................................................8

*Tomasino v. Estee Lauder Companies Inc.*,
44 F. Supp. 3d 251, 260–61 (E.D.N.Y. 2014) .......................................................................9

*In re Toshiba Am. HD DVD Mktg. & Sales Practices Litig.*,
No. CIV 08-939 (DRD), 2009 WL 2940081 (D.N.J. Sept. 11, 2009) ...................................20

*Veal v. Citrus World, Inc.*,
No. 2:12-CV-801-IPJ, 2013 U.S. Dist. LEXIS 2620 (N.D. Ala. Jan. 8, 2013) .......................6

*Virgilio v. Ryland Group, Inc.*,
680 F.3d 1329 (11th Cir. 2012) ...............................................................17

*VRG Corp. v. GKN Realty Corp.*,
135 N.J. 539 (1994) ...........................................................................20

*Warma Witter Kreisler, Inc. v. Samsung Elecs. Am., Inc.*,
No. CIV. 08-5380 (JLL), 2009 WL 4730187 (D.N.J. Dec. 3, 2009)...........................20

*Weiner v. Snapple Beverage Corp.*,
No. 07 CIV. 8742 DLC, 2010 WL 3119452 (S.D.N.Y. Aug. 5, 2010) ..............................11

*Zutz v. Case Corp.*,
No. 2-1776, 2003 WL 22848943 (D. Minn. Nov. 21, 2003) ...................................14

**Statutes**

Ala. Code § 7-2-313 ...............................................................................8

Ala. Code § 7-2-314 ...............................................................................8

Ala. Code § 7-2-317 ..............................................................................10

Ala. Code § 7–2–607(3)(a) ........................................................................8

Ala. Code § 8-19-1 ...............................................................................20

Ala. Code § 8-19-5 ...............................................................................21

Ala.Code § 8-19-10 ...............................................................................21

Ala. Code § 8-19-14 ..............................................................................21

Ala. Code § 8-19-15 ..............................................................................22

Cal. Civ. Code § 1750 ............................................................................22

Cal. Civ. Code § 1780(a) .........................................................................22

Cal. Civ. Code § 1780(d) .........................................................................24

Cal. Civ. Code § 1782(a) .........................................................................23

Cal. Com. Code. §2313 ..................................................................................8

Cal. Com. Code § 2314 ..................................................................................8

Cal. Com. Code § 2317 ................................................................................10

Cal. Com. Code § 2607 ..................................................................................8

Cal. Bus. & Professions Code § 17200 .......................................................22

Cal. Bus. & Professions Code § 17204 .......................................................22

Fla. Stat. Ann § 501.201 .............................................................................16

Fla. Stat. Ann. § 501.211(1) ........................................................................17

Fla. Stat. Ann. § 501.211(2) ...................................................................17, 18

Fla. Stat. Ann. § 501.212(1) ........................................................................17

Fla. Stat. Ann. § 672.313 ..............................................................................8

Fla. Stat. Ann. § 672.314 ..............................................................................8

Fla. Stat. Ann. § 672.317 ............................................................................10

Fla. Stat. Ann § 672.607(3)(a) .......................................................................8

Minn. Stat. § 8.31, subds. 1, 3a ...................................................................13

Minn. Stat. § 325D.09 .................................................................................13

Minn. Stat. § 325D.44 .................................................................................14

Minn. Stat. § 325F.68. .................................................................................13

Minn. Stat. § 336.2-313 ................................................................................8

Minn. Stat. § 336.2–314 ................................................................................8

Minn. Stat. § 336.2-317 ..............................................................................10

Minn. Stat. § 336.2–607(3)(a) .......................................................................8

N.J.S.A. 12A:2-313 .......................................................................................8

N.J.S.A. 12A:2-314 .......................................................................................8

N.J.S.A. 12A:2-317 .....................................................................................10

N.J.S.A. 12A:2–607(3)(a) ................................................................................................8

N.Y. U.C.C. § 2-313 ........................................................................................................8

N.Y. U.C.C. § 2-314 ........................................................................................................8

N.Y. U.C.C. § 2-317 ......................................................................................................10

N.Y. U.C.C. § 2–607(3)(a) ..............................................................................................8

**Other Authorities**

Rule 9(b) ................................................................................................... *passim*

Rule 12(b)(1) ...........................................................................................................3, 4,

Rules 12(b)(6) ....................................................................................................3, 8, 20

## I.  **Introduction**

Plaintiffs' Consolidated Class Action Complaint ("Complaint") asserts claims against Wal-Mart Stores, Inc. ("Wal-Mart") and ICCO-Cheese Company, Inc. ("ICCO") for the advertising and labeling of certain grated Parmesan cheese products sold under the "Great Value" brand (the "Products").  Plaintiffs claim that because the Products, which are labeled "100% Grated Parmesan Cheese" or "100% Parmesan Grated Cheese" (the "100% Statement"), contain cellulose powder (an anti-caking agent) and potassium sorbate (an anti-mycotic used to maintain flavor), the 100% Statement is misleading.  Compl. ¶1.  Plaintiffs seek relief under the consumer fraud statutes of multiple states, and assert state law claims for breach of warranties and unjust enrichment.

Plaintiffs' claims must be dismissed, in their entirety, because the Complaint fails to allege sufficient facts to establish Article III standing or the substantive elements of their claims against Wal-Mart, and does not contain any non-conclusory allegation to support Plaintiffs' statutory consumer protection claims, or any warranty or unjust enrichment claim with regard to the Products. First, the Complaint alleges that ICCO was responsible for designing, developing, manufacturing, testing, packaging, and labeling the Products, and is devoid of any fact-based, non-conclusory allegations regarding Wal-Mart's conduct. Second, the Products' labels disclosed the presence of powdered cellulose as an anti-caking agent and potassium sorbate (to protect flavor), and each Plaintiff admits to having seen the Products' labels. Third, federal regulations permit the inclusion of cellulose as an anti-caking agent in products labeled "grated cheese," and plaintiffs do not allege that the Products did not contain 100% grated cheese consistent with those regulations. Fourth, Plaintiffs' claims are subject to dismissal under the safe harbor doctrine, or, alternatively, are preempted by federal law. Finally, there is no plausible allegation

that the Products were unfit for their intended use as grated Parmesan cheese, or that Plaintiffs did not use and enjoy them as intended.[1]

## II.   <u>Plaintiffs' Factual Allegations</u>

Wal-Mart, a Delaware corporation, sells grated Parmesan cheese labeled "100% Grated Parmesan Cheese" or "100% Parmesan Grated Cheese" under the brand name "Great Value." *See* Compl. ¶13. Wal-Mart is the registered owner of the "Great Value" trademark, *id.*, and its retail stores sell "Great Value" products with labels stating they are distributed by Wal-Mart. *Id.* ¶¶13, 16. The labels of the Products also disclose that the Products contain "POWDERED CELLULOSE (ADDED TO PREVENT CAKING)," as well as "POTASSIUM SORBATE (ADDED TO PROTECT FLAVOR)."[2]

ICCO, a New York corporation, manufactures, packages and labels the Great Value Parmesan Cheese Products sold by Wal-Mart. *Id.* ¶14, 16. The Complaint alleges that "[b]ecause of ICCO's actions in adding substances other than Parmesan to its '100%' Parmesan cheese products, the Great Value Products consist of 7.8% cellulose, in addition to other non-cheese ingredients." *Id.* ¶¶17, 20. As a result, the Complaint alleges that the 100% Statement on the packaging of the Products is false, misleading and deceptive to consumers. *Id.* ¶17.

The Complaint alleges in conclusory fashion that Wal-Mart is a "co-participant" with ICCO in alleged acts of consumer fraud, *id.* ¶16, and alleges generally that "Defendants" had

---

[1] Wal-Mart also incorporates and adopts the arguments advanced by co-Defendants Kraft Heinz, ICCO, Albertsons Companies, Inc., Albertsons LLC (collectively, "Albertsons") and SuperValu, Inc. in their separate briefs in support of their motions to dismiss Plaintiffs' claims.

[2] Attached as **Exhibit A** hereto is copy of a representative label of the Great Value 100% Grated Parmesan Cheese product. It is well settled that "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim," and such documents may be considered in their entirety by a district court in ruling on the motion to dismiss. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). "The court is not bound to accept the pleader's allegations as to the effect of the exhibit, but can independently examine the document and form its own conclusions as to the proper construction and meaning to be given the material." *Id.*

knowledge of the deceptive 100% Statement on the Products. *Id.* ¶¶38, 70, 79, 94, 115, 143. The Complaint's factual allegations do not allege, however, that Wal-Mart had knowledge of ICCO's alleged conduct. Nor does the Complaint allege facts to support any allegation that Wal-Mart was responsible for designing, developing, manufacturing, testing, packaging, or labeling Products with the 100% Statement. *See id.* ¶16 ("As the manufacturer of the Wal-Mart products, ICCO knowingly manufactured the Wal-Mart Products with the type and amount of substances other than cheese used in the Products," and ICCO "packaged and labeled the Products … knowing that the label was false"); ¶17 ("Because of ICCO's actions in adding substances other than Parmesan … the representations it made on the packaging … are false").

The Complaint claims that, at unspecified times, Plaintiffs Larry Rollinger, Jr., Alan Ducorsky, Becky Sikes, Rita Schmoll, Michael Wills, and Nancy Reeves each purchased a Great Value Product with the 100% Statement on the label. *Id.* ¶¶7-12. The Complaint further alleges that, at unspecified times, all of the Plaintiffs were "exposed to Defendants'" unidentified "advertisements," and saw "the Products' labels." *Id.* ¶22.[3] The Complaint alleges that each Plaintiff purchased a Product "believing it was 100% Parmesan cheese" and that each did not receive what was "promised." *Id.* ¶¶7-12. Plaintiffs purport to bring their actions on behalf of themselves and all other similarly-situated consumers to recover the "amounts" Plaintiffs and putative class members "overpaid," to "prevent Defendants from continuing to engage in" the alleged "conduct," and "correct the false perception Defendants have created." *Id.* ¶4.

## III.  **The Applicable Legal Standard**

Wal-Mart incorporates by reference the statement of the standard applicable to a motion to dismiss under Rules 12(b)(6) and 12(b)(1) as set forth in the briefs submitted by Kraft Heinz

---

[3] The Complaint does not identify any alleged "advertisement" other than the 100% Statement on the labels of the Products.

(at page 6), and Albertsons and Supervalu (at Section I of their combined brief).

## IV.   **Plaintiffs Lack Article III Standing to Assert Their Claims**

### A.   **Plaintiffs Lack Standing to Assert Fraud-Based Claims Against Wal-Mart**

Plaintiffs bear the burden of establishing Article III standing, which includes establishing an injury that is fairly traceable to the challenged actions of the defendant. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). Where, as here, the Rule 12(b)(1) motion is a facial attack on subject matter jurisdiction that addresses a deficiency in the pleadings, the court "appl[ies] the same analysis used to review whether a complaint adequately states a claim." *Silha*, 807 F.3d at 173. Because standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof," the facial plausibility requirement is incorporated in the Rule 12(b)(1) standing analysis. *Id.* at 174 (quoting *Lujan*, 504 U.S. at 561).

Applying the required two-step approach of identifying the Complaint's "well-pleaded factual allegations" and discarding its conclusory allegations, *Silha*, 807 F.3d at 174, the Complaint fails to allege the requisite injury "fairly traceable" to any specific fraudulent, deceptive, or misleading action by Wal-Mart.[4] Plaintiffs' Complaint alleges only that: (i) as manufacturer, ICCO manufactured the Great Value Products with substances other than cheese; (ii) ICCO "packaged and labeled" them with the allegedly false labels; and (iii) the labels are allegedly false, misleading, and deceptive "[b]ecause of ICCO's actions in adding substances other than Parmesan to … the Wal-Mart Products …." Compl. ¶¶16-17. By contrast, there are no

---

[4] In a case such as this, which involves multiple defendants, "the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Rocha v. Rudd*, 826 F.3d 905, 911 (7th Cir. 2016) (citation and internal quotation marks omitted). Accordingly, a plaintiff alleging fraud cannot simply "lump[] together multiple defendants," and complaints that do so are routinely rejected. *Id.* (citation and internal quotation marks omitted).

similar specific factual allegations with respect to Wal-Mart.[5] The Complaint contains a boilerplate allegation that Wal-Mart "was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling '100% Grated Parmesan Cheese' under the brand name 'Great Value.'" *Id.* ¶13. Even here, however, Plaintiffs' use of "and/or" in this conclusory, kitchen-sink recitation does not plausibly allege that Wal-Mart's involvement went beyond distributing and selling the Products.[6] Furthermore, Plaintiffs' effort to allege detailed facts regarding ICCO's purportedly wrongful conduct highlights their failure to do so with respect to Wal-Mart.

The facts alleged in the Complaint regarding Wal-Mart's conduct, even generously read, suggest that it was, at most, an unknowing distributor and seller of Products that ICCO manufactured pursuant to FDA regulations. *Id.* ¶¶16-17. Factual allegations such as these, which are entirely consistent with lawful conduct and permit no more than the mere possibility of entitlement to relief, do not satisfy the "plausibility" requirement. *See McCauley,* 671 F.3d at 616. Thus, Plaintiffs fail to allege facts that would establish standing to assert any fraud-based claims against Wal-Mart, and Counts II (Unjust Enrichment) and IV-XIV (Consumer Fraud) of the Complaint must therefore be dismissed.[7]

### B.    Plaintiffs Lack Standing to Assert Claims for Injunctive Relief

Wal-Mart incorporates by reference the arguments regarding Plaintiffs' lack of standing

---

[5] Plaintiffs' allegation that Wal-Mart is a "co-participant" in the alleged acts of consumer fraud (*id.* ¶ 16) is precisely the type of conclusory allegation that is discarded. Likewise, allegations that lump Wal-Mart together with ICCO as "Defendants" and then merely recite the knowledge element or other elements of various claims (*id.* ¶¶41-44, 57, 59, 67, 69-70, 76, 78-79, 85, 93-95, 102-105, 107-108, 114-116, 122-125, 132-134, 136, 138-139, 142-143) are not factual allegations that are presumed to be true. *See McCauley v. City of Chicago,* 671 F.3d 611, 617 (7th Cir. 2011) (quoting *Brooks v. Ross,* 578 F.3d 574, 582 (7th Cir. 2009)) (allegation that defendants "knowingly, intentionally[,] and maliciously prosecuted[d] [plaintiff]" was disregarded as "'nothing more' that a 'formulaic recitation of the cause of action'").

[6] Tellingly, the Plaintiffs' group recites essentially the same boilerplate claims in the complaint against Target. *See* D.E. 122 at ¶¶14-15.

[7] Like their consumer fraud claims, Plaintiffs' unjust enrichment claims are based upon the same vague allegations as to "Defendants' unlawful and wrongful acts." (Compl. ¶¶ 41-42.)

to assert claims for injunctive relief as set forth in the brief submitted by Kraft Heinz (at Section IV).[8]

## V. The Complaint Must Be Dismissed in Its Entirety Because It Fails to Allege Any Plausible, Non-Conclusory Claims Against Wal-Mart

Just as the Complaint fails to sufficiently allege facts sufficient to confer standing, as discussed above in Section IV, all of the claims asserted in the Complaint are subject to dismissal for failure to plead sufficient facts to state a claim against Wal-Mart that is plausible on its face. The Complaint in this case sets forth nothing but naked assertions regarding Wal-Mart's conduct, and those assertions are devoid of further factual enhancement with respect to Wal-Mart. Generalized allegations of liability that do not identify what each defendant did that is alleged to be unlawful are insufficient.[9] The Complaint in this case mechanically recites that "Defendants" breached warranties (Compl. ¶37, 49), were unjustly enriched (*id.* ¶41), or violated the consumer fraud statutes of various states (*id.* ¶¶38, 70, 79, 94, 115, 143), but these are simply "legal conclusions and conclusory allegations merely reciting the elements of the claim," and "are not

---

[8] In addition, *see Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (plaintiff did not establish a likelihood of future or continuing harm where he did not show likelihood of further purchases); *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 224–26 (3d Cir. 2012) (affirming dismissal of claims for injunctive relief because allegation that plaintiffs "may, one day, become Synapse customers once more" fails to "establish[] any reasonable likelihood of future injury" and therefore plaintiffs had "no basis for seeking injunctive relief against" the defendant); *Frankle v. Best Buy Stores, L.P.*, 609 F. Supp. 2d 841, 848 (D. Minn. 2009) (plaintiff did not have standing to seek injunctive relief because she was not likely to be impacted by future conduct); *Marty v. Anheuser-Busch Cos., LLC*, 43 F. Supp. 3d 1333, 1359 (S.D. Fla. 2014) (plaintiff lacked standing where complaint failed to allege "that the plaintiffs would purchase [the product] in the future"); *Veal v. Citrus World, Inc.*, No. 2:12-CV-801-IPJ, 2013 U.S. Dist. LEXIS 2620, at *22 (N.D. Ala. Jan. 8, 2013) (same); *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 981 (C.D. Cal. 2015) (same).

[9] *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) (dismissing generalized allegations that "the defendants looted the corporation" because "[a] complaint based on a theory of collective responsibility must be dismissed."). *See also Mohammed v. Sidecar Techs. Inc.*, No. 16 C 2538, 2016 WL 6647946, at *9 (N.D. Ill. Nov. 10, 2016) (group pleading, wherein plaintiff "simply lumps the 'defendants' together and refers to them collectively throughout the complaint," and "fails to provide the individual defendants with sufficient notice of precisely what wrongdoing they are alleged to have committed," is "improper" and "reason enough to dismiss the complaint") (citing *Knight*, 725 F.3d at 818).

entitled to [a] presumption of truth." *McCauley,* 671 F.3d at 616. The facts of the Complaint, as pleaded, do not permit the inference of anything more than "the mere possibility of misconduct" by Wal-Mart, *id.*, nor have Plaintiffs shown that they are entitled to any relief.[10] The Complaint also lacks plausible allegations that consumers were misled by the 100% Statement, in light of the fact that the Products' ingredients, including cellulose powder and potassium sorbate, are listed on the labels of the Products.[11] In fact, the only reason Plaintiffs know that the Products contain additional ingredients is because they are listed on the ingredients panel of the label. Furthermore, the Complaint lacks non-conclusory allegations that any Plaintiff suffered an injury due to their purchase of the Products, or that the Products were unsuitable for use or consumption as grated cheese.[12]

The claims of the Complaint that sound in fraud (Counts IV-XIV) also fail to meet the heightened pleading requirements under Rule 9(b), because they do not plead with particularity the "who, what, when, where, and how" of any alleged fraudulent act by Wal-Mart. *See Rocha*, 826 F.3d at 911. The Complaint recites generalized allegations against both "Defendants," but

---

[10] *See Chicago Faucet Shoppe, Inc. v. Nestle Waters N. Am. Inc.*, 24 F. Supp. 3d 750, 762–63 (N.D. Ill. 2014) (complaint alleging bottles of municipal tap water were deceptively marketed "falls short of setting forth a plausible claim" because it lacks plausible allegations linking purchase to the alleged misrepresentations); *Ibarrola v. Kind, LLC*, No. 13 C 50377, 2014 WL 3509790, at *4 (N.D. Ill. July 14, 2014) (dismissing claim regarding misrepresentation of sugar content where sugar content was listed on packaging and plaintiff failed to allege "she would have purchased a less expensive snack or no snack at all" but for the alleged misrepresentation).

[11] A court must look at product labels, advertising and packaging "as a whole," and should not isolate a single statement where other portions of the label would "dispel" any "ambiguity." *See Freeman v. Time, Inc.*, 68 F.3d 285, 290 (9th Cir. 1995) (reading whole advertisement would have "dispelled" any "ambiguity"); *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013) ("[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, **context is crucial** . . . the presence of a disclaimer or similar clarifying language may defeat a claim of deception") (emphasis added). Wal-Mart also respectfully directs the Court to Kraft Heinz's briefing on this point (at Section I).

[12] "[D]efendant's alleged deception must have affected plaintiff in a way that made her tangibly worse off." *Frye v. L'Oreal USA*, Inc., 583 F. Supp. 2d 954, 958 (N.D. Ill. 2008) (dismissing fraud claim based on presence of lead in lipstick where "plaintiff alleges that had the presence of lead been revealed, she would not have purchased the lipstick at issue," but plaintiff "does not allege that she would not have purchased lipstick, that she would have purchased cheaper lipstick, or that the lipstick in question had a diminished value because of the lead").

does not contain any non-conclusory factual allegations regarding Wal-Mart's "alleged participation in the fraud." *Id.* The Complaint in this case simply "lump[s] together multiple defendants," which is impermissible. *Id.* (citation and internal quotation marks omitted). Accordingly, the fraud claims of the Complaint should be dismissed for failure to adequately plead grounds for any relief against Wal-Mart.

## VI. Plaintiffs' Breach of Warranty Claims Should Be Dismissed

### A. Plaintiffs Fail to Adequately Allege Pre-Suit Notice

Plaintiffs allege that Defendants breached express and implied warranties (Counts I and III). The six states in which Plaintiffs reside and purchased the Products have each enacted statutes governing express[13] and implied[14] warranties that uniformly require that a buyer provide the seller with notice of an alleged breach of warranty in order to be eligible for any relief.[15] Courts in all six states have held that, to survive dismissal under Rule 12(b)(6), a buyer must plead that he or she provided the requisite notice to the seller.[16]

---

[13] *See* Minn. Stat. § 336.2-313; N.Y. U.C.C. Law § 2-313; Fla. Stat. Ann. § 672.313; N.J.S.A. 12A:2-313; Ala. Code. § 7-2-313; Cal. Com. Code. §2313.

[14] *See* Minn. Stat. § 336.2–314; N.Y. U.C.C. Law § 2-314; Fla. Stat. Ann. § 672.314; N.J.S.A. 12A:2-314; Ala. Code § 7-2-314; Cal. Com. Code § 2314.

[15] *See* Minn. Stat. § 336.2–607(3)(a)); N.Y. U.C.C. § 2–607(3)(a); Fla. Stat. § 672.607(3)(a); N.J.S.A. 12A:2–607(3)(a); Ala. Code § 7–2–607(3)(a); Cal. Com. Code § 2607.

[16] *See, e.g.*, *Drobnak v. Andersen Corp.*, 561 F.3d 778, 784 (8th Cir. 2009) (affirming dismissal of UCC-based claims due to plaintiffs' failure to provide adequate notice); *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011) ("To avoid dismissal of a . . . breach of warranty claim in California, a buyer must plead that notice of the alleged breach was provided to the seller within a reasonable time after discovery of the breach." (internal quotation marks and citation omitted)); *Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1474 (11th Cir. 1986) (notice "must be affirmatively pleaded in the complaint"); *Thunander v. Uponor, Inc.*, 887 F. Supp. 2d 850, 866 (D. Minn. 2012) (dismissing warranty claim because "[p]laintiffs fail to allege that any such notice was given"); *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013) ("Here, plaintiffs have failed to allege they provided Walgreens with timely notice of the alleged breach of warranty. Accordingly, plaintiffs' breach of warranty claims are dismissed.); *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413 RRM RLM, 2013 WL 4647512, at *27 (E.D.N.Y. Aug. 29, 2013) (same); *Armadillo Distribution Enterprises, Inc. v. Hai Yun Musical Instruments Manufacture Co.*, 142 F. Supp. 3d 1245, 1254 (M.D. Fla. 2015) (same); *Hammer v. Vital Pharm., Inc.*, No. CIV.A. 11-4124, 2012 WL 1018842, at *11 (D.N.J. Mar. 26, 2012) (same); *Luppino v. Mercedes-Benz USA, LLC*, No. CIV. 09-5582 DMC JAD, 2011 WL 2470625, at *3 (D.N.J. June 20, 2011) (same); *Smith v. Apple, Inc.*, No. CIV.A.08-AR-1498-S, 2009 WL 3958096, at *1 (N.D.

In support of their claim for breach of express warranty (Count I), Plaintiffs allege vaguely that "[a]ll conditions precedent have occurred or been performed." However, "[t]he allegation that '[a]ll conditions precedent to Defendants' liability under this contract have been performed by Plaintiff and the other members of the Class . . .' is insufficient." *Tomasino v. Estee Lauder Companies Inc.*, 44 F. Supp. 3d 251, 260–61 (E.D.N.Y. 2014). The Complaint fails to allege what conditions have been performed, contains no mention of the required pre-suit notice, and fails to include any specific factual support for the claim that each Plaintiff satisfied all (or any) of the conditions precedent. Therefore, the Complaint fails to state a claim for recovery on these warranty claims.

Furthermore, the general allegation that Defendants had knowledge of the alleged breach is insufficient to satisfy Plaintiffs' notice requirement.[17] Moreover, like Plaintiffs' breach of express warranty claim, their breach of implied warranty claim (Count III) lacks any specific allegations about notice. Indeed, the breach of implied warranty claim also lacks even a general allegation regarding Plaintiffs' satisfaction of any conditions precedent or Defendants' actual knowledge of the alleged breach. *See* Compl. ¶¶47-54. Thus, because the Complaint lacks any allegation that could arguably encompass the notice requirement for implied warranty claims, Count III should be dismissed.

---

Ala. Nov. 4, 2009) ("Affirmatively pleading notice is critical to the stating of a claim for breach of warranty under Alabama law.").

[17] *See Smith v. Apple*, 2009 WL 3958096, at *2 ("[A] general awareness on Apple's part of alleged defects in its iPhone does not extinguish the purposes of the notice requirement, nor does it substitute for that requirement under Alabama law"); *Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, No. C-13-1803 EMC, 2014 WL 2916472, at *11 (N.D. Cal. June 26, 2014) ("[C]ourts have interpreted the UCC's notice provision as requiring notice even where the seller has knowledge of the defect"). Plaintiffs cannot rely on allegations involving a general awareness of a potential breach of warranty claim to substitute for the notice requirement. *See Singleton v. Fifth Generation, Inc.*, No. 515CV474BKSTWD, 2016 WL 406295, at *12 (N.D.N.Y. Jan. 12, 2016) ("Here, the fact that Defendant may have been aware of similar claims involving [the product's] labels did not put Defendant on notice of Plaintiff's particular claims."); *see also In re Frito-Lay N. Am., Inc. All Nat. Litig.*, 2013 WL 4647512, at *28.

### B.   Plaintiffs Fail to State a Claim for Breach of Any Warranty

The Complaint omits the fact that the Products' labels include a list of ingredients that clearly indicates that the Products contain cellulose. Thus, the 100% Statement on the Products' labels is informed by, and must be read in the context of, the entire label. *See Chin v. Gen. Mills, Inc.*, No. CIV. 12-2150 MJD/TNL, 2013 WL 2420455, at *7 (D. Minn. June 3, 2013) (determining that the label's "100% Natural" claim "cannot be viewed in isolation and must be read in the context of the entire package, including the ingredient panel"). Each of the six states in which Plaintiffs reside and purchased the Products has adopted a commercial code governing the "[c]umulation and conflict of warranties express or implied," and these provisions state that "[w]arranties whether express or implied shall be construed as consistent with each other and as cumulative" and that "technical specifications displace an inconsistent sample or model or general language of description."[18] Thus, to the extent that Plaintiffs argue that the 100% Statement meant that there were no other ingredients in the container, the 100% Statement must be construed as consistent with the label's other statements. *See Chin*, 2013 WL 2420455, at *7 (dismissing express warranty claim because the defendant "cannot be in breach of an express warranty by including an ingredient that it expressly informed consumers was included").

Similarly, Plaintiffs fail to state a claim for breach of the implied warranty of merchantability (Count III) because they fail to adequately allege that the Products were not merchantable. "Merchantability does not mean that the goods are perfect or that they are exactly as the merchant described them to be, but only that they are reasonably fit for the purpose intended." *In re Ford Motor Co. E-350 Van Prod. Liab. Litig. (No. II),* No. CIV03-4558(HAA), 2008 WL 4126264, at *19 (D.N.J. Sept. 2, 2008) (internal quotation marks and citation

---

[18] *See* Minn. Stat. Ann. § 336.2-317; N.Y. U.C.C. § 2-317; Fla. Stat. Ann. § 672.317; N.J.S.A. 12A:2-317; Ala. Code. § 7-2-317; Cal. Com. Code § 2317.

omitted).[19] The Complaint lacks any allegation suggesting that the Products were not fit for their ordinary purpose or could not be consumed or used as grated Parmesan cheese.[20] Furthermore, any alleged warranty regarding the percentage of ingredients used in the Products would be an express, not implied, warranty.[21] Because the Products' labels expressly indicate that the Products contain cellulose, Plaintiffs' claim that the Products do not conform to the statements on the labels is simply not plausible.

Plaintiff Ducorsky's warranty claims should also be dismissed on the ground that New York warranty claims require proof of reliance.[22] Here, where the label disclosed the Products' ingredients, and Ducorsky admits that he saw the label, there can be no reliance. Moreover, because New York law provides that goods are merchantable if they are "fit for the ordinary purposes for which such goods are used," *Mahoney v. Endo Health Sols., Inc.*, No. 15CV9841(DLC), 2016 WL 3951185, at *4 (S.D.N.Y. July 20, 2016) (internal citations

---

[19] *See also Argabright v. Rheem Mfg. Co.*, No. CV 15-5243 (JBS/AMD), 2016 WL 4402819, at *10 (D.N.J. Aug. 16, 2016) ("[T]he product at issue must have been defective or not fit for the general purpose for which it was manufactured and sold."); *Browe v. Evenflo Co.*, No. CIV. 14-4690 ADM/JJK, 2015 WL 3915868, at *4 (D. Minn. June 25, 2015) ("the implied warranty of merchantability . . . warrants that the product is reasonably fit for the ordinary purpose for which it is manufactured and sold"), *appeal dismissed* (8th Cir. Sept. 16, 2015); *Saratoga Spa & Bath, Inc. v. Beeche Sys. Corp.*, 230 A.D.2d 326, 330, 656 N.Y.S.2d 787, 790 (N.Y. App. Div. 1997) ("For goods to be of merchantable quality they need to be reasonably fit for their intended purpose; they need not, however, be perfect"); *Barakezyan v. BMW of N. Am.*, LLC, No. CV-16-00173, 2016 WL 2840803, at *8 (C.D. Cal. Apr. 7, 2016) (product "need not be perfect in every detail so long as it provides for a minimum level of quality" to meet implied warranty standard) (internal quotation marks and citation omitted).

[20] *See, e.g., Bohac v. Gen. Mills, Inc.*, No. 12-CV-05280-WHO, 2014 WL 1266848, at *10 (N.D. Cal. Mar. 26, 2014) (dismissing implied warranty claims involving "100% Natural" granola bars because plaintiff failed to "allege any facts that the granola bars are not merchantable or fit for consumption; he has not, for example, alleged that the products were not edible or contaminated.")

[21] *See Pye v. Fifth Generation, Inc.*, No. 4:14CV493-RH/CAS, 2015 WL 5634600, at *5 (N.D. Fla. Sept. 23, 2015) (noting that "by selling Tito's vodka, the defendants warranted that the vodka was of merchantable quality and fit to drink as vodka" and that whether the vodka was "handmade or made in an old-fashioned pot still" was not an implied warranty issue).

[22] *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 410 (S.D.N.Y. 2015); *see also Weiner v. Snapple Beverage Corp.*, No. 07 CIV. 8742 DLC, 2010 WL 3119452, at *11 (S.D.N.Y. Aug. 5, 2010) (denying class certification for express warranty claims in light of "New York's 'basis of the bargain' conception of reliance for express warranty claims").

omitted), and there is no plausible allegation that the grated cheese was not fit for ordinary purposes, Ducorsky's warranty claim should be dismissed on this ground as well.

Plaintiff Wills' warranty claims should also be dismissed under Alabama law, which provides that "mere delivery by a seller to a buyer of the manufacturer's express warranty is not sufficient to make the manufacturer's express warranty become an express warranty by the seller." *Gordon v. Pfizer, Inc.*, No. CV-06-RRA-703-E, 2006 WL 2337002, at *8, n.2 (N.D. Ala. May 22, 2006); *see also Dairyland Ins. Co. v. General Motors Corp.*, 549 So.2d 44, 47 (Ala. 1989) (holding that breach of express warranty claim fails because retailer was not a party to the warranty and "[a]ll warranties issued with the 1986 van were made by the manufacturer"). In this case, the Complaint does not allege anything more than a "delivery" by Wal-Mart of the Product bearing the 100% Statement, and does not establish that there was any express warranty by Wal-Mart.[23]

## VII.  Plaintiffs' Labeling Claims Must Be Dismissed Pursuant to the Safe Harbor Doctrine or, in the Alternative, Are Preempted

Wal-Mart incorporates by reference the arguments that Plaintiffs' claims must be dismissed pursuant to the safe harbor doctrine or, in the alternative, are preempted in their entirety because the FDA explicitly permits the use of cellulose powder and potassium sorbate in grated Parmesan cheese products, as set forth in the Kraft Heinz brief (at Sections II and III), and the combined ICCO and Target brief (at Section III).

## VIII.  Plaintiff Rollinger's Claims Should be Dismissed for Additional Reasons

### A.  Rollinger Fails to State a Consumer Fraud Claim Under Minnesota Law

Rollinger fails to state claims under any of Minnesota's statutes upon which his claims

---

[23] In addition, Plaintiffs cannot maintain a breach of express or implied warranty claim on behalf of a nationwide class for the reasons set forth in the Kraft Heinz brief (Section VI).

rely.[24] First, for the reasons set forth in Section IV(A), *supra*, he fails to state claims under the MPCFA, MUTPA, FSSA, and Private AG Statute because he fails to sufficiently allege an injury fairly traceable to wrongful conduct by Wal-Mart and, thus, fails to plead that he was "injured by" Wal-Mart's violation of the MCPFA, MUTPA, or FSAA.[25] *Group Health Plan, Inc. v. Philip Morris Inc.*, 621 N.W.2d 2, 11-12 (Minn. 2001) (plaintiff must plead defendant engaged in conduct prohibited by the MCPFA, MUTPA, FSAA, and Private AG Statute and that he was damaged thereby). Second, these claims fail because they are not alleged with Rule 9(b) particularity. Nowhere does he allege "what" Wal-Mart's participation in the allegedly fraudulent conduct is or was, much less "when, where, and how" Wal-Mart participated, and his allegations simply lumping Wal-Mart together with ICCO are insufficient. *See Rocha*, 826 F.3d at 911.

Third, because he pursues his MPCFA, MUTPA, and FSSA claims as a private attorney general, Rollinger must "show that the action is brought to benefit the public." *Overen v. Hasbro, Inc.*, Civ. No. 07-1430 (RHK/JSM), 2007 WL 2695792, at *2 (D. Minn. Sept. 12, 2007) (*citing Ly v. Nystrom*, 615 N.W.2d 302, 313-14 (Minn. 2000)). His failure to do so necessitates dismissal of these underlying claims. *Id.* at *2-3 (dismissing false advertising and consumer fraud claims for failure to allege a public benefit because plaintiff sought only personal damages).

In determining whether a plaintiff has established the requisite public benefit, Minnesota courts "do not focus solely (or even substantially) on the size of the audience receiving an

---

[24] Compl., Count VI-IX; Minnesota's Consumer Protection Fraud Act, Minn. Stat. §§ 325F.68, *et seq.* ("MPCFA"), Unlawful Trade Practices Act, *id.* §§ 325D.09, *et seq.* ("MUTPA"), False Statement in Advertising Act, *id.* § 325F.67 ("FSAA"), and Deceptive Trade Practices Act, *id.* § 325D.44, *et seq.* ("MDTPA"). Rollinger's MCPFA, MUTPA, and FSAA claims seek relief under Minnesota's Private Attorney General Statute ("Private AG Statute"). Compl. ¶¶ 73, 82, 90.

[25] Only a "person injured by a violation of [MCFA, MUTPA, or FSAA] may bring a civil action …." Minn. Stat. § 8.31, subds. 1, 3a.

alleged misrepresentation, but rather hone in on 'the relief sought by' the plaintiff." *Buetow v. A.L.S. Enter., Inc.*, 888 F. Supp. 2d 956, 961 (D. Minn. 2012) (quoting *Overen*, 2007 WL 2695792, at *3 (quoting *Zutz v. Case Corp.*, No. 2-1776, 2003 WL 22848943, at *4 (D. Minn. Nov. 21, 2003)). "[A] public benefit typically will be found when the plaintiff seeks relief primarily aimed at altering the defendant's conduct" rather than individual damages, which "merely enrich (or reimburse) the plaintiff to the defendant's detriment" and do not advance a public interest. *Id.*; *see also Zutz,* 2003 WL 222848943, at *4. Here, Rollinger fails to satisfy his burden of alleging a public benefit because his MPCFA, MUTPA, and FSSA claims seek only monetary relief for past wrongs, *i.e.*, damages, costs and fees that merely enrich Plaintiff.

Lastly, Rollinger fails to state a MDTPA claim because injunctive relief is the sole remedy under that statute. Minn. Stat. § 325D.44; *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1070 (D. Minn. 2013) (quoting *Dennis Simmons, D.D.S., P.A. v. Modern Aero, Inc.*, 603 N.W.3d 336, 339 (Minn. Ct. App. 1999)) and, as set forth in Section IV(B), *supra*, he lacks standing to assert a claim for injunctive relief.

## B.  Rollinger Fails to State an Unjust Enrichment Claim[26]

Rollinger has also failed to state a claim for unjust enrichment. "Unjust enrichment ultimately requires [a plaintiff] to prove that [a defendant] received something of value, which they were not entitled to, under circumstances that would make it unjust to permit its retention." *Reisdorf v. i3, LLC*, 129 F. Supp. 3d 751, 778 (D. Minn. 2015) (internal citations omitted). "Under Minnesota law, unjust enrichment is an equitable remedy that plaintiffs may not pursue unless there is no adequate remedy at law." *Id.* Moreover, "unjust enrichment claims do not lie simply because one party benefits from the efforts or obligations of others, but instead it must be

---

[26] Not only should each of the individual claims for unjust enrichment be dismissed, but Plaintiffs cannot maintain an unjust enrichment claim on behalf of a nationwide class for the reasons set forth in the Kraft Heinz brief (Section V(A)).

shown that a party was unjustly enriched in the sense that the term 'unjustly' could mean illegally or unlawfully." *First Nat. Bank of St. Paul v. Ramier*, 311 N.W.2d 502, 504 (Minn. 1981). In this case, the Complaint is devoid of non-conclusory allegations that Wal-Mart was enriched "illegally or unlawfully" by Rollinger's purchase of the Products.

IX.     **Plaintiff Ducorsky's Claims Should Be Dismissed for Additional Reasons**

   A.     **Ducorsky Fails to State a Consumer Fraud Claim Under New York Law**

In order to state a viable claim under New York General Business Law § 349 ("GBL"), a plaintiff must plead, among other things, that "the conduct or statement was materially misleading." *Serrano v. Cablevision Sys. Corp.*, 863 F. Supp. 2d 157, 167 (E.D.N.Y. 2012) (citation omitted).  In this case, the Products' ingredients were fully disclosed on their packaging, and Plaintiff's failure to heed the disclosures is not sufficient to state a cause of action. *Id.* (dismissing claim where terms of service were fully disclosed to consumers); *see also Scott v. Bell Atlantic Corp.*, 282 A.D.2d 180, 184, 726 N.Y.S.2d 60, 63 (1st Dep't 2001) (claim dismissed where plaintiffs misconstrued or ignored disclosures). In this case, the Products' labels state that the Products contain cellulose, and this is fatal to Ducorsky's GBL claim. "[A] party does not violate GBL 349 by simply publishing truthful information and allowing consumers to make their own assumptions about the nature of the information." *Gomez-Jimenez v. New York Law School*, 956 N.Y.S. 2d 54, 59 (2012); *see also Fermin v. Pfizer Inc.*, No. 15 CV 2133 (SJ) (ST), 2016 WL 6208291, at *2 (E.D.N.Y. Oct. 18, 2016) (dismissing claim that size of pill package was misleading as to contents when label disclosed the total pill-count to consumers). As noted above, there is no factual dispute that truthful and complete information was provided on the Products' labels. Wal-Mart is not liable under the GBL just because Ducorsky failed to read the list of ingredients on the Products' labels. Furthermore, deceptive conduct is not

actionable under GBL § 349 or § 350 unless it resulted in an injury to the plaintiff.[27] In this case, the Complaint lacks plausible, non-conclusory allegations that Ducorsky was injured as the result of any conduct by Wal-Mart in connection with his purchase of the Product.

### B. Ducorsky Fails to State an Unjust Enrichment Claim Under New York Law

"The basic elements of an unjust enrichment claim in New York require proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Marathon Structured Fin. Fund, LP v. Paramount Pictures Corp.*, 622 F. App'x 85, 86 (2d Cir. 2015) (citing *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004)). An unjust enrichment claim "is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790, 967 N.E.2d 1177, 1185 (2012).[28] In this case, Ducorsky's unjust enrichment claim simply duplicates his meritless consumer fraud and warranty claims.

### X. Plaintiff Sikes' Claims Should Be Dismissed for Additional Reasons

### A. Sikes Fails to State a Consumer Fraud Claim Under Florida Law

For the reasons set forth in Section IV, *supra*, Sikes fails to state a FDUTPA[29] claim

---

[27] *See Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009) ("To state a claim under § 349, a plaintiff must allege: (1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) *the plaintiff was injured as a result.*") (emphasis added); *Medisim Ltd. v. BestMed LLC*, 910 F. Supp. 2d 591, 507 (S.D.N.Y. 2012) (claim for false advertising under § 350 requires showing, *inter alia*, "that the plaintiff was injured as a result of the deceptive practice, act or advertisement") (internal quotation marks omitted); *see also Frank v. DaimlerChrysler Corp.*, 741 N.Y.S.2d 9, 12–17 (2002) (affirming dismissal of §§ 349 and 350 claims arising from risk of injury or death in rear-end collisions posed by alleged design defect in car backrests where plaintiffs' backrests did not actually malfunction and thus did not harm plaintiffs or their passengers).

[28] *See also Mahoney v. Endo Health Sols., Inc.*, No. 15CV9841(DLC), 2016 WL 3951185, at *11 (S.D.N.Y. July 20, 2016) (granting motion to dismiss unjust enrichment claim where "the accusations surrounding the plaintiff's unjust enrichment claim overlap with her fraud, fraudulent concealment, express warranty, and § 349 claims").

[29] Compl., Count X, ¶¶ 97-109 (Florida's Deceptive Trade Practices Act, Fla. Stat. Ann. § 501.201, et seq. ("FDUTPA")).

because she fails to sufficiently allege an injury fairly traceable to wrongful conduct by Wal-Mart and, thus, fails to plead that she suffered a loss "as a result of" or has been "aggrieved by" Wal-Mart's violation of FDUTPA.[30] *Virgilio v. Ryland Group, Inc.,* 680 F.3d 1329, 1338 n. 25 (11th Cir. 2012) (quoting *Rollins, Inc. v. Butland,* 951 So.2d 860, 869 (Fla. 2d DCA 2006) (causation is an element of a FDUTPA damage claim); *Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach County, Inc.*, 169 So. 3d 164, 166-67 (Fla. Dist. Ct. App. 2015) (plaintiff must allege he was aggrieved by the defendant's conduct). Sikes' consumer fraud claim also fails because it is not alleged with Rule 9(b) particularity. Nowhere does she allege "what" Wal-Mart's participation in the allegedly fraudulent conduct was, much less "when, where, and how" Wal-Mart participated, and her allegations lumping Wal-Mart and ICCO together are insufficient. *Rocha*, 826 F.3d at 911.

In addition, FDUTPA does not apply to "[a]n act or practice required or specifically permitted by federal or state law." Fla. Stat. Ann. § 501.212(1). Therefore, for the reasons set forth in Section VII, *supra*, Sikes's FDUTPA claim necessarily must be dismissed. *Prohias v. Astrazeneca Pharm., L.P.*, 958 So. 2d 1054, 1056 (Fla. 3d DCA 2007). Similarly, Sikes cannot recover fees and costs "against a retailer who has, in good faith, engaged in the dissemination of claims of a manufacturer or wholesaler without actual knowledge that it violated [FDUTPA]." Fla. Stat. Ann. § 501.211(2). As set forth in Section V, *supra*, Sikes fails to plausibly allege that Wal-Mart knew the 100% Statement on the Products was false or misleading; therefore, she alleges, at most, unknowing conduct by Wal-Mart that necessarily falls within FDUTPA's safe

---

[30] FDUTPA only authorizes a private cause of action for actual damages, fees and costs to a person "who has suffered a loss as a result of a [FDUTPA] violation." Fla. Stat. Ann. § 501.211(2). Likewise, only a person "aggrieved by a violation of [FDUTPA] may bring an action to… enjoin …." *Id.* § 501.211(1).

harbor provision.[31]

### B.        Sikes Fails to State an Unjust Enrichment Claim Under Florida Law

A plaintiff must plead the following elements to state a claim for unjust enrichment: "1) the plaintiff has conferred a benefit on the defendant; 2) the defendant has knowledge of the benefit; 3) the defendant has accepted or retained the benefit conferred; and 4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." *Della Ratta v. Della Ratta*, 927 So. 2d 1055, 1059 (Fla. Dist. Ct. App. 2006) (internal citations omitted). Furthermore, "[i]t is well settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available where there is an adequate legal remedy. Thus, to properly state a claim for unjust enrichment, a party must allege that no adequate legal remedy exists." *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005).[32] Sikes' unjust enrichment claim fails to allege sufficient facts showing that Wal-Mart accepted any benefit under inequitable circumstances, and is merely duplicative of the legal remedy she seeks under FDUTPA.

### XI.    Plaintiff Schmoll's Claims Should Be Dismissed for Additional Reasons

### A.        Schmoll Fails to State a Consumer Fraud Claim Under New Jersey Law

In order to state a claim under the New Jersey Consumer Fraud Act, a plaintiff must plead the "three elements required for the prima facie proofs: 1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *Shelton v. Restaurant.com Inc.*, 543 F. App'x 168, 170 (3d Cir. 2013) (citing *Bosland v. Warnock Dodge, Inc.,* 197 N.J. 543, 964 A.2d 741, 749 (2009)). "'An

---

[31] Sikes also fails to state a FDUTPA claim for injunctive relief because, as set forth in Section IV(B), *supra*, she lacks standing to assert such a claim.

[32] *See also Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d 1331, 1342 (S.D. Fla. 2011) (dismissing unjust enrichment claim where plaintiff sought "recovery for the exact same wrongful conduct as in his other claims").

unlawful practice typically involves an affirmative act of fraud and can arise from an affirmative act, an omission, or a violation of an administrative regulation.'" *Hassler v. Sovereign Bank*, 644 F. Supp. 2d 509, 514 (D.N.J. 2009) *aff'd* , 374 Fed. Appx. 341 (3d Cir. 2010) (quoting *Adamson v. Ortho-McNeil Pharm., Inc*., 463 F. Supp. 2d 496, 501 (D.N.J. 2006)). In this case, Plaintiff Schmoll has failed to allege any unlawful conduct attributable to Wal-Mart, because the labels clearly disclosed the Products' ingredients, and federal regulations allow the inclusion of cellulose as an anti-caking agent in products labeled "grated cheese." *See* Section VII, *supra*.

Furthermore, the New Jersey Consumer Fraud Act requires that a plaintiff plead an "ascertainable loss." In this case, Schmoll does not allege any concrete or ascertainable loss arising from her purchase or consumption of the Product, which was in fact grated Parmesan cheese.[33] There is no "ascertainable loss" where a plaintiff receives the product that he or she paid for. *Mason v. Coca-Cola Co*., 774 F. Supp. 2d 699, 704 (D.N.J 2011) ("When plaintiffs purchased Diet Coke Plus, they received a beverage that contained the ingredients listed on its label.").[34] Schmoll has also failed to allege causation, because the Complaint is devoid of any non-conclusory allegation that any action by Wal-Mart was the cause of any "ascertainable loss," *see In re Riddell,* 77 F. Supp. 3d 422, 436 (D.N.J. 2015) (plaintiffs failed to plead causation with specificity where "allegations that they paid more for Defendants' Products than they would have for a competitor's helmet, and that they were harmed when the Helmets failed to perform as

---

[33] *See Hoffman v. Hampshire Labs, Inc*., 405 N.J. Super. 105, 115 (App. Div. 2009) (where plaintiff did "not allege[] that he used the product and it failed [or that] he was dissatisfied with the product, demanded his money back, and defendants … refused to provide a refund …, plaintiff's claimed monetary loss is purely hypothetical").

[34] *See also Koronthaly v. L'Oreal USA, Inc.*, 374 Fed. App'x 257, 258 (3d Cir. 2010) (affirming dismissal of CFA claim for failure to demonstrate concrete injury-in-fact where plaintiff failed to allege "that she received a product that failed to work for its intended purpose or was worth objectively less than what one could reasonably expect"); *Franulovic v. Coca- Cola Co.,* 2007 WL 3166953 (D.N.J. Oct. 25, 2007) (dismissing NJCFA claim and noting that Plaintiff did not allege when she purchased beverage product, or for what price, how much she purchased and consumed, her expectations regarding the product and whether the product lived up to those expectations).

promised … are conclusory and thus insufficient under Rule 9(b), as well as Rule 12(b)(6).”), [35] and her claim is deficient under Rule 9(b) as well.   *See Rocha*, 826 F.3d at 911.

### B.    Schmoll Fails to State an Unjust Enrichment Claim Under New Jersey Law

To state a claim for unjust enrichment "a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994) (internal citations omitted)). "Unjust enrichment is typically invoked … when plaintiff seeks to recover from defendant for a benefit conferred under an unconsummated or void contract." *Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 936 (3d Cir. 1999). To be clear, "New Jersey does *not* recognize unjust enrichment as an independent tort cause of action." *Warma Witter Kreisler, Inc. v. Samsung Elecs. Am., Inc.*, No. CIV. 08-5380 (JLL), 2009 WL 4730187, at *7 (D.N.J. Dec. 3, 2009) (emphasis in original) (citing *Castro v. NYT Television*, 370 N.J. Super. 282, 299 (App. Div. 2004)). [36] In this case, the Complaint does not allege facts to support a claim that Wal-Mart was unjustly enriched, and the unjust enrichment claim is merely duplicative of Schmoll's consumer fraud and warranty claims.

### XII.   Plaintiff Wills' Claims Should Be Dismissed for Additional Reasons

### A.    Wills Fails to State a Consumer Fraud Claim Under Alabama Law

The Alabama Deceptive Trade Practices Act ("ADTPA"), Ala. Code § 8-19-1, *et seq.*,

---

[35] *See also Hoffman v. Nordic Nats., Inc.*, No. 12-CV-05870 SDW MCA, 2014 WL 1515602, at *5 (D.N.J. Apr. 17, 2014) ("Here, Plaintiff does not allege that he purchased Ultimate Omega because of its representation of oleic acid and therefore he cannot establish causation."); *In re Toshiba Am. HD DVD Mktg. & Sales Practices Litig.*, No. CIV 08-939 (DRD), 2009 WL 2940081, at *13 (D.N.J. Sept. 11, 2009) (plaintiffs' NJCFA claim failed where they pleaded insufficient facts and only conclusory allegations in support of the causation and ascertainable loss elements of claim).

[36] *See also Blystra v. Fiber Tech Grp., Inc.*, 407 F. Supp. 2d 636, 645 (D.N.J. 2005) ("treat[ing] the Plaintiffs' unjust enrichment claim as subsumed by their other tort claims, and not as an independent cause of action"). "Where there is an express contract covering the identical subject matter of the claim, plaintiff cannot pursue a quasi-contractual claim for unjust enrichment." *Royale Luau Resort, LLC v. Kennedy Funding, Inc.*, CIV. A. 07-1342 HAA, 2008 WL 482327, *10 (D.N.J. Feb. 19, 2008)).

declares certain "deceptive acts or practices in the conduct of any trade or commerce" unlawful. Ala. Code. § 8-19-5. In relevant part, the ADTPA holds liable "'[a]ny person who commits one or more of the acts or practices declared unlawful under this chapter and thereby causes monetary damage to a consumer.'" *Meeks v. Xtreme Cycle Supply*, No. 2:05CV223-VPM, 2006 WL 780580, at *2 (M.D. Ala. Mar. 27, 2006) (quoting Ala.Code § 8-19-10). As discussed above, the Complaint fails to allege a non-conclusory, plausible claim that Wills suffered any monetary damage caused by an unlawful or deceptive act by Wal-Mart, and his ADTPA claim should be dismissed on that ground alone. *See Cooper v. Bristol-Myers Squibb Co.*, No. CIV.A.07-885(FLW), 2009 WL 5206130, at *9 (D.N.J. Dec. 30, 2009) (analyzing a false-advertising claim under the ADTPA and determining that "the Amended Complaint fails to allege with specificity the connection between Defendants' conduct and Plaintiff's resultant injury").

The ADTPA also contains a one-year statute of limitations, Ala. Code § 8-19-14, and a notice requirement, Ala. Code § 8-19-10. Indeed, to withstand a motion to dismiss, a plaintiff must plead that he or she satisfied the notice requirement. *See Deerman v. Fed. Home Loan Mortg. Corp.*, 955 F. Supp. 1393, 1400 (N.D. Ala. 1997), *aff'd sub nom. Deerman v. Fed. Home Loan Mortg.*, 140 F.3d 1043 (11th Cir. 1998) ("The Deermans' failure to reasonably describe the unfair or deceptive practice in a timely letter is fatal to their claim under the Alabama law."). In this case, the Complaint does not recite, let alone plausibly allege, that Wills has complied with that requirement. *See* Compl. at ¶¶119-129.

### B.   Wills Fails to State an Unjust Enrichment Claim Under Alabama Law

"To prevail on a claim of unjust enrichment under Alabama law, a plaintiff must show that: (1) the defendant knowingly accepted and retained a benefit, (2) provided by another, (3) who has a reasonable expectation of compensation." *Portofino Seaport Vill., LLC v. Welch*, 4 So.

3d 1095, 1098 (Ala. 2008) (quoting *American Family Care, Inc. v. Fox*, 642 So.2d 486, 488 (Ala. Civ. App. 1994)). Alabama law requires a showing of, among other things, "some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship" in order to sustain a claim of unjust enrichment. *Jordan v. Mitchell*, 705 So. 2d 453, 458 (Ala. Civ. App. 1997). As discussed above, the Complaint lacks specific, non-conclusory, plausible allegations as to any "unconscionable conduct" by Wal-Mart in connection with sales of the Products.

## XIII.  Plaintiff Reeves' Claims Should Be Dismissed For Additional Reasons

### A.  Reeves Fails to State a Consumer Fraud Claim Under California Law

Reeves lacks standing to bring her California consumer fraud claims[37] because she fails to sufficiently allege an injury fairly traceable to wrongful conduct by Wal-Mart for the reasons set forth in Section IV, *supra*, and thus fails to plead that she was injured "as a result" of any wrongful conduct by Wal-Mart under the UCL or damaged by its use or employment of an unlawful practice under the CLRA.[38] *Backhaut v. Apple, Inc.*, 74 F. Supp. 3d 1033, 1047-49 (N.D. Cal. 2014) (UCL and CLRA claims dismissed for lack of standing because plaintiffs failed to allege facts showing actual reliance on misrepresentations, omissions, or other wrongful conduct by the defendant).  Reeves also fails to state UCL and CLRA claims because they are not alleged with Rule 9(b) particularity. Nowhere does she allege "what" Wal-Mart's participation in the allegedly fraudulent conduct consisted of, much less "when, where, and how" Wal-Mart participated, and her allegations lumping Wal-Mart and ICCO together are

---

[37] Counts XIII and XIV (California's Unfair Competition Law, Cal. Bus. & Professions Code §§ 17200, *et seq.* ("UCL") and Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA").
[38] Only "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition" can file an action for relief under the UCL. Cal. Bus. & Professions Code § 17204.  A CLRA action may be brought by "[a]ny consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770." Cal. Civ. Code § 1780(a).

insufficient. *Rocha*, 826 F.3d at 911.[39]

Moreover, under California law, only four circumstances give rise to an obligation to disclose: (a) a fiduciary relationship; (b) defendant had exclusive knowledge of a material fact; (c) defendant actively concealed a material fact; and (d) defendant made partial representations but also suppressed some material fact. *Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980, 987 (N.D. Cal. 2010) (citing *Limandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997)). CLRA and UCL claims based upon an allegedly fraudulent omission and/or concealment of material information must be pleaded with particularity under Rule 9(b), *see Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009),[40] which Reeves has failed to do. Reeves alleges no facts with specificity that establish either a fiduciary relationship with Wal-Mart, or that Wal-Mart knew that its Products with the 100% Statement were not 100% grated Parmesan cheese. Accordingly, Reeves fails to state UCL and CLRA claims based upon an omission or concealment of a material fact because she does not allege that Wal-Mart had the requisite duty to disclose.

The CLRA also requires that a consumer give notice at least thirty days before commencing an action for damages. Cal. Civil Code § 1782(a). Under the CLRA, a claim for disgorgement or restitution is a claim for damages.[41] Failure to give the requisite notice

---

[39] In addition, her UCL and CLRA claims are subject to California's safe harbor doctrine, which precludes her from bringing claims based on "'actions the Legislature permits.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 542 (1999)). When, as here, the challenged conduct is affirmatively permitted by the FDA regulatory scheme, and the defendant is in compliance (*see* Section IV, *supra*), its conduct cannot form the basis of a UCL or CLRA claim. *See Ebner*, 838 F.3d at 963; *Cel-Tech Commc'ns*, 973 P.2d at 542.

[40] Rule 9(b)'s application is not limited to claims in which fraud is a necessary element; it applies to any claim "with a basis that nonetheless sounds in fraud." *Suarez v. Playtex Prod., Inc.*, No. 08 C 2703, 2009 WL 2212315, at *2 (N.D. Ill. July 24, 2009).

[41] *Reed v. Dynamic Pet Prods.*, No. 15cv0987-WQH-DHB, 2015 WL 4742202, at *7 (S.D. Cal. July 30, 2015); *accord Herron v. Best Buy Stores, L.P.*, No. 12-cv-02103-GEB-JFM, 2014 WL 5514176, at *3 (E.D. Cal. Oct. 31, 2014) (the difference between a claim for damages and a claim for restitution or disgorgement is illusory when plaintiff seeks a specific amount allegedly owed her, *i.e.* a sufficient amount of money to compensate her for her loss, or a sum of money to pay for some benefit the defendant

necessitates dismissal. *In re Fluidmaster*, 149 F.Supp. 3d at 948-49; *Adkins v. Nestle Purina PetCare Co.*, 973 F.Supp. 2d 905, 921-22 (N.D. Ill. 2013); *accord Reed v. Dynamic Pet Prods.*, No. 15cv0987-WQH-DHB, 2015 WL 4742202, at *7. Plaintiff does not and cannot allege that she complied with the CLRA's notice requirement;[42] accordingly, her CLRA claim must be dismissed.[43]

### B.    Reeves Fails to State an Unjust Enrichment Claim Under California Law

Reeves fails to state an unjust enrichment claim for the same reasons as her other claims fail, *i.e.*, a lack of sufficiently plausible and specific claims directed to Wal-Mart. *See Boris v. Wal-Mart Stores, Inc.*, 35 F. Supp. 3d 1163, 1175 (C.D. Cal. 2014), *aff'd*, 649 F. App'x 424 (9th Cir. 2016), and *aff'd*, 649 F. App'x 424 (9th Cir. 2016) (dismissing unjust enrichment claim "because Plaintiffs' claim seeks relief based on the [complaint's] deception-based claims, all of which have been dismissed. Because there remains no actionable conduct upon which to premise a claim or remedy for unjust enrichment/restitution, this aspect of the [complaint] is dismissed"). Thus, Reeves has failed to demonstrate any basis on which she would be entitled to restitution from Wal-Mart pursuant to a theory of unjust enrichment.

---

received from her); *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 174 (2000) ("'[d]amages,' as that term is used to describe monetary awards, may include a restitutionary element").

[42] Wal-Mart received a purported notice letter on November 7, 2016, **after** the Complaint was filed. Late notice is not sufficient under the CLRA, however, and requires dismissal of the claim. *See Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 950 (S.D. Cal. 2007) (dismissing CLRA claim with prejudice because "[p]ermitting Plaintiff to seek damages first and then later, in the midst of a lawsuit, give notice and amend would destroy the notice requirement's utility, and undermine the possibility of early settlement.").

[43] The CLRA also requires that, concurrent with the filing of her Complaint, Reeves was required to file an affidavit "stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action" and that her failure to do so necessitates the dismissal of her claim. Cal. Civ. Code § 1780(d). Federal courts have concluded that a plaintiff must comply with Section 1780(d) to state a claim. *Mason v. Nature's Innovation, Inc.*, No. 12cv3019, 2013 WL 1969957, at *5 n.2 (S.D. Cal., May 13, 2013); *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Tel. Litig.*, 758 F.Supp. 2d 1077, 1094 (S.D. Cal. 2010). According to the Docket entries here and in Reeves's California case, she did not file the required affidavit and, thus, her CLRA claim must be dismissed for this reason as well.

## XIV. <u>Conclusion</u>

For all of the foregoing reasons, Wal-Mart respectfully requests that the Court dismiss the claims asserted in the Complaint against Wal-Mart in their entirety, with prejudice.

Dated: January 6, 2017

Respectfully submitted,

<u>/s/ Francis A. Citera</u>
Francis A. Citera (ARDC # 6185263)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400 Telephone
(312) 456-8435 Facsimile
citeraf@gtlaw.com

- *and* -

David E. Sellinger
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
(973) 360-7900 Telephone
(973) 301-8410 Facsimile
sellingerd@gtlaw.com

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*