UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION | Civil Action No. 16 CV 5802<br><br>MDL 2705 |
| *This Document Relates to all Cases on The Publix Super Markets, Inc. Track* | Judge Gary S. Feinerman |

### MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 9(b), Defendant Publix Super Markets, Inc. ("Publix"), by and through its undersigned counsel, hereby moves this Court for an order dismissing Plaintiffs' Consolidated Class Action Complaint against Publix Super Markets, Inc. ("Complaint") with prejudice on the following grounds, which are more fully set forth in the accompanying Memorandum of Law:

1. Plaintiffs lack Article III standing to assert their claims. Plaintiffs have failed to satisfy the threshold standing requirements by failing to establish an injury in fact fairly traceable to a wrong committed by Publix because, among other things, Publix's labels were in full compliance with FDA regulations. In addition, Plaintiffs failed to establish a likelihood of future harm for standing to pursue injunctive relief, and Plaintiffs also lack standing to assert claims on behalf of nationwide classes because they only allege injuries related to purchases in Illinois and Alabama.

2. Plaintiffs' claims are preempted by the Federal Food, Drug, and Cosmetic Act ("FDCA") and the Nutrition Labeling and Education Act of 1990 ("NLEA") and by conflict preemption. FDA has established the standard of identity for Grated Parmesan Cheese, mandated the use of the product name "Grated Parmesan Cheese" on the front of the label, and directed the listing of non-cheese ingredients on the back of the label. Publix fully complied with these

mandatory regulations, accurately describing its product as "100% Grated Parmesan Cheese." FDA has also expressly approved multiple grated Parmesan (and other varietal) cheese labels describing the product as, in the case of Parmesan products, "100% Grated Parmesan Cheese," providing additional protections under the safe harbor doctrine. For these reasons, Plaintiffs' claims should be dismissed with prejudice.

3. Plaintiffs' Complaint should be dismissed with prejudice for the additional reasons that (1) no reasonable consumer would find "100% Real Grated Parmesan Cheese" or any other alleged claim attributed to Publix about its products to be misleading; (2) Plaintiffs' state consumer protection claim fails because Publix is in compliance with federal law; (3) Plaintiffs fail to plead averments of fraud with particularity as required by Federal Rule of Civil Procedure 9(b); (4) Plaintiffs fail to satisfy pre-suit notice and other requirements under state law; (5) Plaintiffs have adequate remedies at law and cannot maintain unjust enrichment claims; and (6) Plaintiffs fail to state a claim upon which relief can be granted.

In support of this Motion, Publix submits its accompanying Memorandum of Law and the Declaration of Steve O'Hara, along with Exhibits A through B submitted in support thereof.

WHEREFORE, Defendant Publix Super Markets, Inc. respectfully requests that the Court dismiss the Complaint in its entirety, with prejudice, and grant Publix any other relief as this Court deems just and proper.

Dated: January 10, 2017

Respectfully submitted,

/s/ Gary Hansen
Gary Hansen (admitted *pro hac vice*)
Heidi A.O. Fisher (admitted *pro hac vice*)
FOX ROTHSCHILD LLP
222 South Ninth Street - Suite 2000
Minneapolis, MN 55402-3338
Telephone: 612.607.7000
Facsimile: 612.607.7100
Email: ghansen@foxrothschild.com
 hfisher@foxrothschild.com

and

Joseph E. Collins
FOX ROTHSCHILD LLP
353 N. Clark St., Suite 3650
Chicago, Illinois 60654
Telephone: 312.517.9227
Facsimile: 312.517.9201
Email: jcollins@foxrothschild.com

*Counsel for Defendant Publix Super Markets, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was filed on January 10, 2017, with the Clerk of the Court by using the CM/ECF system which will send a notice of filing to all counsel of record.

/s/ Heidi A.O. Fisher
Heidi A.O. Fisher