# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: 100% GRATED PARMESAN CHEESE MARKETING AND SALES PRACTICES LITIGATION | Civil No. 1:16-cv-05802<br>MDL 2705<br><br>Judge Gary S. Feinerman |
| *This Document Relates to All Cases* | |

# PLAINTIFFS' OPPOSITION TO DEFENDANT KRAFT HEINZ COMPANY'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS

00117990

Plaintiffs Ann Bell, Alan Ducorsky, Alfonso Fata, Karen Ford, Dan Lang, Samantha Lewin, Yvette Nash, Carmen Pellitteri, Rosemary Quinn, Nancy Reeves, Erin Rudder, Larry Rollinger, Jr., Rita Schmoll, Becky Sikes, Adam Weiss, Michael Wills, and Rodney Zachary ("Plaintiffs") object to the Supplemental Request for Judicial Notice, ECF No. 189 ("SRJN") filed by Defendant Kraft Heinz Company ("Kraft") in support of its Reply in Support of Motion to Dismiss ("Reply").

Exhibit A to the SRJN is a letter dated July 9, 1998, from Paul J. Petruccelli, Senior Food & Drug Counsel for Kraft's predecessor, Kraft Foods, Inc., to Loretta Casey of the Food and Drug Administration ("FDA"). Plaintiffs object to this exhibit because it is not introduced to establish adjudicative facts under Rule 201 of the Federal Rules of Evidence, it is subject to dispute, it is irrelevant, and Kraft waived any argument relying on the letter.

I.  **DEFENDANT'S REQUEST SHOULD BE DENIED**

Defendant seeks to introduce a cover letter written by a lawyer for Kraft to the FDA, in support of the proposition that the FDA "carefully reviewed the packaging for even the most minute detail and pre-approved it for use," and that the FDA "looked beyond the curing issue." Reply at 10-11 and nn.2-3. Kraft claims that the letter it wrote somehow proves that the FDA requested the packaging because the letter states "[p]er your request," and that this alleged request by the FDA demonstrates conclusively that the FDA was tasked with, tested, and approved every claim on the grated cheese products' (the "Products") labels, including the 100% claim (the "100% Claim"). *Id*. at 10 and n.2.

The letter neither proves nor suggests any of this. It is merely a cover letter that says nothing about what the FDA requested, did, or was authorized to do. The exhibit does not even

1

include the enclosures referenced in the cover letter. If anything, such a flimsy showing suggests Plaintiffs are correct.

Moreover, for the reasons detailed below, Kraft's SRJN does not satisfy the criteria of Rule 201, and its arguments regarding the SRJN are waived since it failed to raise them in its motion or first request for judicial notice.

A. **Exhibit A Is Not Subject to Judicial Notice Under Rule 201**

Rule 201 "governs judicial notice of an adjudicative fact only, not a legislative fact." Fed. R. Evid. 201(a). Adjudicative facts are "simply the facts of the particular case," while legislative facts "are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." Fed. R. Evid. 201(a) advisory committee's notes. Under the Rule, the Court may only take judicial notice of such an adjudicative fact if it "is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Seventh Circuit has determined that sources of which it may properly take judicial notice are "historical documents, documents contained in the public record, and reports of administrative bodies." *Menominee Indian Tribe v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998) (citing *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986)). The determination of whether or not to take judicial notice "merits the traditional caution it is given, and courts should strictly adhere to the criteria established by the Federal Rules of Evidence before taking judicial notice of pertinent facts." *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (citing Fed. R. Evid. 201(b) advisory committee's note).

2

First, Kraft's propositions are not "adjudicative facts" within the meaning of Rule 201, because a cover letter written by Kraft is not a "universal truth" that can be substituted for the conventional method of introducing evidence. *GE Capital Corp.*, 128 F.3d at 1081 (citing *York v. AT&T*, 95 F.3d 948, 958 (10th Cir. 1996)). The propositions Kraft generated based on its letter are not generally known within this Court's jurisdiction, nor can they be reasonably determined from the exhibit to Defendant's SRJN, and their accuracy is highly suspect. *See* Fed. R. Evid. 201(b) and advisory committee's notes; *Thibodeaux v. Kemper*, No. 14-cv-01167, 2015 WL 5341743, at *5 (E.D. Wis. Sept. 14, 2015) ("Facts that are 'generally known within the trial court's territorial jurisdiction' are things like: the fact that Scott Walker is governor of Wisconsin; the fact that Wisconsin shares a border with Illinois; or the fact that Madison is the capitol [*sic*] city of Wisconsin. Facts that 'can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned' are things like: the fact that September 10, 2015 falls on a Thursday; the fact that the next 'Leap Day' on the calendar will fall on February 29, 2016; or the fact that President John F. Kennedy was assassinated on November 22, 1963."). It is an improper use of Rule 201 to take "a bare 'fact' that is reflected not in the pleadings, but on a corporate [letter], and then draw[] inferences *against* the non-moving party so as to dismiss its well-pleaded claims." *Victaulic Co. v. Tieman*, 499 F.3d 227, 237 (3d Cir. 2007) (emphasis in original). Additionally, these propositions demonstrate the hallmark of legislative facts in that they are relevant to the FDA's reasoning for the issuance of Kraft's permit to deviate from the standard curing process. *See* Fed. R. Evid. 201(a) advisory committee's notes.

Second, "[i]n order for a fact to be judicially noticed, indisputability is a prerequisite." *GE Capital Corp.*, 128 F.3d at 1081 (quoting *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995)). "Where a dispute exists as to the accuracy of the underlying

matters in the writings, such matters are 'subject to reasonable dispute.'" *Meeker v. Belridge Water Storage Dist.*, No. 05-cv-00603, 2005 WL 6246803 at *7 (E.D. Cal. May 3, 2005). Importantly, the California cases on which Kraft relies for its assertion that its letter to the FDA should be judicially noticed are inapposite because those requests were not disputed. For example, in *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 770 n.13 (N.D. Cal. 2011), the court granted the requests for judicial notice because "neither party has raised any objections to the requests for judicial notice, and the requests are not subject to reasonable dispute in that they are capable of accurate and ready determination." Likewise, in *Lyons v. First Am. Title Ins. Co.*, No. 09-cv-04156, 2009 WL 5195866, at *3-4, *11 (N.D. Cal. Dec. 22, 2009), the written communications among plaintiffs, defendant, and the insurance commissioner and the applicable refinance rates were undisputed, and as such, the court granted the parties' requests for judicial notice. And in *Meeker*, 2005 WL 6246803, at *7, judicial notice was granted because the authenticity of public records and a contract referenced in the complaint was not challenged.

Here, everything about the letter is the subject of disputes between the parties, including: the letter's authenticity; the contents of the labels merely referenced in the letter; whether the FDA requested the labels and if so, why; whether the FDA received the enclosure; if the FDA received the enclosure what, if anything, did it do with them and pursuant to what authority (including reviewed of the 100% Claims for falsity or deceptiveness); whether other documents or evidence contradict the representations made in the letter; and whether Kraft's statements are inadmissible hearsay. Thus, Kraft's propositions are "subject to reasonable dispute."

Finally, the purported cover letter is irrelevant. The letter does not mention or relate in any way to the 100% Claims. In fact, the letter refers to the label for Kraft's "Parm Plus" product, which is not one of the Products at issue in this case. SRJN, Ex. A. The temporary

4

00117990

permit that is the subject of the letter concerned a deviation from the standard curing time required for Parmesan cheese, and nothing else. *See* ECF Nos. 165-3 and 165-4. Even if we assume, as indicated by Kraft's letter, that Ms. Carey of the FDA brought to Kraft's attention her discovery that one label stated a different serving size than the others, that does not reasonably lead to a conclusion that the FDA considered the veracity of the 100% Claims.

Accordingly, taking judicial notice of Kraft's letter pursuant to Rule 201 would be inappropriate. Kraft's SRJN should be denied

### B. Defendant Waived Its Arguments Regarding this Request for Judicial Notice

"Arguments and evidence that could have been raised in the opening brief but are first raised in a reply brief are waived." *All. for Water Efficiency v. Fryer*, No. 14-cv-00115, 2017 WL 203337, at *11 n.9 (N.D. Ill. Jan. 18, 2017) (citing *Judge v. Quinn*, 612 F.3d 537, 542 (7th Cir. 2010)). *See also Autotech Techs. L.P. v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 437 (N.D. Ill. 2006) ("'A reply brief is for replying' not for raising essentially new matter that could have been advanced in the opening brief." (quoting *Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348, 360 (7th Cir. 1987))). Here, Kraft failed to raise the SRJN in its opening brief in support of its motion to dismiss. Instead, it belatedly advances the letter in an attempt to support its argument that the FDA confirmed the accuracy and legality of every aspect of its labels in 1999. Kraft does not explain why any reference to the letter—which it has had in its possession for nearly 20 years—was omitted from its opening brief regarding dismissal or its first request for judicial notice. *See generally* SRJN and ECF No. 165. Kraft has therefore waived any arguments related to its request and exhibit.

5

## II. CONCLUSION

Kraft's letter to the FDA regarding a permit allowing it to deviate from the curing process is not subject to judicial notice because it is not an adjudicative fact, it is subject to reasonable dispute, its accuracy is questionable, it is irrelevant, and in delaying its request until filing its reply brief, Kraft has waived its arguments. Kraft's request for judicial notice should be denied.

                                                      Respectfully submitted,

Dated: March 10, 2017                     BLOOD HURST & O'REARDON, LLP

                                              By:  *s/ Timothy G. Blood*
                                              Timothy G. Blood (149343CA)
                                              Camille S. Bass (297609CA)
                                              701 B Street, Suite 1700
                                              San Diego, CA  92101
                                              Tel: 619-338-1100
                                              tblood@bholaw.com
                                              cbass@bholaw.com

                                              Ben Barnow
                                              Erich P. Schork
                                              Jeffrey Blake
                                              Anthony Parkhill
                                              BARNOW AND ASSOCIATES, P.C.
                                              1 North LaSalle Street, Suite 4600
                                              Chicago, IL  60602
                                              Tel: 312-621-2000
                                              b.barnow@barnowlaw.com
                                              e.schork@barnowlaw.com
                                              j.blake@barnowlaw.com
                                              aparkhill@barnowlaw.com

                                              Lori G. Feldman
                                              Andrea Clisura
                                              LEVI & KORSINSKY LLP
                                              30 Broad Street, 24th Floor
                                              New York, NY 10004
                                              Tel: 212-363-7500
                                              lfeldman@zlk.com
                                              aclisura@zlk.com

                                              *Plaintiffs' Interim Co-Lead Counsel*

00117990

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 10, 2017, a copy of the foregoing document was electronically filed with the United States District Court, Southern District of Illinois, via the Court's CM/ECF filing system, which will send notification of such filing to counsel of record, on March 10, 2017.

*s/ Timothy G. Blood*
TIMOTHY G. BLOOD